UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No.: | CV 23-05492-WLH (ASx) | Date: | May 7, 2024 |
| Title: | August Image, LLC v. Line Financial, PBC et al. | | |

Present: The Honorable **ALKA SAGAR, U.S. MAGISTRATE JUDGE**

| Alma Felix | CS 04/30/24 |
|---|---|
| Deputy Clerk | Court Reporter/Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant(s): |
|---|---|
| Stephen M. Doniger<br>Benjamin Firestone Tookey | Morgan E. Pietz |

**Proceedings:** **MINUTE ORDER GRANTING IN PART MOTION TO COMPEL (DKT. NO. 36)**

On April 9, 2024, the parties submitted a joint stipulation regarding Plaintiff's motion to compel complete discovery responses, accompanied by the declarations of counsel with attached exhibits. ("Motion") (Dkt. Nos. 36, 36-1). On April 16, 2024, Plaintiff filed a supplemental memorandum in support of the motion. (Dkt. No. 39). On April 25, 2024, Plaintiff filed a notice of supplemental authority and supplemental memorandum regarding the motion. (Dkt. No. 40). [1]

A hearing was held by video teleconference on April 30, 2024, after which the matter was taken under submission. The Court has reviewed the parties' submissions and considered the arguments presented at the hearing. For the reasons stated below, the Court GRANTS in part Plaintiff's motion to compel.

### I.   Background

Plaintiff is a photographic syndication company and administers the copyrights of 20 photographs at issue in this action (the "Subject Photographs"). Compl. at 2. Plaintiff alleges that Defendant used the Subject Photographs on its blog page at https://useline.com without a license, authorization, or consent from Plaintiff. Id. at 2-3. Plaintiff brings a claim for copyright

---

[1] Plaintiff attached an order from case number CV23-5419-JFW (RAO) (Dkt. No. 42) granting a motion to compel similar discovery responses from Defendant in a case involving "nearly identical factual allegations." Dkt No. 40 at 1. As stated at the hearing, the Court finds Judge Oliver's order highly relevant to the pending discovery dispute and has liberally adopted its analysis and findings.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | CV 23-05492-WLH (ASx) | Date: | May 7, 2024 |
| Title: | August Image, LLC v. Line Financial, PBC et al. | | |

infringement against Defendant. Id. at 3. The discovery dispute at issue concerns Plaintiff's Request for Admission ("RFA") Nos. 6, 7, and 13, Interrogatory No. 2, and Request for Production ("RFP") Nos. 4, 5, and 8. Dkt. No. 36.

### II.   Legal Standard

Federal Rule of Civil Procedure 26(b) ("Rule 26(b)") provides that the scope of discovery is "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issue at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b). On motion or on its own, the Court must limit the frequency or extent of discovery if it determines that the proposed discovery is outside the scope permitted by Rule 26(b)(1). Fed. R. Civ. P. 26(b)(2)(C).

"The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1)." Louisiana Pac. Corp. v. Money Market 1 Inst. Inv. Dealer, 285 F.R.D. 481, 485 (N.D. Cal. 2012) (citing Soto v. City of Concord, 162 F.R.D. 603, 610 (N.D. Cal. 1995)). "[T]he party opposing discovery has the burden of showing that discovery should not be allowed, and also has the burden of clarifying, explaining, and supporting its objections with competent evidence." Id. The Court will not compel a further response when "inadequate guidance exists to determine the proper scope of a discovery request." Sanchez Ritchie v. Energy, Case No. 10cv1513-CAB(KSC), 2015 WL 12914435, at *2 (S.D. Cal. Mar. 30, 2015) (citing Moses v. Halstead, 236 F.R.D. 667, 672 (D. Kan. 2006)).

### III.   Discussion

#### A.   Requests for Admission

RFA No. 6 seeks an admission that "at or prior to the time YOU displayed the ACCUSED POSTS on useline.com, YOU were aware that the photographs may be entitled to copyright protection." Dkt. No. 36-1 at 10. Defendant objects to the definition of the terms "You" and "Accused Posts" and also contends that the RFA seeks admission of an ultimate fact. Id. at 18-19.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | CV 23-05492-WLH (ASx) | Date: | May 7, 2024 |
| Title: | August Image, LLC v. Line Financial, PBC et al. | | |

Defendant asserts that the definition of "You" is problematic because it is defined to mean both the defendant entity and a variety of individuals. Id. at 17. Defendant's objections are overruled. The term "You" is defined as "Line Financial, PBC and its agents, employees, attorneys, accountants, investigators, and/or anyone else working on its behalf, as well as its insurance companies, their agents, their representatives, and their employees." Id. at 9. The Court does not find, and Defendant does not provide any basis for the Court to find, that this definition is ambiguous or that the definition renders the request impermissibly overbroad.

