Morgan E. Pietz (SBN 260629)
  morgan@pstrials.com
PIETZ & SHAHRIARI, LLP
6700 S. Centinela Avenue, 2nd Floor
Culver City, CA 90230
Telephone:   (310) 424-5557
Facsimile:   (310) 597-4626

Attorneys for Defendant
*LINE FINANCIAL PBC*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUGUST IMAGE, LLC, a New York Limited Liability Company,<br><br>　　　Plaintiff,<br><br>v.<br><br>LINE FINANCIAL PBC, a Delaware Corporation; and DOES 1-10,<br><br>　　　Defendant(s). | Case No. 2:23-cv-05492-WLH-AS<br><br>Assigned for All Purposes to the Honorable Wesley S. Hsu<br><br>**DEFENDANT LINE FINANCIAL PBC'S ANSWER TO PLAINTIFF AUGUST IMAGE, LLC'S FIRST AMENDED COMPLAINT**<br><br>**AFFIRMATIVE DEFENSES;**<br><br>**AND DEMAND FOR JURY TRIAL**<br><br>Action Filed: July 11, 2023 |

Defendant Line Financial PBC, doing business as Line Financial Health Network, ("Line Financial" or "Defendant"), hereby answers the First Amended Complaint ("FAC," ECF No. 45) of Plaintiff August Image, LLC ("Plaintiff"), raises certain affirmative defenses, and demands trial by jury as follows:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101, *et seq*.

**Answer:** Admitted.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

**Answer:** Admitted.

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

**Answer:** For the purposes of this action only, Defendant does not contest venue. Except as expressly admitted, Defendant denies the allegations of Paragraph.

## PARTIES

4. August is a New York limited liability company with its principal place of business located at 793 Broadway, 2nd Floor, New York, NY 10003. August, a full-service rights managed collection, represents an elite group of portrait, lifestyle, beauty, and fashion photographers for editorial and commercial licensing. As the exclusive administrator and syndicator of the photographs at issue in this case and the copyrights therein, August is entitled to institute and maintain this action under 17 U.S.C. § 501(b).

**Answer:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4, such that these allegations are deemed denied.

5. Defendant Line Financial, PBC is a Delaware corporation with its principal place of business located at 353 Sacramento Street, San Francisco, CA 94111, and is the owner, operator, and/or controller of the commercial website useline.com (now trybeem.com) and its related/affiliated subdomains, mobile websites, social media pages, and applications (collectively, "Line Financial's Websites").

**Answer:** Defendant admits that it is a Delaware corporation authorized to do business and doing business in the State of California. Defendant further admits that it was the owner and operator of the https://useline.com/ URL. Except as expressly admitted, Defendant denies the allegations of Paragraph 5.

6. Upon information and belief, Defendants Does 1 through 10 (collectively, "Doe Defendants") (altogether with Line Financial, "Defendants"), are other parties not yet identified who have infringed the asserted copyrights, have contributed to the infringement of those copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual, or otherwise, of Doe Defendants are presently unknown to August, which therefore sues said Doe Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when the same have been ascertained.

**Answer:** Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation, such that this allegation is deemed denied.

7. Upon information and belief, each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the other Defendants, and was at all times acting within the scope of such agency, affiliation, alter-ego relationship, and/or employment; and actively participated in, subsequently ratified, and/or adopted each of the acts or conduct alleged, with full knowledge of each violation of August's rights and the damages to August's proximately caused thereby.

**Answer:** Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation, such that this allegation is deemed denied.

## LINE FINANCIAL'S UNAUTHORIZED USES OF THE SUBJECT PHOTOGRAPHS

8.   August is the exclusive administrator and syndicator of 19 original photographs registered with the U.S. Copyright Office and the copyrights therein (collectively, the "Subject Photographs"), and represents the photographers who took the Subject Photographs. Accordingly, August has standing to maintain this action under 17 U.S.C. § 501(b).

**Answer:** Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation, such that this allegation is deemed denied.

9.   Following the publication and display of the Subject Photographs, Defendants, and each of them, copied, stored, displayed, reproduced, distributed, created derivative works of, and/or otherwise exploited the Subject Photographs on Line Financial's Websites without a license, authorization, or consent from August (collectively, the "Accused Posts").

