UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
(WESTERN DIVISION - LOS ANGELES)


| | | |
|---|---|---|
| AUGUST IMAGE, LLC, | ) | CASE NO: 2:23-cv-05492-WLH-ASx |
| | ) | |
| Plaintiff, | ) | CIVIL |
| | ) | |
| vs. | ) | Los Angeles, California |
| | ) | |
| LINE FINANCIAL, PBC, ET AL, | ) | Thursday, August 15, 2024 |
| | ) | |
| Defendants. | ) | (9:59 a.m. to 10:48 a.m.) |


INFORMAL DISCOVERY CONFERENCE [DKT.NO.51]

BEFORE THE HONORABLE ALKA SAGAR,
UNITED STATES MAGISTRATE JUDGE



<u>APPEARANCES</u>:

For Plaintiff:            BENJAMIN F. TOOKEY, ESQ.
                          Doniger Burroughs
                          603 Rose Ave.
                          Venice, CA 90291

For Defendants:           MATTHEW A. TREJO, ESQ.
                          MORGAN E. PIETZ, ESQ.
                          Pietz & Shahriari
                          6700 S. Centinela Ave., 2nd Floor
                          Culver City, CA 90230


Court Reporter:           Recorded; CourtSmart

Courtroom Deputy:         Alma Felix

Transcribed by:           Exceptional Reporting Services, Inc.
                          P.O. Box 8365
                          Corpus Christi, TX 78468
                          361 949-2988


Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

1    **Los Angeles, California; Thursday, August 15, 2024; 9:59 a.m.**

2    **(Messrs. Tookey, Trejo and Pietz Appearing Telephonically)**

3    **(Call to Order**

4    **THE CLERK:**  Good morning.  Calling Case Number

5    CV 23-5492-WLH(ASx), *August Image, LLC versus Line Financial,*

6    *PBC, et al.*

7    Beginning with Plaintiff's counsel, please state your

8    appearance for the record.

9    **MR. TOOKEY:**  Good morning.  This is Ben Tookey

10   appearing on behalf of Plaintiff August Image.

11   **MR. PIETZ:**  And good morning.  You've got Morgan

12   Pietz and Matt Trejo appearing for the Defendant Line

13   Financial, PBC.

14   **MR. TREJO:**  Good morning.

15   **THE COURT:**  Okay.  Good morning.  This is Judge Sagar

16   and this is the hearing on the parties' request for an informal

17   discovery conference.  The request was received on August 2nd

18   and the Court was not available on the dates that the parties

19   proposed for the hearing and so the hearing was set for today's

20   date.

21   The Court has received and reviewed the parties'

22   submission regarding the request and the attachments to that

23   request.  And on August 12th, Defendant submitted a supplement

24   consisting of six exhibits and Plaintiff's counsel then

25   submitted a letter to the Court stating their objections to the

1    submission by the Defendant.

2            Now, this is not a Rule 37 motion to compel and so

3    there's really no provision for submitting supplemental

4    memoranda.  And, in any event, the Court doesn't find its

5    cursory review of what was submitted by Defendant to be helpful

6    in resolving this dispute.  So the Court is not going to

7    consider Defendant's supplemental submission on August 12th.

8            The first issue is whether -- is Defendant seeking to

9    compel Plaintiff to produce nine of the 13 photographers of the

10   photographs at issue to appear for deposition.  Plaintiff

11   contends that these photographers need to be subpoenaed

12   pursuant to Rule 45.

13           In reviewing the parties' submission, the Court found

14   -- one moment.  Let me get my notes.  All right.

15           All right.  So in reviewing this submission, the

16   Court found that Defendant's proposed compromise was

17   reasonable.  Defendant proposed that it would issue subpoenas

18   to the photographers for remote depositions if Plaintiff would

19   accept service of all of the subpoenas for the photographers

20   and agree that any disputes about those subpoenas would be

21   adjudicated in this court.

22           I think that's a very reasonable compromise in this

23   case.  The Court doesn't find that -- or finds that these

24   photographers are not managing agents or officers or directors

25   of Plaintiff and so not persons that can be subpoenaed under

4

1    Rule 30(b).

2         But I also find that there is this relationship

3    between these photographers and Plaintiff.  Plaintiff in their

4    contractual agreements certainly has required these

5    photographers to cooperate in litigation and Plaintiff also has

6    the ability to institute litigation on behalf of the

7    photographs that it licenses from these photographers and I

8    think that Defendant's compromise is reasonable.

9         And I want to hear from Plaintiff as to whether --

10   why it is you won't agree to allow these photographers to

11   appear by deposition remotely and accept service on their

12   behalf for that purpose.

