Morgan E. Pietz (SBN 260629)
  morgan@pstrials.com
Matthew A. Trejo (SBN 320464)
  matt@pstrials.com
PIETZ & SHAHRIARI, LLP
6700 S. Centinela Avenue, 2nd Floor
Culver City, CA 90230
Telephone:  (310) 424-5557
Facsimile:  (310) 597-4626

Attorneys for Defendant
*LINE FINANCIAL PBC*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUGUST IMAGE, LLC, a New York Limited Liability Company,<br><br>    Plaintiff,<br><br>v.<br><br>LINE FINANCIAL PBC, a Delaware Corporation; and DOES 1-10,<br><br>    Defendant(s). | Case No. 2:23-cv-05492-WLH-AS<br><br>Assigned to: Honorable Wesley L. Hsu, United States District Judge<br><br>Referred to: Honorable Alka Sagar, United States Magistrate Judge<br><br>Action Filed:         07/10/2023<br>Fact Discovery Cutoff:  10/11/2024<br>Final Pretrial Conf.:  02/07/2025<br>Trial Date:           02/24/2025<br><br>**DEFENDANT LINE PBC'S RESPONSE TO PLAINTIFF AUGUST'S APPLICATION TO SEAL** |

## RESPONSE

On November 6, 2024, defendant Line PBC filed its motion for summary judgment on standing. ECF No. 59. Further to this Court's standing order on motions for summary judgment (ECF No. 29), Line PBC's summary judgment motion was combined into a joint brief that also comprises plaintiff August Image's cross-motion for partial summary judgment on liability. ECF No. 59 (the "**Joint Brief**"). Line PBC also filed a Joint Appendix of Facts ("**JAF**") (ECF No. 59-1), and a Joint Appendix of Evidence Objections ("**JAO**") (ECF No. 59-2).

In their MSJ papers, both sides discuss evidence that has been designated as CONFIDENTIAL by the plaintiff pursuant to the stipulated protective order in this case (ECF No. 34). As set out in Plaintiff's Application to File Certain Exhibits Under Seal (ECF No. 62), the evidence that August has asked the Court to seal consists of:

(1) "**Photographer Agreements**" Copies of agreements between August and the photographers who own the copyrights August is suing upon. Exh. Nos. 41, 44, 47, 50, 53, 56, 59, 62, 65, 68, 71. Both parties cite to this evidence in support of their motions and in their oppositions.

(2) "**Atomo Agreement**" Copy of an agreement between August and "Atomo Management SRL." Exh. No. 200. August cites to this evidence in support of its cross-motion, Line PBC addresses it in its opposition.

(3) "**ImageRights Agreement**" Copy of an Agreement between August and a "crawling company" called ImageRights. Exh. No. 90. Line PBC cites to this evidence in support of its motion, August addresses it in its opposition.

(4) "**Invoices & Session Forms**" Certain pages from plaintiff's October 11, 2024 document production, which are what plaintiff describes in its application (ECF No. 62 at 3:25-26)) as "licensing invoices between August and third party licensees, and syndication session forms". Exh. No.

112 (at pages AUGUST001103-22).  Line PBC cites to this evidence in its opposition to August's motion.

During the meet and confer process on the summary judgment motions and the application to seal, August indicated it wanted to prepare the application to seal, since it was the designating party.  During the sealing discussion, Line PBC agreed to certain of the redactions proposed by the plaintiff, but not to others.  *See* L.R. 79-5.2.2(b) (directing the parties to confer about redaction by agreement, to minimize the need to seal documents).

Specifically, Line PBC agreed to the redaction of two categories of information:

(a) "**Percentages**" solely in order to enable the Joint Brief and JAF to be filed publicly, Line PBC agreed to redact the percentage payable to each photographer from the public briefs.  *See* ECF No. 59 at p. 9, fn 9; p. 10, fn. 10 (redacting percentages from Joint Brief); ECF No. 59-1 at p 16, fn 1; at p. 19, fn 2 (redacting percentages from JAF).

(b) "**PII**".  Further, as required by L.R. 5.2-1, Line PBC also agreed to the redacting of the social security numbers and home addresses for the photographers, which is listed in certain of the Photographer Agreements.

In the redactions proposed by August (see Sealed Docket Entry Nos. 63-1 to 63-14), there are redactions that go beyond what was agreed by Line PBC.  That is, the proposed redactions to the Photographer Agreements and to the Atomo Agreement would obscure more than just the Percentages and the PII (Sealed Docket Entry Nos. 63-1 to 63-10, and 63-14).  Further, Line PBC did *not* agree to the extensive redactions proposed for the ImageRights Agreement (63-12) or for the Invoices and Session Forms (63-13).

With respect to the proposed redactions that go beyond what was explicitly agreed by the parties, Line PBC takes no position and leaves it to the Court's sound

discretion to determine whether there are sufficient grounds to seal, and whether the proposed redactions are "narrowly tailored".

Since the Joint Appendix of Evidence prepared by the parties contains evidence that is the subject of August's application to seal, out of an abundance of caution, and to ensure full compliance with L.R. 79-5.2.2, Line PBC advised August that it was going to hold off on publicly filing the Joint Appendix of Evidence along with the rest of the MSJ papers. Specifically, Line PBC understands the bolded part of L.R. 79-5.2.2(a) as directing the Filing Party to *file* documents that are proposed to be sealed *after* the Court resolves the application to seal.

On November 4, 2024, the plaintiff nevertheless publicly filed what it styled as "Plaintiff's Joint Appendix of Evidence". ECF No. 61. This appendix, which was filed by the plaintiff on its own, contains *redacted* versions of the Photographer Agreements that are not *exactly* the same as the versions of the Photographer Agreements that appear in the final Joint Appendix of Evidence, and that plaintiff has proposed to seal. *E.g., compare* ECF No. 61 at p. 34 of 317 (redacted version of Streiber agreement, missing deposition exhibit sticker in bottom right, and missing final red JAF page numbering in the top right); *with* Sealed ECF No. 63-1 (unredacted version of Streiber agreement filed under seal, which contains a deposition Exhibit sticker in bottom right, and final red JAF page numbering in top right). In other words, the plaintiff preemptively filed public-redacted versions of the documents it has proposed to seal and the preemptively-filed public-redacted versions it filed are missing exhibit stickers and the final page numbering that appear in the JAE and in what August submitted in support of its application to seal.

Line PBC would like to suggest an easy fix. Which is that after the Court resolves the application to seal, it could direct the parties to re-file a corrected Joint Appendix of Evidence, which both complies with the Court's substantive ruling with respect to sealing, and that also fixes the missing exhibit sticker and page numbering issues, which appear to only apply to the exhibits that are subject of the application

to seal.  Undersigned is confident that counsel for both sides can cooperate to get this done promptly.

Finally, with respect to the ImageRights Agreement and the Invoices & Session Forms, if the Court denies August's application to seal this evidence, Line PBC requests that Line PBC be treated as the "Filing Party" on the application to seal for purposes of L.R. 79-5.2.2(b)(ii) (setting 4 to 10 day window to publicly file documents designated as confidential by another, in the event application to seal is denied).  Line PBC makes this request because, although August filed the application to seal, Line PBC is the only party relying on this evidence in support of its summary judgment motion arguments.

Dated: November 5, 2024                                    PIETZ & SHAHRIARI, LLP

                                                          By:   */s/ Morgan E. Pietz*
                                                                     Morgan E. Pietz
                                                                     Matthew A. Trejo
                                                                     *Attorney for Defendant*
                                                                     *Line Financial Health Network*