Morgan E. Pietz (SBN 260629)
  morgan@pstrials.com
Matthew A. Trejo (SBN 320464)
  matt@pstrials.com
PIETZ & SHAHRIARI, LLP
6700 S. Centinela Avenue, 2nd Floor
Culver City, CA 90230
Telephone:   (310) 424-5557
Facsimile:    (310) 597-4626

Attorneys for Defendant
*LINE FINANCIAL PBC*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUGUST IMAGE, LLC, a New York Limited Liability Company,<br><br>        Plaintiff,<br><br>v.<br><br>LINE FINANCIAL PBC, a Delaware Corporation; and DOES 1-10,<br><br>        Defendant(s). | Case No. 2:23-cv-05492-WLH-AS<br><br>Assigned to: Honorable Wesley L. Hsu, United States District Judge<br><br>Referred to: Honorable Alka Sagar, United States Magistrate Judge<br><br>**DEFENDANT LINE PBC'S NOTICE OF MOTION AND MOTION FOR SANCTIONS**<br><br><u>Hearing</u>:<br>Date/Time:  December 13[1], 2024, 1:30  pm<br>Location:    First Street Courthouse 350 W. 1st Street Courtroom 9B, 9th Floor, Los Angeles, CA 90012 |

---

[1] The motion cutoff is December 6, 2024.  ECF No. 44. Plaintiff has indicated that it does not oppose defendant noticing this hearing for December 13, since December 6 is now listed as closed.  The parties have their cross-motions for summary judgment (ECF No. 59) set to be heard on December 13, 2024 at 1:30 p.m., per ECF No. 57.

DEFENDANT LINE PBC'S NOTICE OF MOTION
AND MOTION FOR SANCTIONS

## NOTICE OF MOTION

**TO THE COURT, ALL PARTIES, AND COUNSEL, TAKE NOTICE:**

Defendant Line Financial PBC will and hereby does file a motion for sanctions. This motion will be heard on December 13, 2024 at 1:30 p.m., or as soon thereafter as counsel may be heard or on such other date as the court may order (see footnote on caption page), by the Honorable Wesley L. Hsu, United States District Judge, at the courtroom located at 350 W. 1st Street, Courtroom 9B, 9th Floor, Los Angeles, California 90012.

This motion is brought pursuant to Federal Rules of Civil Procedure, Rule 26(a)(1)(A) (required disclosures), Rule 37(c)(1) (providing for sanctions when required disclosures are not made), Rule 37(b)(2)(A)(i)-(vi) (additional specific sanctions available for failure to make required disclosures), Rule 37(d) (party's failure to attend own deposition)[2]; and Rule 1 (civil litigation shall be "just, speedy, and inexpensive"); pursuant to the Court's inherent power to sanction bad faith misconduct and manage its own docket (*Fjelstad v. Am. Honda Motor Co.*, 762 F.2d 1334, 1338 (9th Cir. 1985) (in the Ninth Circuit, "courts have inherent power to dismiss an action when a party has willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice,"); *Minden Pictures, Inc. v. Pearson Educ.*, Inc., 929 F. Supp. 2d 962, 965 (N.D. Cal. 2013) ("*Pearson*"); pursuant to this Court's Standing Order For Motions For Summary Judgment (ECF No. 29) at § A(1) (requiring, for summary judgment motions, that the parties "thoroughly discuss each issue to be raised and the law and evidence

---

[2] *See Eclipse Group LLP v. Target Corp.*, No. 15CV1411-JLS (BLM), 2017 WL 2103573, at *11 (S.D. Cal. May 12, 2017) (noting rule that if a plaintiff 30(b)(6) witness testifies that she does not know the answer to defense counsel's questions, a plaintiff may be unable to offer evidence at trial on those topics); *citing, inter alia, QBE Ins. Corp. v. Jorda Enterprises, Inc.*, 277 F.R.D. 676, 690 (S.D. Fla. 2012) (a 30(b)(6) witness' '"we-don't-know' response can be binding on the corporation and prohibit it from offering evidence at trial on these points").

