Morgan E. Pietz (SBN 260629)
  morgan@pstrials.com
Matthew A. Trejo (SBN 320464)
  matt@pstrials.com
PIETZ & SHAHRIARI, LLP
6700 S. Centinela Avenue, 2nd Floor
Culver City, CA 90230
Telephone:  (310) 424-5557
Facsimile:   (310) 597-4626

Attorneys for Defendant
*LINE FINANCIAL PBC*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUGUST IMAGE, LLC, a New York Limited Liability Company,<br><br>    Plaintiff,<br><br>v.<br><br>LINE FINANCIAL PBC, a Delaware Corporation; and DOES 1-10,<br><br>    Defendant(s). | Case No. 2:23-cv-05492-MWC-AS<br><br>Assigned to: Honorable Michelle Williams Court, United States District Judge<br><br>Referred to: Honorable Alka Sagar, United States Magistrate Judge<br><br>Action Filed:          07/10/2023<br>Fact Discovery Cutoff: 10/11/2024<br>Final Pretrial Conf.:  02/07/2025<br>Trial Date:            02/24/2025<br><br>**DEFENDANT LINE FINANCIAL PBC'S OPPOSITION TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE (ECF No. 60)** |

-1-

# **OPPOSITION TO REQUEST FOR JUDICIAL NOTICE**

Defendant Line Financial PBC hereby submits its Opposition to Plaintiff's Request for Judicial Notice.

## I. ARGUMENT

Judicial notice of a fact is proper where the fact is "not subject to reasonable dispute because it (1) is generally knowing within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

### A. Judicial Notice Should Not Be Taken of the Purported Screen Shots of Defendant's Website

Plaintiff requests that the Court take judicial notice of purported screen shots of the home page of Defendant's website. See Exhibit 3 to the Doniger Declaration in Support of Plaintiff's Cross-Motion for Summary Judgment. However, "private corporate websites, particularly when describing their own business, generally are not the sorts of sources whose accuracy cannot reasonably be questioned." *Spy Optic, Inc. v. Alibaba.com, Inc*., 163 F. Supp. 3d 755, 763 (C.D. Cal. 2015) (quoting *Victaulic Co. v. Tieman*, 499 F.3d 227, 237 (3d Cir. 2007)); see also *In re Homestore.com, Inc. Sec. Litig*., 347 F. Supp. 2d 769, 782–83 (C.D.Cal.2004) ("Printouts from a web site do not bear the indicia of reliability demanded for other self-authenticating documents under Fed.R.Evid. 902. To be authenticated, some statement or affidavit from someone with knowledge is required....").

Here, the screenshots Plaintiff is requesting that the Court take judicial notice of are of a corporate website describing its business, which is not the sort of source whose accuracy cannot be disputed under Fed. R. Evid. 201(b). Anyone may purchase an internet address, and so, without some other means of authentication, it is improper to assume that a webpage is owned by a company merely because its trade name appears in the domain name. Moreover, Plaintiff has offered no means of authentication of the purported website screen shots. The Declaration of Stephen

Doniger simply states that "Exhibit 3 is a true and correct copy of Exhibit 3 to the deposition of Defendant," (Doniger Decl. ¶ 7), which is not a statement from someone with knowledge as required for authentication.

Therefore, the Court should deny Plaintiff's request for judicial notice with respect to purported screenshots of Defendant's website. If the Court is inclined to take judicial notice, it should be limited to the contents of the website and not the truth of the website's contents. *EVO Brands, LLC v. Al Khalifa Grp. LLC*, 657 F. Supp. 3d 1312, 1324 (C.D. Cal. 2023).

