Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Benjamin F. Tookey (SBN 330508)
btookey@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUGUST IMAGE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>LINE FINANCIAL, PBC, et al.,<br><br>Defendants. | Case No. 2:23-cv-05492-MWC-AS<br><u>Hon. Michelle W. Court Presiding</u><br><br>**OBJECTION TO AND REQUEST TO STRIKE DEFENDANT'S NEW ARGUMENT RAISED FOR THE FIRST TIME ON REPLY** |

# MEMORANDUM OF POINT AND AUTHORITIES

The general rule is that a moving party must raise all of its legal arguments in its moving brief, rather than in reply. *Perez-Farias v. Glob. Horizons, Inc.*, 2009 WL 10690337, at *1 (E.D. Wash. Nov. 12, 2009). Otherwise, "absent the Court granting leave for the non-moving party to file a sur-reply brief, the non-moving party is essentially deprived of the opportunity to address these new arguments. It is simply a matter of fairness." *Id*. Thus Courts "need not consider arguments raised for the first time in a reply brief." *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (citing *Koerner v. Griggs*, 328 F.3d 1039, 1048 (9th Cir. 2003)).

Here, Defendant Line Financial, PBC improperly argues for the first time in its reply (Dkt. 77) that August's syndication agreements with the Photographers are purportedly ineffective "implied exclusive licenses." Line has known that August's claim to standing in this case arises from its role as the Photographers' exclusive licensee since the syndication agreements were executed—there is no justification for withholding its "implied exclusive license" argument (*id*. at 2-3, 7-9) until reply.

This is especially so given that Line grossly misrepresents the cases on which those arguments are based—namely, *Effects Associates, Inc. v. Cohen*, 908 F.2d 555 (9th Cir. 1990) and *Foad Consulting Group, Inc. v. Azzalino*, 270 F.3d 821 (9th Cir. 2001)—and Line did not make those misrepresentations in its affirmative motion (*see* Dkt. 59 at vi, 34-43). Indeed, Line does not cite *Foad Consulting* at all in the Joint Brief, and its affirmative motion (*id*. at 34-46) does not even *use* the word "implied." Line "could have addressed [this argument] in [its] Motion . . . , yet chose to do so in [its] reply brief." *See Miller v. Boilermaker-Blacksmith Nat'l Pension Tr.*, 2021 WL 6246625, at *2 (E.D. Wash. May 20, 2021).

By (seemingly purposefully) waiting until the reply, Line has deprived August of a full and fair opportunity to respond to this new argument, including why it is wrong and why Line's citations to *Effects Associates* and *Foad Consulting* are misleading and provide its new argument no support. Therefore, because Line's new

OBJECTION TO AND REQUEST TO STRIKE
DEFENDANT'S NEW ARGUMENT RAISED FOR THE FIRST TIME ON REPLY

argument "should have been included in the initial brief" yet was raised for the first time on reply, "as a matter of fairness, the Court should strike [Line's] new argument[.]" *See Miller*, 2021 WL 6246625 at *2.

Alternatively, this Court "should permit [August] to file [a] sur-reply brief[.]" *See id.*; *see also McGechie v. Atomos Ltd.*, 2023 WL 2918681, at *1 (E.D. Cal. Apr. 12, 2023) ("[D]efendant's reply appears to raise new arguments . . . . [P]laintiff has stated good cause for the filing of a sur-reply."); *Jordan v. Terhune*, 2009 WL 276764, *3 (E.D. Cal. Feb. 5, 2009) (citing *El Pollo Loco. v. Hashim*, 316 F.3d 1032, 1040-41 (9th Cir. 2003)) ("[W]hen a party has raised new arguments . . . in a reply to an opposition, the court may permit the other party to counter the new arguments[.]"); *Ioane v. C.I.R.*, 2010 WL 2600689, *3 (D. Nev. Mar. 11, 2010) ("Because Plaintiff's reply raised issues not in his initial motion, the Court grants Defendant leave to file a surreply and will consider Defendant's arguments raised in its surreply").

August's sur-reply, if allowed, will be "limited to addressing" why Line's improper new argument fails. *See Miller*, 2021 WL 6246625 at *2. August submits that it is important to permit it to address Line's specious new argument as it is based on improper readings of inapplicable cases. For example, Line misapplies *Effects Associates* and *Foad Consulting* to argue that the words of August's syndication agreements are inadequate. But *Effects Associates* and *Foad Consulting* address the **affirmative defense of implied license**[1] and have no application here.[2] In *Effects*

---

[1] *See* 9th Cir. Model Civ. Jury Instr. No. 17.25 ("Copyright—**Affirmative Defense—Implied License**") (stating "This instruction is based on *Effects Associates, Inc. v. Cohen*, 908 F.2d 555, 558-59 (9th Cir. 1990)," and citing *Foad Consulting Grp., Inc. v. Azzalino*, 270 F.3d 821, 825 (9th Cir. 2001) for statement that "[a] license may be implied by the parties' conduct") (emphasis added); *see also Interscope Recs. v. Time Warner, Inc.*, 2010 WL 11505708, at *5 (C.D. Cal. June 28, 2010) (stating that "*Foad Consulting*" and "*Effects Associates*," and "the three-factors shared by both cases—"creation of the work for defendants, delivery to defendants, and plaintiff's intent that defendants use the work"—go "to the **implied license defense**.") (emphasis added).

