Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Benjamin F. Tookey (SBN 330508)
btookey@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUGUST IMAGE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>LINE FINANCIAL, PBC, et al.,<br><br>Defendants. | Case No. 2:23-cv-05492-MWC-AS<br><u>Hon. Michelle W. Court Presiding</u><br><br>**OBJECTION TO AND REQUEST TO STRIKE DEFENDANT'S NEW ARGUMENT AND EVIDENCE RAISED FOR THE FIRST TIME ON REPLY** |

# MEMORANDUM OF POINT AND AUTHORITIES

"The general rule is that a moving party must present all of its evidence or raise all of its legal arguments in a substantive brief, rather than in reply. When the moving party raises new arguments or presents new evidence in reply, absent the Court granting leave for the non-moving party to file a sur-reply brief, the non-moving party is essentially deprived of the opportunity to address these new arguments. It is simply a matter of fairness." *Perez-Farias v. Glob. Horizons, Inc.*, 2009 WL 10690337, at *1 (E.D. Wash. Nov. 12, 2009) (citations omitted).

Here, Defendant Line Financial, PBC improperly submits new evidence and arguments for the first time in its reply (Dkt. 86). Specifically, Line improperly submits new deposition testimony on reply (Dkt. 86-2, cited at Dkt. 86 at 2-3), and improperly raises new arguments that "there were also Rule 37(b) violations here" (Dkt. 86 at 5) and that the authenticated screenshots of Line's website and Instagram page displaying unauthorized copies of the Subject Photographs should be excluded under this Court's inherent authority (Dkt. 86 at 10). The Court should not consider any of the foregoing.

The deposition testimony Line submits and cites for the first time on reply should be disregarded. *Perez-Farias*, 2009 WL 10690337 at *1 ("Evidence submitted for the first time in a reply brief may be stricken."); *Tovar v. U.S. Postal Serv.*, 3 F.3d 1271, 1273 n.3 (9th Cir. 1993) (finding that new information submitted with reply brief was improper and striking the same); *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (recognizing that court may refuse to consider new evidence submitted with reply brief). There was no justification for Line withholding this evidence until reply, and Line offers none. Nor does the newly submitted testimony support Line's attempt at deflecting blame for its own failure to pursue discovery from the Photographers—all it shows is that Line did not ask August about declarations in August's deposition (at which Line exceeded the permitted seven hours on the record with August in any event), that August testified to its understanding of its syndication

1  agreements and addenda with the Photographers and the contents thereof, that
2  August's counsel properly instructed August's representative to not divulge protected
3  information in response to Line's questions that clearly asked for the same (such as
4  Line's counsel asking for a lay witness' (Ms. Kelly's) understanding of and
5  contentions regarding the legal doctrine of standing, and admitting that he was "trying
6  to get to what the theory is" on standing from a lay witness), and that Line failed to
7  timely test any of August's counsel's proper instructions (likely because any such test
8  would have failed). Therefore, Line's improper new evidence should be stricken.

9        Line's new arguments made for the first time on reply should likewise be
10 disregarded. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (stating courts
11 "need not consider arguments raised for the first time in a reply brief"). Line argues
12 for the first time on reply that the Photographers' testimony should be stricken
13 because "there were also Rule 37(b) violations here" (Dkt. 86 at 5). But that argument
14 fails because Rule 37(b) addresses only a "failure to comply with a court order," Line
15 admits it is "true" that "August has violated no court orders" (Dkt. 86 at 1), and Line
16 points to no orders allegedly violated (there are none).