Defendant asserts that the definition of "Accused Posts" is problematic because it is defined by reference to the term Subject Photographs, which amounts to "materially moving the goal posts from something concrete to something improperly vague." Id. at 19. But as Defendant points out, the Complaint identifies the Subject Photographs by "name, copyright registration number, and photograph," and Accused Posts means "the allegedly unauthorized copies of the Subject Photographs." Id., at n.8-9. The Court does not find these definitions to be improperly vague and Defendant's objection is overruled.

The parties disagree about whether the definition of "Accused Posts" should include "cache pages" located on Defendant's server. Plaintiff claims that these cache pages should be included within the definition because Defendant never objected to them previously being included, and because the cache pages still displayed a standalone, unauthorized display of the Subject Photographs. After hearing from the parties, the Court construes "Accused Posts" to mean the 24 blog posts, 2 Instagram posts, and cache pages containing the Subject Photographs. Defendant's remaining objections to the definition of "Accused Posts" are overruled.

Defendant's objection that the RFA seeks an admission of an ultimate fact is overruled. The Court agrees with Judge Oliver's analysis that RFAs seeking admission of ultimate facts are not improper. See, e.g., Burke v. Basil, No. 8:20-cv-00635-JVS (JDEx), 2020 WL 7872965, at *3 (C.D. Cal. Nov. 16, 2020) ("Rule 36 allows litigants to request admissions as to a broad range of matters, including ultimate facts, as well as applications of law to fact."); Peterson v. Alaska Commc'n Sys. Grp., Inc., No. 3:12-cv-00090-TMB, 2020 WL 13228683, at *14 (D. Alaska Mar. 12, 2020) ("[A]n RFA is not improper merely because it relates to an ultimate fact in a case.").

Plaintiff's motion to compel a response to RFA No. 6 is thus GRANTED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:   CV 23-05492-WLH (ASx)                                       Date:   May 7, 2024
Title:         August Image, LLC v. Line Financial, PBC et al.

RFA No. 7 seeks an admission that "the ACCUSED POSTSS generated page views for YOU." Dkt. No. 36-1 at 10. As stated above, Defendant's objections to the terms "Accused Posts" and "You" are overruled. The parties agreed to reword RFA No. 7 to "admit that the Accused Posts received page views for you." Id. at 11. Defendant agreed to provide a response.

Plaintiff's motion to compel a response to RFA No.7 is GRANTED.

RFA. No. 13 seeks an admission that "at the time YOU displayed the ACCUSESD POSTS on useline.com, YOU made no attempt to discover the origin of the SUBJECT PHOTOGRAPHS." Dkt. No. 36-1 at 11. Defendant's objections to this RFA based on the definitions of the terms "You" and "Accused Posts" are, as stated above, overruled.

Plaintiff's motion to compel a response to RFA No. 13 is GRANTED.

**B. Interrogatories**

Interrogatory No. 2 requests Defendant to identify how, when, and by what means Defendant accessed the Subject Photographs, including identifying the source(s) from which Defendant obtained copies of the Subject Photographs, whether any permission was sought or obtained, the persons who participated in and/or were responsible for obtaining copies of the Subject Photographs, and the date(s) on which the foregoing occurred. Dkt. No. 36-1 at 22. Defendant's objections to the terms "You" and "Subject Photographs" are overruled for the reasons stated above. Defendant's objections to the term "Accused Photographs" are overruled as the Interrogatory does not refer to "Accused Photographs."