**Answer:** Defendant admits that it did not have the plaintiff's express authorization or consent to use the photographs, but otherwise denied.

10.  The Subject Photographs and screen captures of the Accused Posts are set forth in **Exhibit 1**.

**Answer:** Defendant admits that plaintiff attached a document to its complaint as its Exhibit 1, but defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, such that these allegations are deemed denied.

11.  To the extent Line Financial exploited the Accused Posts (and/or any/all other copies of the Subject Photographs) more than three years before the filing of this case, August did not know, and had no reason to know, of such exploitation(s).

**Answer:** Defendant denies the allegations of Paragraph 11.

12. In April 2023, August sent correspondence to Line Financial demanding that it remove the Accused Posts from its Websites and provide August with information regarding the full scope of Line Financial's uses of the Subject Photographs in an effort to explore an amicable resolution to this dispute. Because Line Financial did not respond, August now seeks relief from this Court.

**Answer:** Defendant denies the allegations of Paragraph 12.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against All Defendants)

13. August incorporates by reference, the allegations contained in the preceding paragraphs.

**Answer:** Defendant repeats, realleges, and incorporates herein by references it responses to each of the preceding allegations as if fully set forth herein.

14. Upon information and belief, Defendants, and each of them, accessed the Subject Photographs by, among other things, viewing the Subject Photographs at August's and/or the relevant photographers' website(s), profiles, exhibitions, and/or social media pages; through third-party publications, websites, or Internet search engines; and/or because the Accused Posts are verbatim reproductions of, and thus strikingly similar to, the Subject Photographs.

**Answer:** Defendant denies the allegations of Paragraph 14.

15. Upon information and belief, Defendants, and each of them, copied, stored, displayed, reproduced, distributed, created derivative works of, and/or otherwise exploited the Subject Photographs on Line Financial's Websites without a license, authorization, or consent from August, including as shown in **Exhibit 1**.

**Answer:** Defendant denies the allegations of Paragraph 15.

16. Due to Defendants' acts of copyright infringement, August has suffered damages in an amount to be established at trial.

**Answer:** Defendant denies the allegations of Paragraph 16.

17. Due to Defendants' acts of copyright infringement, Defendants, and each of them, have obtained profits they would not have realized but for their infringement of the copyrights in the Subject Photographs. As such, August is entitled to disgorgement of Defendants' profits attributable to Defendants' infringement of the copyrights in the Subject Photographs in an amount to be established at trial.

**Answer:** Defendant denies the allegations of Paragraph 17.

18. Upon information and belief, Defendants, and each of them, infringed the copyrights in the Subject Photographs willfully, with reckless disregard, or with willful blindness.

**Answer:** Defendant denies the allegations of Paragraph 18.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to the relief sought in paragraphs (a) to (e) listed in the Prayer for Relief at Pages 4-5 of the Complaint, or to any relief whatsoever.

## *AFFIRMATIVE DEFENSES*

For its affirmative defenses, and without altering any applicable burdens, Defendant alleges that Plaintiff's claims are barred, in whole, or in part, as follows:

## FIRST DEFENSE:
### Fair Use

1. Defendant's alleged use of the photographs was lawful under the doctrine of fair use.

## SECOND DEFENSE:
### Equitable Estoppel for Inducement or Inaction

2. On information and belief, Plaintiff knew, should have known, or was willfully blind to the facts relating to the distribution of its photographs whereby the

plaintiff induced their free distribution or failed to take reasonable action to stop such distribution.

3. Defendant was ignorant of the true facts of Plaintiff's inducement, inaction, and other conduct.

4. Defendant relied upon Plaintiff's inducement, inaction, and other conduct to its injury.

## THIRD DEFENSE:
### Unclean Hands

5. The allegations of the second affirmative defense are incorporated here by reference.

6. To the extent that Plaintiff or its agents actively induced the dissemination of Plaintiff's design, so as to then sue for infringement, that also amounts to unclean hands by Plaintiff.