13        **MR. TOOKEY:**  Of course, Your Honor.  This is Ben

14   Tookey on behalf of Plaintiff August Image.  So on the Court's

15   finding on the compromise Defendant proposed, so our office

16   does not represent the photographers and August is not their

17   registered agent for service of process.  It's their exclusive

18   licensing agent.

19        And of -- there are 13 photographers whose

20   photographs are involved in this case.  Not all of August's

21   agreements with those photographers have the provision that the

22   Court is referencing with respect to litigations that are

23   initiated over the unauthorized use of those photographers'

24   photos.  So the provision doesn't apply across the board

25   because the agreements vary from photographer to photographer.

1          Those provisions are also specific to cases that are

2   brought in a photographer's name.  This is not a case.  This is

3   a case that August has brought in its own name to redress

4   violations of its exclusive rights in the photographs.  It

5   received those rights from the photographers through written

6   transfer and I have written transfers in the agency agreements

7   and the addenda thereto.

8          But those specific provisions are with respect to if

9   August instituted a name -- instituted a case in a

10  photographer's name which makes sense that that was the case

11  that it was bringing suit to redress the photographer's rights

12  as opposed to its rights, then it would meet need that

13  deference but that deference is not -- does not authorize

14  August to accept service of a subpoena for a photographer in

15  lieu of personal service to apply under Rule 45 and the

16  photographers have no notice of that.  There's no legal option

17  there.

18          **THE COURT:**  Let me ask you this.  If those

19  photographers were served with Rule 45 subpoenas, would August

20  be representing them during those depositions?

21          **MR. TOOKEY:**  No, August would not be.

22          **THE COURT:**  So they would be required, if they wish

23  to be represented, to get their own counsel for those

24  depositions, correct?

25          **MR. TOOKEY:**  The photographers would need to get

6

1   their own counsel; that's correct.

2           **THE COURT:**  All right.  And have you -- and you have

3   not -- and August has not reached out to these photographers,

4   these nine photographers, to determine whether they would

5   prefer to have their deposition taken remotely and have August

6   accept service of the deposition subpoena on their behalf?

7           **MR. TOOKEY:**  No, August has not done so.  My firm has

8   not done so.  The photographers have no notice of this

9   proceeding or what Defendant is attempting to do.

10          **THE COURT:**  All right.  And of those nine

11  photographers, how many of those photographers have that

12  provision in their agreement which requires them to cooperate

13  with Plaintiff in any lawsuit that Plaintiff initiates?

14          **MR. TOOKEY:**  So there are only -- so there are --

15  it's about six photographers.

16          **THE COURT:**  Okay.  And you say that that cooperation

17  provision is only with respect to those lawsuits that are filed

18  in the name of the photographer?

19          **MR. TOOKEY:**  Yes, that is correct.  And they're not

20  -- again, it's not a -- it's just a best-efforts provision.

21          **THE COURT:**  Right.

22          **MR. TOOKEY:**  There is no legal obligation to accept

23  service of a subpoena.  There's no legal ability of August to

24  compel them to appear if they refuse and they have no legal

25  obligation to appear either.  It's just a best-efforts

1    provision.

2        **THE COURT:** All right. So what if August wanted to

3    take their deposition testimony? Would they be required to

4    appear for deposition?

5        **MR. TOOKEY:** If August wanted to take their

6    deposition testimony, August would have to subpoena them

7    because they're non-parties. I mean, notwithstanding that

8    August is their exclusive licensing agent because they're

9    non-parties and they have no otherwise -- outside of the

10    agreements, they have no affiliation with August. August would

11    have to go through Rule 45.

12        **THE COURT:** All right. Let me hear from counsel for

13    Defendant. I don't find that they are managing agents or

14    officers or directors. I don't find that they are the proper --

15    that they can be subpoenaed for deposition as Plaintiff's

16    30(b)(6) witness. So I do -- or as an officer or director,

17    employee of the Plaintiff. I think your compromise is a very

18    reasonable one but I'm hearing from Plaintiff that they -- if

19    they wanted to take their depositions, they would have to go

20    through the Rule 45 process. So why shouldn't Defendant also

21    be required to go through that process?

22        **MR. PIETZ:** Thank you, Your Honor, Morgan Pietz for

23    the Defendant. And if the Plaintiff is going to subpoena them

24    and obtain their testimony that way and we will also have an

25    opportunity to ask questions and obtain documents from them, I

8

1    suppose we could live with that.  But my fundamental objection

2    to what's going on here is these photographers signed an

3    agreement that purports to give the Plaintiff the right to

4    initiate litigation based on copyrights that the photographers

5    themselves own.

6          The Plaintiffs then in their initial disclosures

7    identified that it expects to introduce both testimony and

8    documents from each of the photographers and states that the

9    photographers can be contacted through counsel for the

10   Plaintiff.  That's what the initial disclosures said and we've

11   provided copies of the original initial disclosures.