DEFENDANT LINE PBC'S NOTICE OF MOTION
AND MOTION FOR SANCTIONS

relevant to that issue"); and pursuant to this Court's Standing Order for Newly Assigned Civil Cases (ECF No. 11) at § G(1) (providing that counsel must meet and confer on motions in good faith and providing for sanctions including striking or denying motion, where party fails to comply).

Specifically, Line PBC seeks an order that the Court:

a. **<u>Strike certain evidence offered by August on summary judgment and preclude August from attempting to introduce this evidence at trial</u>**. Specifically:

1. <u>All of the "**Photographer Declarations**</u>" offered by the plaintiff in connection with summary judgment, namely the declarations of Art Streiber, Joe Pugliese, Alexi Lubomirski, Brian Bowen Smith, David Slijper, Shayan Asgharnia, Andrew Eccles, Austin Hargrave, Miller Mobley, Martin Schoeller, Bruno Van Mossevelde, and Mark Mann,[3] the existence of which August first disclosed to Line PBC when it served copies of these declarations on Line PBC on October 11, 2024, at 5:31 p.m.

    i. These declarations should be stricken, and plaintiff should be precluded from relying upon them at trial, as a sanction per Federal Rules of Civil Procedure, Rule 37(c)(1) and Rule 37(b)(2)(A)(i)-(vi), due to plaintiff's failure to properly identify these documents, in violation of Rule 26(a)(1)(A). Further, the relief requested is justified as an inherent authority sanction, due

---

[3] These declarations were submitted by August as evidence in support of its opposition to Line PBC's motion for summary judgment on standing, and in support of August's cross-motion on liability (ECF No. 59). They can be found on the docket in "Plaintiff's Joint Appendix of Evidence" (ECF No. 61) ("**P's JAF**") at pages 181 to 204 (of 317). All further page references to the "P's JAF" refer to the ECF system numbering.

DEFENDANT LINE PBC'S NOTICE OF MOTION
AND MOTION FOR SANCTIONS

to the plaintiff's bad faith in concealing their existence and
withholding them until the final few hours of fact discovery.
Further, the relief requested is also justified given that August
concealed their existence despite specific questions being posted
to it about whether such evidence would be offered to oppose
summary judgment, which violated this Court's standing order
Standing Order For Motions For Summary Judgment (ECF No.
29) at § A(1).

2.  <u>All of the "**Addendums**" to the Agency Agreements</u>, namely Exhibit
Nos. 42 (Art Streiber), 45 (Joe Pugliese), 48 (Alexi Lubomirski), 51
(Brian Bowen Smith), 54 (David Slijper), 57 (Shayan Asgharnia), 60
(Andrew Eccles), 63 (Austin Hargrave), 66 (Miller Mobley), 69
(Martin Shcoeller), and **72** (Mark Mann).[4]

   i.  These Addendums should be stricken as an inherent authority
sanction due to August's bad faith misconduct.  *See Pearson*, 929
F. Supp. 2d at 965; *Fjelstad*, 762 F.2d at 1338.  Specifically,
August's bad faith can be seen in not only backdating these
agreements in the first place to conceal the fact that all but one of
them were executed after this lawsuit was filed, but also in then
using the backdated Addendum for Art Streiber, which was
executed after this lawsuit was filed, as a key piece of evidence at
an IDC before Judge Sagar on August 15, 2024, in order to try
and convince this Court that August is not merely an "agent" of

---

[4] These Addendums were submitted by August as evidence in support of its
opposition to Line PBC's motion for summary judgment on standing, and in support
of August's cross-motion on liability (ECF No. 59).  They can be found on the
docket at P's JAF, pages 37, 42, 48, 54, 59, 64, 69, 74, 79, 84, and 90 (of 317).

DEFENDANT LINE PBC'S NOTICE OF MOTION
AND MOTION FOR SANCTIONS

the photographers, but rather an "exclusive licensee," based on language found in the backdated Addendums, but not in the original Agency Agreements.