### B. Judicial Notice Should Not Be Taken for the Truth of the Information in Form D Filed with the SEC

Plaintiff also requests that the Court take judicial notice of Defendant's Form D filed with the SEC. See Exhibit 6 to the Doniger Declaration in Support of Plaintiff's Cross-Motion for Summary Judgment. Although Courts may take judicial notice of the existence and contents of SEC filings, they do not take judicial notice for the "truth of information contained in them." *In re American Apparel, Inc. Shareholder Litigation*, 855 F. Supp. 2d 1043, 1062 n. 143 (C.D. Cal. 2012). Therefore, to the extent the Cout takes judicial notice of Defendant's Form D filed with the SEC, it should be limited to the existence and contents of the filings, not for the truth of information contained therein.

### C. Judicial Notice Should Not Be Taken of the Printouts of the Copyright Office's Website

Finally, Plaintiff requests that the Court take judicial notice of two printouts of the Copyright Office's website purportedly showing Reg. No. VA 2-201-766 and Reg. No. VA 2-204-089. See Exhibits 201 and 202 to the Kelly Declaration in Support of Plaintiff's Cross-Motion for Summary Judgment. It is common practice for Courts to take judicial notice of copyright registration certificates. See e.g., *Warren v. Fox Family Worldwide, Inc*. 171 F. Supp. 2d 1057, 1062 (C.D. Cal. 2001) (granting judicial notice of a copyright registration certificate because it is the type

of document a court may judicially notice under Rule 201(b)(2)). However, that is not what Plaintiff is requesting the Court take judicial notice of here. Instead, Plaintiff is requesting that the Court take judicial notice of screen shots from a government website (copyright.gov) which provides certain information about works that have been registered with the Copyright Office. However, a screenshot of web page is not a substitute for a copyright registration certificate.

      Here, Plaintiff has submitted no authenticating documentation from the Copyright Office for these exhibits. *In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 769, 782–83 (C.D.Cal.2004) ("Printouts from a web site do not bear the indicia of reliability demanded for other self-authenticating documents under Fed.R.Evid. 902. To be authenticated, some statement or affidavit from someone with knowledge is required...."). Given the lack of corroboration, these exhibits cannot "be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201; *Vigil v. Walt Disney Co.*, No. C-95-1277-MHP, 1995 WL 621832, at *2 (N.D. Cal. Oct. 16, 1995) (denying request for judicial notice of copyright application that was "not date-stamped or accompanied by any verifying documentation from the Copyright Office"); see also *Baker v. FirstCom Music*, No. CV1608931VAPJPRX, 2018 WL 3583237, at *3 (C.D. Cal. Mar. 15, 2018), modified, No. LA16CV08931VAPJPRX, 2018 WL 3617884 (C.D. Cal. Apr. 6, 2018) (declining to take judicial notice of copyright application due to lack of corroboration from Copyright Office).

      Even if the Court is inclined to take judicial notice of the printouts, it should only take judicial notice of the contents of the website, and not take notice that the contents are true. *EVO Brands, LLC v. Al Khalifa Grp. LLC*, 657 F. Supp. 3d 1312, 1324 (C.D. Cal. 2023) ("A court may take judicial notice of the contents of a government website, but need not take notice that the contents of the website are true." (citations omitted). "When the contents comprise disputed facts, a court cannot take notice of their truth." *Ibid.* (citation omitted).

DEFENDANT LINE FINANCIAL PBC'S OPPOSITION TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE (ECF No. 60)

Here, the contents of the website printout comprise disputed facts. Specifically, Plaintiff is attempting to use the information in these website printouts to establish ownership of a valid copyright, which Defendant has disputed in its opposition to Plaintiff's cross-motion for summary judgment. Therefore, the Court should not take notice of the contents for their truth.

## A. CONCLUSION

For the foregoing reasons, Plaintiff's request for judicial notice should be denied. If the Court is inclined to grant some or all of Plaintiff's requests, then notice should be limited to the existence and contents of the exhibits but not the truth of their contents.

Respectfully Submitted,

Dated: November 15, 2024    PIETZ & SHAHRIARI, LLP

By: */s/ Matthew A. Trejo*
Morgan E. Pietz
Matthew A. Trejo
*Attorney for Defendant*
*Line Financial Health Network*