*Associates*, plaintiff created film footage at defendant's request and handed it over with the intent that defendant use it in a film. 908 F.2d at 558. The defendant contended, as a ***defense***, that he was transferred copyright ownership, but since ***there was no writing at all*** the panel rejected that argument because "a transfer of copyright ***without a written agreement*** . . . [does not] conform[] with the requirements of the Copyright Act." *Id*. at 555-58. The panel found no infringement because defendant had an implied license, based on plaintiff's conduct, to use the footage in the film.

Similarly, in *Foad Consulting*, 270 F.3d 821, defendant hired plaintiff to create a plan for a shopping project, which plaintiff did and delivered to defendant. *Id*. at 824. Plaintiff then agreed to create "final engineering drawings, including a revised plot plan," for the project, which it also delivered to defendant. *Id*. Defendant's successor then hired a developer to build the project, who in turn hired an engineering services firm (another defendant) that obtained copies of the revised plot plan that plaintiff had created and copied much of it in preparing final site plans for the project. *Id*. Plaintiff sued for infringement, claiming that defendants infringed his copyrights in the revised plot plan. *Id*. at 825. As a ***defense***, defendants asserted copyright ownership via transfer, but the panel rejected that argument because "[t]here [wa]s nothing in either contract between GenCom and Foad which purports to transfer any of Foad's exclusive rights to GenCom, and defendants do not point to any other

---

[2] Line conceded its implied license affirmative defense to infringement. Dkt. 59 at 88. And Line does not bother to even mention, much less argue, "(1) whether the parties were engaged in a short-term discrete transaction as opposed to an ongoing relationship; (2) whether the creator utilized written contracts . . . providing that copyrighted materials could only be used with the creator's future involvement or express permission; and (3) whether the creator's conduct during the creation or delivery of the copyrighted material indicated that use of the material without the creator's involvement or consent was permissible"—which "[t]he existence of an implied nonexclusive license in a particular situation turns on[.]" *Nelson-Salabes, Inc. v. Morningside Dev., LLC*, 284 F.3d 505, 514–17 (4th Cir. 2002).

writing that evidences a transfer of copyright." *Id*. at 824-25 (they only mentioned the creation of a "preliminary Concept Development Plan" showing the "location of the proposed buildings, parking lots, [and] landscape areas," the creation of "final engineering drawings" for the project, and "process[ing] the [various] plans"). The panel found no infringement because plaintiff, through conduct, granted defendants an implied license to use the revised plot plan when building the final project.

These cases contain no limiting language to the effect suggested by Line's new argument on reply—i.e., that a signed, written agreement is an implied nonexclusive license (and somehow not a sufficient writing under Section 204) unless its language mirrors Section 106's specific labels (i.e., "display," "distribution," etc.). Indeed, *DRK Photo v. McGraw-Hill Glob. Educ. Holdings, LLC*, on which Line heavily relies, lays waste to that very argument, explaining that the "[u]se of 'language purporting to transfer ownership . . . is not conclusive . . . [and] [w]e must consider the substance of the transaction,'" including in that case "the Assignment Agreements in conjunction with the Representation Agreements and the ongoing relationship between DRK and the individual photographers." *See* 870 F.3d 978, 986–87 (9th Cir. 2017).

Ultimately, nothing about August's exclusive rights requires implication, notwithstanding Line's contrary new argument. As Line has already admitted on the record, "August is the agent – an exclusive licensing agent is what the agreement says[.]" *See* Dkt. 68-1 at Ex. 124 at 9:3-10. "[A]s the photographers' licensing agent," August has "the power . . . to authorize third parties to reproduce, distribute, and display the photographs." *Minden Pictures, Inc. v. John Wiley & Sons, Inc.*, 795 F.3d 997, 1005 (9th Cir. 2015). That gives August exclusive copyright interests in the Subject Photographs and standing to redress Line's violations thereof.

Based on the foregoing, Line's improper new argument should be stricken or rejected, or alternatively August should be permitted to file a supplemental opposition brief to address Line's improper new argument.

|   |   |
|---|---|
| | Respectfully submitted, |
| Dated: November 18, 2024 | By: */s/ Stephen M. Doniger* |
| | Stephen M. Doniger, Esq. |
| | Benjamin F. Tookey, Esq. |
| | DONIGER / BURROUGHS |
| | *Attorneys for Plaintiff* |

## L.R. 11-6.2. Certificate of Compliance

Counsel for Plaintiff August Image, LLC certifies that Plaintiff's reply complies with the type-volume limitation of L.R. 11-6.1. This certification is made relying on the word count of the word-processing system used to prepare the document. Plaintiff's counsel further certifies that Plaintiff's reply contains fewer than 7,000 words, and complies with the word limit of L.R. 11-6.

|   |   |
|---|---|
| Dated: November 18, 2024 | By: */s/ Benjamin F. Tookey* |
| | Benjamin F. Tookey, Esq. |
| | DONIGER / BURROUGHS |
| | *Attorneys for Plaintiff* |