17       Similarly, Line argues for the first time on reply that "inherent authority
18 sanctions" are warranted to exclude the authenticated screenshots of Line's website
19 and Instagram page evidencing Line's copying (Dkt. 86 at 10)—which Line did not
20 produce because Line destroyed its offending posts and now seeks to benefit from its
21 spoliation. That argument should be disregarded because Line's only request in its
22 affirmative motion with respect to this evidence was based on Rule 37(c). *See* Dkt. 82
23 at 22. The argument also fails because Line does not (and cannot) show the conduct
24 necessary to justify sanctions under the Court's inherent authority and Line cites no
25 authority supporting its new request. August complied with its discovery obligations
26 and made no misrepresentations, Line does not dispute that it has long known about
27 ImageRights, Line chose to attempt to ask August about ImageRights' business
28 (including at length during August's deposition) instead of simply subpoenaing

OBJECTION TO AND REQUEST TO STRIKE
DEFENDANT'S NEW ARGUMENT AND EVIDENCE RAISED FOR THE FIRST TIME ON REPLY

ImageRights, Line identifies no information contained in August's response to ROG 12 that is false (there is none), and Line failed to test August's response to ROG 12 if Line believed it was inadequate. Plus, none of this makes a difference with respect to August's standing or Line's liability for infringing August's rights in the Subject Photographs in any event—Line does not argue otherwise, nor does it rely on August's response to ROG 12 in any way in connection with the pending dispositive motions on standing and liability (*see* Dkt. 59, 61)—as ImageRights is just "a copyright and licensing agent to professional photographers, photo agencies, media companies and publishers who discover unlicensed uses of their works" (*see Hargis v. Pacifica Senior Living Mgmt. LLC*, 2023 WL 6373869, at *2 (C.D. Cal. 2023)).

Line "could have addressed [these arguments] in [its] Motion . . . , yet chose to do so in [its] reply brief." *See Miller v. Boilermaker-Blacksmith Nat'l Pension Tr.*, 2021 WL 6246625, at *2 (E.D. Wash. May 20, 2021). By waiting until the reply, Line has deprived August of a full and fair opportunity to respond to these new arguments, including why they are wrong. Because Line's new arguments "should have been included in the initial brief" yet were first raised on reply, "as a matter of fairness, the Court should strike [Line's] new arguments[.]" *See Miller*, 2021 WL 6246625 at *2.

Alternatively, August should be permitted to file a supplemental opposition brief to address Line's improper new evidence and arguments. *See McGechie v. Atomos Ltd.*, 2023 WL 2918681, at *1 (E.D. Cal. Apr. 12, 2023) ("[D]efendant's reply appears to raise new arguments . . . . [P]laintiff has stated good cause for the filing of a sur-reply."); *Jordan v. Terhune*, 2009 WL 276764, *3 (E.D. Cal. Feb. 5, 2009) (citing *El Pollo Loco. v. Hashim*, 316 F.3d 1032, 1040-41 (9th Cir. 2003)) ("[W]hen a party has raised new arguments . . . in a reply to an opposition, the court may permit the other party to counter the new arguments[.]"); *Ioane v. C.I.R.*, 2010 WL 2600689, *3 (D. Nev. Mar. 11, 2010) ("Because Plaintiff's reply raised issues not in his initial motion, the Court grants Defendant leave to file a surreply and will consider Defendant's arguments raised in its surreply").

Respectfully submitted,

Dated: December 2, 2024    By:    */s/ Stephen M. Doniger*
Stephen M. Doniger, Esq.
Benjamin F. Tookey, Esq.
DONIGER / BURROUGHS
*Attorneys for Plaintiff*

## L.R. 11-6.2. Certificate of Compliance

Counsel for Plaintiff August Image, LLC certifies that Plaintiff's memorandum complies with the type-volume limitation of L.R. 11-6.1. This certification is made relying on the word count of the word-processing system used to prepare the document. Plaintiff's counsel further certifies that Plaintiff's memorandum contains fewer than 7,000 words, and complies with the word limit of L.R. 11-6.

Dated: December 2, 2024    By:    */s/ Benjamin F. Tookey*
Benjamin F. Tookey, Esq.
DONIGER / BURROUGHS
*Attorneys for Plaintiff*