Defendant's objection to the interrogatory as compound is overruled. The Court agrees with Judge Oliver who considered the subparts to be part of a single common theme and therefore not compound. See Trevino v. ACB American, Inc., 232 F.R.D. 612, 614 (N.D. Cal. 2006) ("[C]ourts generally agree that interrogatory subparts are to be counted as one interrogatory . . . if they are logically or factually subsumed within and necessarily related to the primary question."); In re Questcor Pharms., Inc. Sec. Litig., Case No. SACV 12-1623-DMG (JPRx), 2015 WL 12672130, at *1 (C.D. Cal. Jan. 21, 2015) (finding that interrogatories that ask about a single common theme are not compound). Moreover, the Court finds the requested information to be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | CV 23-05492-WLH (ASx) | Date: | May 7, 2024 |
| Title: | August Image, LLC v. Line Financial, PBC et al. | | |

relevant and proportional to the needs of the case and would grant Plaintiff additional interrogatories if necessary.

Subject to its asserted objections, Defendant responded to this interrogatory by identifying, for each photograph, where it was downloaded from, the name of the person who downloaded and posted the photograph, the date on which it was uploaded and when it was taken down. See Dkt. No. 36-1 at 23-26. Plaintiff claims that Defendant failed to state when the Subject Photographs were first accessed, whether any permission was sought or obtained prior to such access, and the contact information for the persons who participated in and/or were responsible for both accessing the photographs and uploading them. Id. at 26-27. Defendant contends that the date on which the photos were first downloaded is not material given that it was likely very close in time to when the photos were uploaded on the posts. The Court is not persuaded and agrees with Plaintiff that the temporal scope and nature and circumstances of the initial access to the Subject Photographs is relevant. Defendant is ordered to provide the date on which the downloads occurred and identify the persons who downloaded the photographs, provide contact information for of the persons who participated in and/or were responsible for the downloads and uploads and whether permission was sought or obtained.

Plaintiff's motion to compel a response to Interrogatory No. 2 is GRANTED.

**C. Requests for Production**

RFP No. 4 seeks all communications regarding the Subject Photographs and/or the Accused Posts. Dkt. No. 36-1 at 32. Defendant's objections to the terms "Subject Photographs" and "Accused Posts" are overruled for the reasons stated above. After hearing from the parties, the Court limits the request to communications by, and between, the individuals who participated in downloading the Subject Photographs and the individuals who participated in uploading the Accused Posts (i.e., the persons identified in response to Interrogatory No. 2).

RFP No. 5 seeks all documents which constitute, show, and/or reflect all useline.com webpages (and any/all social media pages associated therewith) that displayed the Accused Posts. Dkt. No. 36-1 at 32. Defendant's objections to the term "Accused Posts" are overruled for the reasons stated above. At the hearing, Defendant agreed to produce the useline.com webpages on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | CV 23-05492-WLH (ASx) | Date: | May 7, 2024 |
| Title: | August Image, LLC v. Line Financial, PBC et al. | | |

which it displayed the subject photographs and confirm whether this display is the full scope of its use of the subject photographs on the useline.com web pages.

RFP No. 8 seeks all documents and communications which constitute, show, reflect, and/or relate to the development, creation, display, and/or modification of the useline.com pages, blogs, and/or web stories displaying the Accused Posts. Dkt. No. 36-1 at 33. Defendant's objections to the term "Accused Posts" are overruled for the reasons stated above. After hearing from the parties, the Court limits this request to the persons identified in response to Interrogatory No. 2. Accordingly, Defendant's objections to RFP No. 8 as overbroad and not proportional are overruled. To the extent Defendant claims that responsive documents are subject to attorney-client privilege, the work product doctrine, or other privilege, Defendant is ordered to produce a privilege log listing the documents that are being withheld, the parties to the communication, and a description of the documents with sufficient specificity to permit Plaintiff to challenge the assertion. To the extent Defendant contends that responsive documents are confidential and/or proprietary, the parties are directed to meet and confer regarding a stipulated protective order to address these issues.

Plaintiff's motion to compel a response to RFP Nos. 4, 5, and 8 is GRANTED IN PART.

### IV. Conclusion

Plaintiff's Motion to Compel is granted in substantial part. Defendant shall provide supplemental responses and production consistent with this order within 30 days of the date of this Order.

The parties must use the Court's informal discovery dispute resolution procedure to bring any issue regarding compliance with this Order to the Court's attention. See Judge Sagar's Procedures.

**IT IS SO ORDERED.**

cc: Wesley l. Hsu
United States District Judge

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  CV 23-05492-WLH (ASx)                         Date:  May 7, 2024
Title:  August Image, LLC v. Line Financial, PBC et al.

                                                                                   : 51
Initials of Preparer    AF