7. On information and belief, Plaintiff's inducement of infringement of the Copyright-in-Suit was a transgression of serious proportions that relates directly to the subject matter of this infringement action.

## FOURTH DEFENSE:
### Implied License

8. The allegations of the second affirmative defense are incorporated here by reference.

9. To the extent that Plaintiff or its agents actively induced the dissemination of Plaintiff's design, or failed to take reasonable action to stop such dissemination, Plaintiff's conduct and representations give rise to an implied license granted by Plaintiff.

## FIFTH DEFENSE:

## Incorrect Information Included in Copyright Registration Application

[17 U.S.C. § 411(b)]

10. On information and belief, Plaintiff included inaccurate information on Plaintiff's application for copyright registration with knowledge that it was inaccurate.

11. On information and belief, the inaccuracy of the information, if known, would have caused the Register of Copyrights to refuse registration.

## SIXTH DEFENSE:

## Fraud on the Copyright Office

12. On information and belief, Plaintiff knowingly included information in its registration application that was false and that was intended to defraud the Copyright Office into issuing the registration at issue.

13. On information and belief, if the Copyright Office had known the true facts, it would have refused registration for the registration at issue.

## SEVENTH DEFENSE:

## Statutory Damages Under the Copyright Act Are Unconstitutional

14. Under the Copyright Act, Congress did not intend to burden juries with deciding on the amount of statutory damages; rather, Congress intended that judges set such awards. 17 U.S.C. § 504(c)(1) (statutory damages may be awarded in an amount "the court considers just"); id. at (c)(2) (where "the court finds" that infringement was committed willfully "the court in its discretion may increase the award"). Feltner v. Columbia Pictures Television, Inc., 523 U.S. 340, 346-47 (1998) ("The word 'court' in this context appears to mean judge, not jury. … We thus discern no statutory right to a jury trial when a copyright owner elects to recover statutory damages").

15. The Seventh Amendment to the U.S. Constitution guarantees a right to jury trial on "suits at law." In Feltner, a case where a defendant had demanded that a

jury determine statutory damages, the Supreme Court looked to 18th Century history and determined that a suit for copyright infringement is historically akin to a suit "at law." Id. at 349-55. Thus, the Supreme Court held, "the Seventh Amendment provides a right to a jury trial on all issues pertinent to an award of statutory damages under § 504(c) of the Copyright Act, including the amount itself." Id. at 355.

16. It is therefore clear that Section 504 of the Copyright Act, wherein Congress gave judges, rather than juries, the authority to award statutory damages violates the Seventh Amendment of the U.S. Constitution. See 5-14 Nimmer on Copyright § 14.04[C][2] (Dec. 2015 ed.) ("Eight justices of the United States Supreme Court have now determined that Congress did not allow for juries to be appointed under Section 504(a), which is therefore unconstitutional ….") (citing Feltner, 523 U.S. at 347).

17. Accordingly, since Section 504 of the Copyright Act is facially unconstitutional, it should be deemed invalid such that it cannot serve as the basis for a statutory damages award. See 5-14 Nimmer on Copyright § 14.04[C][2] (Dec. 2015 ed.) (criticizing Feltner as "unsettling" and calling into question the Supreme Court's ostensible justification for obliquely allowing statutory damages to continue to be awarded even though the only statute allowing them says they should be provided by judges, not juries, and is thus unconstitutional. "This field appears to have sunk into disarray. … Until such time as a different viewpoint of the Seventh Amendment prevails, and Congress is allowed to commit the award of statutory damages to district judges in the exercise of their discretion, the impasse between robe and venire may simply persist."); cf. Cooper Indus., Inc. v. Leatherman Tool Group, Inc., 532 US 424, 432 (2001) ("Unlike the measure of actual damages suffered, which presents a question of historical or predictive fact, []the level of punitive damages is not really a 'fact' 'tried' by the jury.'").

**LINE FINANCIAL PBC'S ANSWER TO FAC**

18. Further, in a case where actual damages are minimal or nonexistent such as this one, it is possible that even the minimum amount of statutory damages prescribed under the Copyright Act of $750 per work of authorship, or such other higher figure as might be returned by a verdict, would amount to an unconstitutional deprivation of a defendant's due process, as applied.