12         Taking the Plaintiff at their word, we then went

13   ahead and issued deposition notices pursuant to Rule 30 to the

14   Plaintiff seeking testimony of the photographers.  It was after

15   we served the deposition notice that we received an email and

16   amended initial disclosures which struck out the part about how

17   the photographers would be represented by counsel for the

18   Plaintiff and, instead, providing us with their addresses in

19   the United Kingdom and New York as well as other places and at

20   which the Plaintiff said, oh, no, if you're going to want

21   testimony from these people, you need to go through the whole

22   Rule 45 process.

23         At which point I said, well, okay, look.  There's not

24   that many differences between Rule 30 and Rule 45 except that

25   Rule 45 is obviously more expensive and certainly if we're

1  talking about photographers located in the United Kingdom, then

2  it becomes sort of exponentially more expensive.

3          But at the end of the day in terms of the traditional

4  agent/principal relationship, what's going on in this case, is

5  that August is the agent -- an exclusive licensing agent is

6  what the agreement says, although it's described differently in

7  the complaint and really it's the photographer that's the

8  principal who at the end of the day owns the copyrights and

9  this lawsuit is really being pursued on behalf of the

10 photographers.

11         Now, the Plaintiff disputes that.  They say, well,

12 we're an exclusive licensee and there's some law in the Ninth

13 Circuit, although other Circuits disagree, about whether or not

14 that gives them independent standing to pursue a claim.

15         **THE COURT:**  Okay.  So -- now what you're doing is

16 you're just really arguing the merits of your case and I have

17 reviewed the argument that was presented.  I understand your

18 argument but Plaintiff is taking the position that they are

19 filing this lawsuit on their own behalf as the exclusive

20 licensing agent for the photographs at issue.

21         So if you want to take the depositions of the

22 photographers, I think you will have to use the Rule 45 process

23 to do so if Plaintiff insists on not agreeing to your

24 compromise which I think is a very reasonable one, particularly

25 if the Plaintiff also needs to take these depositions or takes

10

1   -- needs testimony from these photographers, it seems to me

2   that that is the most efficient way to proceed in this case.

3           So I understand your argument that you believe that

4   these photographers are basically aligned with the Plaintiff in

5   this case and they -- Plaintiff should be able to have to

6   produce them for deposition.  But what I'm hearing from

7   Plaintiff's counsel is that they're under no obligation to do

8   so and that if they themselves wanted to take testimony from

9   these photographers, they would have to use the Rule 45

10  process.

11          I think what might be, I think, useful in this case

12  is if Plaintiff reaches out to these photographers, the nine

13  photographers, and then finds out from them if they want to

14  have their depositions taken remotely and allow August to

15  accept service of deposition notices on their behalf in lieu of

16  receiving -- being served with Rule 45 subpoenas and then

17  having to retain counsel to represent them at depositions if

18  they choose to proceed with it if they want to have counsel

19  represent them during the deposition.

20          So maybe Plaintiff should make that inquiry and then

21  you can meet and confer as to how -- whether you can proceed

22  with this proposed compromise or whether Rule 45 subpoenas will

23  need to be issued to these witnesses.

24          **MR. PIETZ:**  Your Honor, I appreciate those comments.

25  I think my issue here is I believe that if the Plaintiff snaps

1    their fingers, these photographers will show up at trial or if

2    the Plaintiff requests it, they will do so.  So if the

3    Plaintiff is actually committing here today that they are going

4    to issue Rule 45 subpoenas and we'll essentially also have an

5    opportunity to ask them some questions, then I don't have any

6    objection to the compromise.  In other words, that seems

7    reasonable to me.

8            But the situation that I'm trying to guard against

9    though is the Plaintiff not subpoenaing these photographers,

10   putting the burden on us to go track them down and spend

11   additional money to do so and I don't think that that's

12   appropriate and I -- there are some reasons I would disagree

13   with the Court's finding but I -- maybe today is not the time

14   to get into all those.

15           But my issue is that what I don't want to have happen

16   is the Plaintiff doesn't issue Rule 45 subpoenas, discovery

17   closes and then their position is, well, they were still on our

18   witness list.  So they're going to come and testify at trial

19   because we asked them to and they're aligned with us.  So

20   they're going to do what we say and it's going to be a surprise

21   to you what they testify to and what documents may or may not

22   be authenticate because you didn't go to the trouble of then

23   subpoenaing them under Rule 45 which is going to be

24   substantially more expensive.