3. <u>All of the "**ImageRights and PixMole Pictures**"</u> offered by the plaintiff as purported evidence of copying.  This means all of the pictures captured by the ImageRights and PixMole software systems and includes most of Exhibit No. 7.[5]

   i. These pictures should be stricken, and plaintiff should be precluded from relying upon them at trial, as a sanction per Federal Rules of Civil Procedure,  Rule 37(c)(1) and Rule 37(b)(2)(A)(i)-(vi), due to plaintiff's failure to timely identify these documents and the entities that provided them, in violation of Rule 26(a)(1)(A).  Further, the relief requested is justified as an inherent authority sanction, due to the plaintiff's bad faith in first denying that ImageRights was involved in this case, not identifying ImageRights and Pixmole in response to interrogatory number 12, delaying the production of documents which would have disclosed their involvement, amending its initial disclosures to add them as witnesses with only 16 days left in fact discovery, and then amending its initial disclosures again to remove them, after Line PBC provided notice that it would move to extend the fact discovery cutoff to seek information from these entities.

---

[5] Exhibit No. 7 can be found at ECF No. 61-1 ("Supplement Joint Appendix of Evidence Part 2"), pages 12 to 75 (of 308).  The entirety of Exhibit 7 should be stricken, except for the four images found at AUGUST000587, AUGUST000589, AUGUST000591, and AUGUST000592 (*i.e.*, the Human-Captured Screenshots with the blue search bar on top that Plaintiff's corporate representative Lauren Kelly testified she captured personally).

DEFENDANT LINE PBC'S NOTICE OF MOTION
AND MOTION FOR SANCTIONS

**b.  Preclude the plaintiff from calling certain witnesses at trial.**
Specifically:

4. **All of the "Photographers".** Namely: Alexi Lubomirski, Andrew
Eccles, Art Streiber, Austin Hargrave, Brian Bowen Smith, David
Slijper, Joe Pugliese, Mark Mann, Martin Schoeller, Miller Mobley,
Shayan Asgharnia, and Bruno & Nicoletta Van Mossevelde, all of
whom are identified as witnesses in plaintiff's final initial disclosures.

  i. The Photographers should be precluded from testifying for any
  purpose at trial as an inherent authority sanction: (1) due to the
  misrepresentations that August made to Judge Sagar at the IDC
  concerning whether these witnesses should have to appear for
  deposition via notice under Rule 30; (2) August's failure to
  collect and produce documents from the Photographers that were
  responsive to RFPs served on August, which August was
  obligated to do because it had a legal right to demand documents
  from them,; and (3) because August also improperly withheld the
  Photographers' contact information for months, and then
  provided outdated information.

5. **Any representative of ImageRights International, Inc. or Pixmole
Technologies, Ltd.** These entities were identified as potential
witnesses in August's third supplemental initial disclosures served
September 25, 2024.  However, August served a fourth supplemental
initial disclosures on October 3, 2024, removing them from its list of
potential witnesses.

  i. Representatives from these entities should be precluded from
  testifying for any purpose at trial as a sanction per Federal Rules of

- 6 -

DEFENDANT LINE PBC'S NOTICE OF MOTION
AND MOTION FOR SANCTIONS

Civil Procedure,  Rule 37(c)(1) and Rule 37(b)(2)(A)(i)-(vi), due to plaintiff's failure to timely identify these entities as witnesses, in violation of Rule 26(a)(1)(A).  Further, the relief requested is justified as an inherent authority sanction, due to August: (1) first denying that ImageRights was involved; (2) delaying producing documents that would have demonstrated its involvement and PixMole's involvement (which is a similar company that does the same thing); (3) adding them as potential witnesses on September 25, 2024, with less than a month left in fact discovery; (4) but then, after Line PBC sought to confer on a motion to extend the fact discovery cutoff so information could be sought from these entities, August removed them from its list of potential witnesses on October 3, 2024; (5) notwithstanding the removal of ImageRights and PixMole as witnesses, plaintiff has nevertheless sought to use picture evidence that these entities created in support of its case in chief.

c.  **Preclude the plaintiff from introducing certain evidence at trial.** Specifically:

6.  **Any evidence of plaintiff's purported lost profits, including the prior licenses.**  August should be barred from seeking to introduce *any* evidence of lost profits at trial, including prior licenses[6].