## EIGHTH DEFENSE:
## Knowledge, Consent, and Acquiescence

19. On information and belief, Plaintiff's claims are barred in whole or in part by Plaintiff's knowledge, consent, and acquiescence, with respect to the alleged infringement, which Plaintiff was aware of and in fact took steps to help facilitate.

## NINTH DEFENSE:
## Failure to Mitigate

20. On information and belief, Plaintiff's claims are barred in whole or in part because Plaintiff was aware that the allegedly original copyrighted design it purports to own was being allegedly infringed online, and purposefully avoided taking steps that might mitigate the spread of infringement.

## TENTH DEFENSE:
## Misuse of Copyright

21. On information and belief, Plaintiff's claims are barred in whole or in part because Plaintiff's tactics of permitting or inducing—and then aggressively policing—infringements constitute copyright misuse. The defense of misuse "need not even be grounded in anti-competitive behavior, and extends to any situation implicating 'the public policy embodied in the grant of a copyright.'" Disney Enters., Inc. v. Redbox Automated Retail, LLC, No. 17-cv-08655-DDP(AGRx), slip op. at 16-17 (C.D. Cal. Feb. 20, 2018) (order denying motion for preliminary injunction) (quoting Omega S.A. v. Costco Wholesale Corp., 776 F.3d 692, 699-700 (9th Cir. 2015) (Wardlaw, J. concurring)).

**LINE FINANCIAL PBC'S ANSWER TO FAC**

22. The underlying policy of copyright law's "statutory monopoly" recognizes that "private motivation must ultimately serve the cause of promoting broad public availability of literature, music, and the other arts." Twentieth Century Music Corp. v. Aiken, 422 U.S. 151, 156 (1975). While fabric copyright plaintiffs enjoy a limited monopoly over their designs, the use of infringement lawsuits as a business model reduces the choices available to consumers of apparel, frustrating the policy goals of copyright.

## ELEVENTH DEFENSE:
**Innocent Intent**
[17 U.S.C. § 504(c)(2)]

23. Plaintiff's damages, if any, are limited because Defendant was not aware and had no reason to believe that its acts constituted an infringement of copyright.

## TWELFTH DEFENSE:
**Failure to Join Real Party in Interest**
[Fed R. Civ. P. 17]

24. The complaint is subject to dismissal because the plaintiff has failed to join the real parties in interest, namely the owners of the copyrights for the works in suit.

## THIRTEENTH DEFENSE:
**Lack of Standing**
[Fed. R. C. P. 12(b)(1)]

25. The complaint is subject to dismissal because the plaintiff lacks standing to sue.

## FOURTEENTH DEFENSE:
**Failure to State a Claim Upon Which Relief Can be Granted**
[Fed. R. Civ. P. 12(b)(6)]

26. Plaintiff has failed to state a claim upon which relief can be granted.

LINE FINANCIAL PBC'S ANSWER TO FAC

## FIFTEENTH DEFENSE:

### Failure to Join a Party Under Rule 19

[Fed. R. Civ. P. 12(b)(7)]

27. On information and belief, Plaintiff may have failed to join a required party, however, the identity of such a party is presently unknown to Defendant.

## ADDITIONAL DEFENSES:

28. Line Financial reserves the right to supplement or amend this Answer, including through the addition of further affirmative defenses, based upon the course of discovery and proceedings in this action.

**ACCORDINGLY**, Defendant hereby prays that Plaintiff takes nothing on its complaint and that Defendant recover its costs, including attorney's fees under the Copyright Act, and such other further relief as the Court may deem just and proper.

## *DEMAND FOR JURY TRIAL*

Defendant requests a trial by jury of all issues triable by jury.

Dated: July 3, 2024                              PIETZ & SHAHRIARI, LLP

By: */s/ Morgan E. Pietz*
    Morgan E. Pietz
    *Attorney for Defendant*
    *Line Financial PBC*

**LINE FINANCIAL PBC'S ANSWER TO FAC**