25           I would also like to sort of circle back.  I don't

12

1    think that the particular context of this kind of case has

2    really ever been addressed before on this question of the

3    managing agent issue.  And I actually think it's a pretty

4    interesting question and that it's not -- and that it's the

5    Court's call that I think really ought to go our way.

6              In other words -- and to clarify -- apologies to the

7    Court.  I think it wasn't clear from the submission we

8    submitted on Monday.  All that we had added on Monday was

9    copies of all of the agreements, at least all of the agreements

10   that have been produced so far from each of the photographers

11   along with a summary chart that summarizes which provisions are

12   in which photographer's agreement.

13             I agree with Plaintiff's counsel that there are six

14   of the photographer agreements, whether it's sort of a specific

15   obligation cooperating -- obligating the photographer to

16   cooperate in discovery.  But the agreements do vary around a

17   little and I actually think that this may be an issue on which

18   briefing and then having it heard in a Rule 37 motion makes

19   sense.

20             My only other concern with the Court -- with the

21   proposed compromise is if these people -- well, I think there's

22   jurisdictional issues where -- in other words, if the

23   photographers to agree to allow the Plaintiff to accept service

24   on their behalf, then I think everything is copasetic.  There's

25   no issue.

1         But if at the end of the day, the photographers are

2    not going to agree to allow the Plaintiff to accept service on

3    their behalf, so I think we've got a potential problem under

4    that avenue where the Court may not properly have jurisdiction

5    over those photographers.  It, of course, has jurisdiction over

6    the Plaintiff, right?

7         But that's sort of circling back to my point about

8    why, at least from our perspective, it's really 30(b)(1) that

9    ought to be the appropriate mechanism for obtaining testimony

10   from photographers who at the end of the day, it's their

11   copyright and they're the ones who entered into this agreement

12   and they have the power to terminate that agreement.

13        At the end of the day -- and I understand the

14   Plaintiff's argument and I'm not trying to argue their merits

15   of that today.  I accept for purposes of the instant discovery

16   motion that the Plaintiff independently asserts that it has

17   standing to pursue this lawsuit.  I'm not disputing that for

18   today.

19        Rather, my point is, well, if that's true, given sort

20   of unusual and almost unique circumstances of this kind of

21   litigation where there's essentially a middle man pursuing a

22   lawsuit on behalf of somebody else, which is sort of a very

23   unusual circumstance in Federal litigation, right.  The general

24   rule is that representative litigation isn't allowed.  Only

25   attorneys are allowed to appear in court and pursue claims of

14

1    others.

2              But in other words, even if we assume that they have

3    standing to pursue the lawsuit, I think it's a much closer

4    question about whether or not, given this sort of flexible

5    managing agent analysis for purposes of this claim, these

6    photographers really are the managing agent of the Plaintiff.

7              And one of the points that the Plaintiffs made in

8    their IDC statement is well, look, we represent a hundred-plus

9    different photographers and it's absurd to assert that each of

10   the 100-plus photographers is a managing agent of the Plaintiff

11   which for purposes of a lawsuit against some competitor or

12   against a vendor, I think I agree with that.

13             But it's not absurd and I think, in fact, we're on

14   the right side to suggest that for purposes of this copyright

15   lawsuit, the specific photographers who own the copyright and

16   purported to give the Plaintiff the authority to pursue the

17   lawsuit and had the authority to take that away and have a

18   direct interest in the stake of the outcome and have an

19   obligation to cooperate in discovery, at least certain of them,

20   I don't think it is a stretch to assert that those

21   photographers are the managing agents of August Image, at least

22   for the purposes of discovery in this infringement action about

23   their photographs.

24             In other words, we've looked pretty comprehensively

25   and I haven't found an exact analog for this in a copyright

1    case.  There are a few other contexts where the Courts will

2    allow somebody who is not an attorney to pursue litigation on

3    behalf of essentially an unnamed real party in interest.  None

4    of those are --

5         **THE COURT:**  So I actually disagree with that.  I

6    think that the lawsuit has been filed by Plaintiff to assert

7    their own rights, their licensing, their exclusive licensing

8    agreement to display the photographs at issue.  So I don't --

9    it's because of this nature of this lawsuit and the way that's

10   been filed that I find that these photographers are nonparties

11   and they are not managing agents, officers or directors and,

12   therefore, Plaintiff is not required to produce them for

13   deposition.

14        So, anyway, I -- maybe this is a case that needs to

15   be briefed and then ruled on and then appealed and you'll get

16   some case law on this but the IDC that is before me is not the

17   appropriate means to do that.

18        So the only other thing I would suggest is that if --

19   well, let me ask Mr. Tookey.

20        Are you prepared to state whether or not Plaintiff

21   will be taking the depositions of these photographers or

22   calling them as witnesses at trial?