---

[6] August produced three sets of prior licenses: (1) redacted, high-dollar amount licenses for photos not at issue served on April 24, 2024 (AUGUST 176-197); (2) redacted, high-dollar amount licenses for photos not at issue served on October 7, 2024 (AUGUST 861-68); and (3) unredacted, low-dollar amount licenses for photos that *are* at issue served at 5:31 pm on October 11, 2024 (AUGUST 1103-1113). Exh. 112, ECF No. 61 at 205-215.

DEFENDANT LINE PBC'S NOTICE OF MOTION
AND MOTION FOR SANCTIONS

i.  August should be precluded from offering any evidence of its lost profits at trial because its 30(b)(6) representative was unable to answer any questions about August's profits at deposition. *See Eclipse Group*, 2017 WL 2103573, at *11; *QBE Ins. Corp.,* 277 F.R.D. at 690; *see also* Fed. R. Civ. P. 37(d).  Further, plaintiff should be precluded from introducing its outgoing licenses for any purpose, an inherent authority sanction, due August delaying the production of the most-relevant, most-harmful licenses until the last few hours of fact discovery, when it was too late to ask the plaintiff or anyone else about them.

**d.  <u>Issuing an instruction that will inform the jury of August's failure to disclose evidence</u>.**  If this case gets to trial, the jury should be informed about August's failure to disclose evidence. Fed. R. Civ. Proc., Rule 37(c)(1)(B).  Specifically, Line PBC asks for an instruction, as follows:

"August engaged in discovery abuse in this case by improperly withholding the licensing history for the photographs at issue.  As a sanction for its discovery abuse, August is barred from recovering damages for any profits it might have lost as a result of defendant's alleged infringement.  You may consider August's discovery abuse, and the licenses it delayed producing until the last day of discovery, in determining what other damages to award, if any."

**e.  <u>Awarding Line PBC monetary sanctions.</u>**  Finally, Line PBC respectfully requests that the Court order reimbursement of all of its costs and attorneys' fees caused by August's discovery misconduct, including the time spent preparing this motion. Fed. R. Civ. Proc., Rule 37(c)(1)(A).  Line PBC requests that any monetary sanctions be assessed

- 8 -

DEFENDANT LINE PBC'S NOTICE OF MOTION
AND MOTION FOR SANCTIONS

against both August Image, Inc. and the Doniger / Burroughs law firm, jointly and severally.

It will be August's burden to prove that its multiple discovery failures were substantially justified or harmless, but they were not; August's discovery failures appear to be intentional obstruction, and they go to the heart of important, disputed issues of standing and damages. *See* Fed. R. Civ. Proc. 37(c)(1).

This motion is made following the conference of counsel pursuant to Local Rule 7-3 which took place by videoconference on October 29, 2024.

Line PBC's motion is based upon this Notice of Motion and Motion, a separate Memorandum of Points and Authorities (subject of an application to seal); a Declaration of Morgan E. Pietz in Support of Line PBC's Motion for Sanctions (subject of an application to seal); Line PBC's Appendix of Exhibits in Support of its Motion for Sanctions (certain exhibits to which are subject of an application to seal); its separate Application to Seal, supported by a Declaration of Matthew A. Trejo in Support of Application to Seal; and on all exhibits, pleadings and papers on file in this action, including the parties' MSJ filings which are discussed herein (ECF Nos. 59, 61, 64) and upon such other matters as may be presented to the Court at the time of the hearing.

Respectfully submitted,                    PIETZ & SHAHRIARI, LLP

DATED: November 8, 2024        BY:  /s/ Morgan E. Pietz
                                            Morgan E. Pietz
                                            Matthew A. Trejo
                                            *Attorneys for Defendant*
                                            *Line Financial PBC*

DEFENDANT LINE PBC'S NOTICE OF MOTION
AND MOTION FOR SANCTIONS