23        **MR. TOOKEY:**  Well, Your Honor, I'm a bit blindsided

24   by the question because this is on Defendant's motion to

25   compel.  So I have not spoken with my client about whether he

16

1    intends to issue his own subpoenas for discovery purposes.  But

2    they are listed on all the initial disclosures.  If this case

3    gets to trial, we do intend to call them at trial because they

4    created the photographs and they entered into their agency

5    agreements with August.  That's why they are on our initial

6    disclosures.

7           But as far as subpoenas for discovery, we haven't

8    decided yet.  I haven't spoken with my client about that.

9           **THE COURT:**  All right.  Well, if you are going to

10   take their depositions pursuant to Rule 45 and Defendants --

11   you don't agree to this compromise that the Defendants have

12   proposed, which I think is very reasonable, then maybe both

13   parties should split the cost of the Rule 45 subpoenas.  But,

14   anyway, I'll leave it at that.

15          I will deny the motion to compel these photographers

16   to appear for depositions based on the Rule 30 deposition

17   notices that were served on Plaintiff.

18          The second issue is Defendant is seeking a protective

19   order against its Rule 30(b)(6) witness testifying to Topics 1,

20   2, 4, 6, 7, 8, 9, 24, 25, 26 and 37.  With -- let's take Topic

21   37 first.  It seems to me that what Plaintiff is -- again, I

22   think that Defendant -- Defendant's argument on Topic 37 and

23   its proposal is reasonable.

24          Defendant proposes that Topic -- let me first state

25   -- what is -- Topic 37 asks the Defendant to have its witness

17

1   prepared to testify to the factual basis for the information

2   that Defendant provided in their notice of exempt offering

3   securities forms that they filed with the SEC.

4           And Defendant offered to stipulate that it had filed

5   the documents with the SEC and also offered that if Plaintiff

6   would identify the specific statements in that filing that it

7   wants to question the witness about to establish Defendant's

8   commerciality, then it would then be able to prepare its

9   witness to testify about those particular factual issues.

10          And I don't understand why Plaintiff refused to agree

11  to that because I think that's -- I do think that Topic 37 does

12  border on not being relevant.  I think it is relevant to -- I

13  mean, it's marginally relevant but I do think that as it's

14  phrased, it is overbroad and it does -- it doesn't seem to be

15  really tied into what's really at issue in this case.

16          And so let me hear from you, Mr. Tookey, as to why

17  you can't be more specific about those factual statements that

18  you're really intending to question the witness about.

19          **MR. TOOKEY:**  Well -- so if Your Honor's inclination

20  is to allow us to rewrite this topic to be more specific about

21  particular factual statements, I would accept that and would do

22  that.

23          **THE COURT:**  Okay.

24          **MR. TOOKEY:**  This -- we actually revised this topic

25  because Defense counsel's concern was that we were trying to

1  probe compliance with securities law which we're not trying to

2  do which one of the reasons why we pointed to specific Bates

3  number documents and then just the factual basis for the fact -

4  - for example and namely, the industry group that they have

5  identified themselves with, the fact that they sold equity in

6  their business, the fact that they have investors and they have

7  minimum investment and sales amounts and that they filed these

8  documents two days apart with the SEC.

9          And so all of that goes to the commercial nature of

10  their business and their use to their photographs on their

11  website was in furtherance of that business.  And it also shows

12  there's sophistication as a media company.

13         Defendant said -- we've agreed as parties that these

14  are traditionally noticeable documents and Defendant also

15  agreed that the facts, somehow separate from the documents, are

16  fair game for testimony.  So I just didn't see a good reason

17  because I didn't hear any -- why this would be proportionate --

18  disproportionate for me or -- to have to piece those things

19  together separately in the deposition if both of those things

20  are true.

21         **THE COURT:**  All right.  Well, then I will just order

22  you to rephrase Topic 37 and offer specificity as to what

23  specific statement in the SEC filing you want to question the

24  witness about.

25         I do also find that Topics 2, 4 and 6 are

1    impermissibly compound.  I understand that that's not a basis

2    for seeking a protective order and that those objections can be

3    made at the time of the deposition but I have some problems

4    with those topics asking for the factual basis for so many

5    discovery responses.

6         I agree with Defendants that it -- there -- multiple

7    -- I don't -- I haven't looked at those interrogatory responses

8    and the responses to the requests for admission and the

9    document production responses.  So I don't know whether they're

10   all related to the same issue but Defendant says these are the

11   -- actually go to multiple topics and I agree that that is

12   impermissibly compound.  So you'll have to narrow that or meet

13   and confer to narrow Topics 2, 4 and 6.

14        Topic Number --

15        **MR. TOOKEY:**  Your Honor, may I be heard on those

16   topics?

17        **THE COURT:**  Yes.

18        **MR. TOOKEY:**  So the -- I'm sorry.  I think I'm

19   hearing an echo.  Is anyone hearing -- else hearing that?

20        **THE COURT:**  I'm not hearing, no.

21        **MR. TOOKEY:**  Okay.  I think it went away.  My

22   apologies.

23        So the analysis of whether something is compound and

24   consists of subparts is analogous for counter interrogatories.

25   It's not about preparing and getting the right deponent to

1    testify topics.  And the fact that -- the points that

2    (inaudible) is just to get the right deponent.  It's not to

3    narrow what is otherwise relevant information.

4            The interrogatory responses and the requests for

5    admission responses were verified by Defendant and they were

6    verified on July 10th.  I asked during the meet-and-confer if

7    it would be more helpful if I broke it out as the factual basis

8    for your response to Interrogatory 1, 2, 3 and so on.  And

9    Defense counsel represented that that would not make a

10   difference.

11           So I -- both parties are entitled to explore the

12   factual basis for written discovery responses produced in these

13   cases.  We don't have to narrow ourselves beyond that.  The

14   point of the deposition is to explore those things specifically

15   in advance as part of trial preparation.

16           So because the compound analysis doesn't apply to,

17   like, good cause for a protective order, allowing them to not

18   prepare their witness to information that is undisputably

19   relevant, I am unsure about how to narrow these topics other

20   than just increasing the number of topics themselves which to

21   me just strikes me as more form over function because it's not

22   like they are -- it is so unwieldy or unduly burdensome that

23   they are just at a loss as to how to put their witness to

24   testify to these.

25           **THE COURT:**  Well, you want to -- you -- your -- you

1    want them to testify -- you want the witness to be able to be

2    prepared to testify to the factual basis for 16 interrogatory

3    responses, 26 requests for admission and 40 document production

4    responses.  You're going to ask this witness about each and

5    every one of these identified discovery requests?

6         **MR. TOOKEY:**  That's our intention, yes.  And if the

7    Court would like us to split it out by specific discovery

8    requests, then we'll -- I mean, we will do so but we intend to

9    ask about the documents that are sort of specific document

10   requests.  The documents are produced and if they have any

11   more, if they have withheld any, why they admitted or denied

12   certain specific requests for admissions, their -- and for

13   interrogatory responses, the same.

14         If -- we can number those individually but I think

15   it's just a longer, more circuitous route for the same end

16   which both parties are well aware of.

17         **THE COURT:**  All right.  Well, then I think that's

18   what you should do because Defendant, I think, reasonably takes

19   the position that if you have questions about specific

20   discovery requests, then ask those specific questions.  So I

21   think you should break it down and be more specific about what

22   it is you're asking about.

23         Then Topic Number 7, Defendant argues, is vague,

24   ambiguous and unintelligible and calls for speculation.  Topic

25   7 is the business records of Line Financial, PBC that are not

1    otherwise the subject of testimony of an individual with

2    personal knowledge and the custodian of record for Line

3    Financial who will introduce them.

4         The way that's phrase, I don't understand what that

5    means.  Defendant argues -- or claims that it may be that

6    you're trying to figure out who the custodian of record will

7    be, who will authenticate the business records.  Is that what

8    you're seeking in Topic Number 7 because I don't understand

9    what that means?

10        **MR. TOOKEY:**  So that is part of it and the reason we

11   used quotations is because we were -- we used the language as

12   it appears in Defendant's initial disclosures and so that's

13   part of it.  But the other part is identifying what documents

14   are being referred to and why they are business records in the

15   (indisc.) portion of business records of Line Financial that

16   are not otherwise the subject of testimony of an individual

17   with personal knowledge.

18        I don't know what those documents are and so the

19   purpose of this is to establish what those documents are.

20        **THE COURT:**  All right.  Mr. Pietz or Mr. Trejo, do

21   you understand what it is Plaintiff is requesting in Topic

22   Number 7?

23        **MR. PIETZ:**  I think so, Your Honor.  Morgan Pietz

24   again for the Defendant.  So this is a bit confusing just

25   because it's sort of how it was pasted together.  I mean, what

1    we were doing in the initial disclosures was -- and perhaps not

2    as clearly as we could have -- attempting to reserve our right

3    to put a custodian of records on the stand to introduce

4    documents that are business records of the company that we

5    don't have a witness who otherwise has personal knowledge to

6    testify.  That's all.

7            Now, as it turns out, the deponent that we anticipate

8    producing as the 30(b)(6) representative is likely also the

9    custodian of records.  That's why I think this is all kind of a

10    moot point and at this point, I don't know of any documents

11    that we're not going to be able -- that we're going to need to

12    introduce through a custodian of records as opposed to through

13    somebody with personal knowledge.  So I had --

14            **THE COURT:**  So, yeah, I'm going to just order the

15    parties then to meet and confer on this Topic Number 7.  I

16    think you can sort of figure it out, what exactly Plaintiff

17    wants to inquire about.

18            All right.  Then the next one is Defendant's argument

19    that certain Topics 1, 2, 4, 8, 24, 25 and 26 are improper

20    contention questions that ought to be interrogatories.  So it

21    certainly does appear that the way they are phrased, they are

22    probably -- should be propounded as contention interrogatories

23    but I don't think that Plaintiff can sort of direct Defendant

24    on how to -- I'm sorry.  I've got this mixed up -- that the

25    Defendant can't really tell the Plaintiff how to pursue

24

1    discovery.

2            And so if they want to seek this information through

3    a 30(b)(6) witness, that's their right to do so.  I don't see

4    anything otherwise improper about those topics and Defendant

5    certainly doesn't make the argument that these topics are --

6    that it will be unduly burdensome to prepare a witness to

7    testify to these topics.  And so I will permit those topics to

8    be part of that Rule 30(6)(b) witness deposition notice.  All

9    right.

10           **MR. TOOKEY:**  Your Honor, may I be heard?  Because I

11   do think that it's unduly burdensome but maybe not for the

12   traditional or the most articulable reason.  May I be heard on

13   that if the Court's order isn't final yet?

14           **THE COURT:**  Sure.  Go ahead.

15           **MR. TOOKEY:**  I appreciate that.  So there's a State

16   court case called Rifkin (phonetic) from California which is

17   right on point here and the gist of it is that each of these --

18   really the gist of these topics is tell us all the facts you

19   have that support such and such a legal argument that you've

20   made in this case.

21           And I agree that that's an appropriate topic for

22   discovery but why I think it's unduly burdensome and

23   inappropriate for a deposition at least as to these topics in

24   this case is that this is a copyright case where some of these

25   defenses involve things like fair use.  It's kind of

1  complicated even for IP practitioners to understand what some

2  of these defenses are about.

3        And what we're faced here is with a lay witness who

4  did have to get up there and essentially be prepared to do

5  things that really ought to be done with the assistance of

6  counsel to talk about which specific facts match up to which

7  particular legal arguments that have been made in this case.

8        And, moreover, like the earlier category of compound

9  requests that we discussed earlier, there are a lot of

10  different issues that are covered by these -- this group of

11  topics such that my fundamental objection here is that the way

12  the Plaintiff has done this turns the whole deposition into an

13  impermissible pop quiz where if the deponent is a lay person,

14  neglects to mention this fact or that fact in response to

15  questioning about what facts support this person's legal

16  argument, well, then at trial, they say, oh, no, wait a minute.

17  You didn't put it out at your deposition when we put you on the

18  spot in sort of wide-ranging questioning about tell us every

19  fact that supports every argument you've made in this case.

20        So I'm not opposed to producing a witness to testify

21  about the Defendants.  I'm not opposed to doing it by via

22  interrogatories if the Plaintiff would prefer but I do think at

23  a minimum in either event, we need a little bit more

24  specificity as to exactly what it is that they're inquiring

25  about in order that I can appropriately prepare the witness to

1  testify about this stuff.

2         It's a big ask as it stays currently and I think it

3  is unduly burdensome to have a lay person trying to understand

4  the finer points of copyright defenses.

5         **THE COURT:**  All right.  So as to Topic Number 1, I

6  think that the Plaintiff can be more specific as to what

7  exactly -- what are the facts that you're actually intending to

8  question the witness about.

9         As to Topic Number 8, the documents that you rely on

10  to support your defenses, I think that's fine.  It doesn't need

11  to be further clarified.

12         24, the factual basis for your affirmative defense

13  that Defendant's use of the photographs was lawful.  I think

14  that's clear.

15         And 25, the factual basis for the allegations that to

16  the extent Plaintiff or its agents induced the dissemination of

17  Plaintiff's design or failed to take reasonable action to stop

18  such dissemination, Plaintiff's conduct and representations

19  gave rise to an implied license.  I think that's fairly clear.

20         As is 26, the factual basis for the eleventh

21  affirmative defense that Defendant wasn't aware and had no

22  reason to believe that its acts constituted an infringement of

23  copyright.

24         So I think your argument with respect to Topic 1 is

25  well taken and I will order Plaintiffs to break down Topic

1    Number 1 and specify what are the facts -- what are the

2    particular admissions and denials that they want to get -- they

3    want information from -- they want to question the witness

4    about.

5          All right.  Have we addressed the matters that were

6    at issue in this IDC?  Do you need to -- do you need me to set

7    timing deadlines or can you meet and confer regarding when this

8    can be done?

9          **MR. PIETZ:**  Your Honor, Morgan Pietz for the

10   Defendant here.  I think you addressed everything but I think

11   maybe there's just one topic that we didn't get to which is

12   Topic Number 9.  And apologies if I missed it and maybe it was

13   meant to be included in one of the prior lists.

14         But I think maybe it was in the prior group but I

15   didn't hear any discussion of Number 9 which was one that we

16   had raised in our IDC statement.

17         **THE COURT:**  Was that -- let me see if I missed that.

18   Hold on one second.  Okay.  So Topic 9 is the documents that

19   you will rely on that relate to or establish the use of

20   photographs obtained from rights cleared for pre-use resources

21   or paid subscriptions.

22         Okay.  And what is the argument there?

23         **MR. PIETZ:**  Similar to the last group that -- in

24   other words, it's a bit tough to be asking a lay witness to

25   explain, well, what documents are you relying upon to support

1    legal arguments?  But -- in other words, I think it probably

2    fits into the last group that Your Honor has addressed.

3            THE COURT:  That they -- the last group meaning it

4    needs to be more specific?

5            MR. PIETZ:  That's right, Your Honor.

6            THE COURT:  Okay.  So was there a particular initial

7    disclosure that is being -- that is at issue here?  It says, at

8    some -- I don't have the initial disclosures before me but at

9    some point in the initial disclosures, did Defendant say that

10   their use of the photographs was obtained from pre-use

11   resources or paid subscriptions?  So --

12           MR. PIETZ:  I'm not sure --

13           MR. TOOKEY:  Your Honor, this is Ben Tookey, counsel

14   for Plaintiff August Image.  Yes, that is -- so, again, this

15   courted language is courted because it is taken from

16   Defendant's initial disclosures --

17           THE COURT:  All right.

18           MR. TOOKEY:  -- and this is what -- yes.

19           THE COURT:  All right.  So maybe what you could do is

20   just identify where in the initial disclosures this quote is

21   from and then Defendant will be able to prepare its witness to

22   respond.  Okay?

23           All right.  Is there anything else we need to take up

24   regarding this informal discovery conference?

25           MR. PIETZ:  As to the Court's question of deadlines,

1   I'm hopeful we can work that out and if we can't, I think we

2   could come back to Your Honor.

3          I did just have one follow-up question which is to

4   clarify the Court's resolution on the first issue.  I

5   understand the Court's finding.  My only question is if I -- if

6   my client did want to potentially (indisc.) that issue, how

7   would -- in other words, how -- is there going to be some sort

8   of a statement that issues from the IDC so that we can evaluate

9   whether to do that?  I just wanted to make sure.  I'd like to -

10  - do we file a motion or do we file an appeal?  I wasn't clear

11  because it's an IDC exactly what the adjudicatory status of

12  that issue is.

13         **THE COURT:**  Oh, okay.  So you -- if you want to file

14  a Rule 37 motion to compel or joint stipulation on the issue to

15  get a ruling on then managing agent issue, then just go ahead

16  and meet and confer and file it.

17         **MR. PIETZ:**  Okay.  And if we did that, Your Honor, I

18  think this is one that could be better served without doing it

19  in the joint stipulation format.  Would it be okay with the

20  Court to do it in the format of a traditional motion where I

21  think we could wrangle the relevant facts within a page on it?

22         **THE COURT:**  I -- let me ask Plaintiff's counsel.  Do

23  you have any objection to this issue presented to the Court in

24  a traditional motion format as opposed to joint stipulation?

25         **MR. TOOKEY:**  I -- Your Honor, I don't see why we

1   would have to deviate from the Local Rule 37 format.  So I --

2   the answer on behalf of August is, no, we would not agree to

3   that.  We would just proceed as the Local rules provide.

4          **THE COURT:**  Okay.  All right.  Then you'll have to do

5   it pursuant to a joint stipulation and the -- go through the

6   meet-and-confer process and file a joint stipulation.  Okay?

7          **MR. PIETZ:**  Understood, Your Honor.

8          **THE COURT:**  All right.  If there's nothing else, then

9   we'll conclude this IDC and I'll issue a brief order.

10          **MR. PIETZ:**  Thank you, Your Honor.

11          **THE COURT:**  All right, thank you.

12          **MR. TREJO:**  Thank you, Your Honor.

13          **MR. TOOKEY:**  Thank you, Your Honor.

14          **THE COURT:**  Have a good rest of the day.

15          **(This proceeding adjourned at 10:48 a.m.)**

16

17

18

19

20

21

22

23

24

25

## CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

_____                    <u>October 7, 2024</u>

        Signed                                                                              Dated

*TONI HUDSON, TRANSCRIBER*