UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-05492 MWC (ASx)                    Date:  December 17, 2024

Title       August Image, LLC v. Line Financial, PBC *et al.*

Present: The Honorable:     Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings: (IN CHAMBERS) ORDER GRANTING IN PART AND DENYING IN
PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION
FOR PARTIAL SUMMARY JUDGMENT (DKT. 59); ORDER DENYING
WITHOUT PREJUDICE DEFENDANT'S MOTION FOR SANCTIONS
(DKT. 68); AND MOOTING PLAINTIFF'S REQUEST FOR JUDICIAL
NOTICE (DKT. 60)**

Before the Court are cross motions for summary judgment jointly filed by the
parties.  Dkt. # 59 ("*Joint MSJ*").  Defendant Line Financial PBC ("Line PBC" or
"Defendant") filed a motion for summary judgment on standing, *id.* at 34–47, whereas
Plaintiff August Image, LLC ("August" or "Plaintiff") filed a motion for partial summary
judgment on direct copyright infringement liability.  *See id.*  Both parties opposed, *see
id.*, and filed replies in support of their motions, Dkts. # 76 ("*Line Reply*"), 77 ("*Aug.
Reply*").

Also before the Court is Line PBC's motion for sanctions pursuant to Federal Rule
of Civil Procedure ("Rule") 37 and the Court's inherent powers.  Dkt. # 68 ("*Sanctions
Mot.*").  August opposed and requested sanctions.  Dkt. # 85 ("*Sanctions Opp.*").

Having considered the papers and oral argument on December 13, 2024, the Court
**GRANTS IN PART AND DENIES IN PART** Line PBC's motion for summary
judgment, **GRANTS IN PART AND DENIES IN PART** August's motion for partial
summary judgment, **DENIES WITHOUT PREJUDICE** Line PBC's motion for
sanctions, and **DENIES WITHOUT PREJUDICE** Augusts request for sanctions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-05492 MWC (ASx)                    Date:  December 17, 2024

Title       August Image, LLC v. Line Financial, PBC *et al.*

I.      Background

       August, a full-service rights managed collection, represents an elite group of
portrait, lifestyle, beauty, and fashion photographers for editorial and commercial
licensing.  Dkt. # 45 ("*FAC*") ¶ 4.; Dkt. # 59-1 ("*JAF*") ¶ 101.  Line PBC owns and
operates a commercial website and its related/affiliated subdomains, mobile websites,
social media pages, and applications (collectively, "Line PBC's Websites").  *Id.* ¶¶ 248–
253.

       A.      Subject Photographs

       This case concerns the alleged copyright infringement of 18 original photographs
registered with the U.S. Copyright Office and the copyrights therein (collectively, the
"Subject Photographs").[1]

       The Subject Photographs include:

- **AU1955961, AU179089, and AU213782 by Art Streiber**.  Subject
  Photograph AU1955961 is allegedly registered with the Copyright Office
  under Reg. No. VA 2-201-766 as of March 31, 2020.  Dkt. # 61-1 at 261–76
  ("*Kelly Decl.*"), Ex. 201.  Copyright No. VA 2-201-766 does not explicitly
  refer to any of Subject Photograph.  The Court addresses such in Section III.
  Subject Photograph AU179089 allegedly is registered with the Copyright
  Office under Reg. No. VA 2-141-902 as of March 11, 2019.  *Id.*, Ex. 76.
  Copyright No. VA 2-141-902 does not explicitly refer to any of Subject
  Photograph.  The Court addresses such in Section III.  Subject Photograph
  AU213782 is registered with the Copyright Office under Reg. No. VA 2-204-
  089 as of April 15, 2020.  *Id.*, Ex. 202.

---

[1]  August initially alleged copyright infringement of 19 photographs, which included a
photograph (AU2235159) by Arielle Bobb-Willis.  *See FAC*, Ex. 1.  Line PBC argues
that August failed to "prove up chain of title" for Arielle Bob-Willis, *Joint MSJ* at 46:6–
7, and August acknowledged the flaw in documentation, *id.* at 51 n.37.  Accordingly, the
Court **GRANTS** Line PBC's summary judgment motion to the extent it relates to
August's claim for photograph AU2235159 by Arielle Bobb-Willis.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-05492 MWC (ASx)                    Date:  December 17, 2024

Title      August Image, LLC v. Line Financial, PBC *et al.*

- **AU1955890 and AU1387317 by Joe Pugliese ("Pugliese")**.  Subject Photographs AU1955890 and AU1387317 are allegedly registered with the Copyright Office under Reg. No. VAu 1-163-131 as of January 21, 2014. *Id.*, Ex. 74.  Copyright No. VAu 1-163-131 does not explicitly refer to any Subject Photograph.  The Court addresses such in Section III.

- **AU2305864 and AU2301788 by Alexi Lubomirski ("Lubomirski")**.  Subject Photograph AU2305864, published February 2018, is registered with the Copyright Office under Reg. No. VA 2-274-844 as of October 19, 2021. *Id.*, Ex. 75.  Subject Photograph AU2301788, published July 2019, is registered with the Copyright Office under Reg. No. VA 2-268-158 as of September 21, 2021. *Id.*, Ex. 79.

- **AU1390084 by Brian Bowen Smith ("Smith")**.  Subject Photograph AU1390084, published December 2013, is registered with the Copyright Office under Reg. No. VA 2-294-743 as of March 9, 2022. *Id.*, Ex. 77.

- **AU2149055, AU2149064, and AU2149040 by David Slijper ("Slijper")**. Subject Photographs AU2149055, AU2149064, and AU2149040, published November 2014, are registered with the Copyright Office under Reg. No. VA 2-323-663 as of October 5, 2022. *Id.*, Ex. 78.

- **AU2363315 by Shayan Asgharnia ("Asgharnia")**.  Subject Photograph AU2363315, published December 2021, is registered with the Copyright Office under Reg. No. VA 2-286-920 as of February 4, 2022. *Id.*, Ex. 80.

- **AU11251088 by Andrew Eccles ("Eccles")**.  Subject Photograph AU11251088, published January 2014, is registered with the Copyright Office under Reg. No. VA 2-334-439 as of December 15, 2022. *Id.*, Ex. 81.

- **AU1508967 by Austin Hargrave ("Hargrave")**.  Subject Photograph AU1508967, published September 2014, is registered with the Copyright Office under Reg. No. VA 2-227-879 as of October 12, 2020. *Id.*, Ex. 82.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-05492 MWC (ASx)                              Date:  December 17, 2024

Title        August Image, LLC v. Line Financial, PBC *et al.*

- **AU11161901 by Miller Mobley ("Mobley")**.  Subject Photograph
  AU11161901, published December 2017, is registered with the Copyright
  Office under Reg. No. VA 2-227-659 as of November 9, 2020.  *Id.*, Ex. 83.

- **AU11234878 by Martin Schoeller ("Schoeller")**.  Subject Photograph
  AU11234878, published in 2018, is registered with the Copyright Office under
  Reg. No. VA 2-209-628 as of June 19, 2020.  *Id.*, Ex. 84.

- **AU11037582 by Bruno Van Mossevelde ("Mossevelde")**.  Subject
  Photograph AU11037582, published October 2016, is registered with the
  Copyright Office under Reg. No. VA 2-110-334 as of July 13, 2018.  *Id.*, Ex.
  85.

- **AU1561939 by Mark Mann ("Mann")**.  Subject Photograph AU1561939,
  published October 2014, is registered with the Copyright Office under Reg.
  No. VA 2-326-585 as of October 31, 2022.  *Id.*, Ex. 87.

Each registration identifies both the "Author" and the "Copyright Claimant" as an
individual photographer, not August.  *JAF* ¶ 5.

B.        Agency Agreements

        August represents the photographers who took the Subject Photographs
(collectively, the "Photographers") through agency agreements (collectively, the "Agency
Agreements").  Dkt. # 61 at 1–5 ("*Pietz Decl.*"), Ex. 41 ("*Streiber Agreement*"), Ex. 44
("*Pugliese Agreement*"), Ex. 47 ("*Lubomirski Agreement*"), Ex. 50 ("*Smith Agreement*"),
Ex. 53 ("*Slijper Agreement*"), Ex. 56 ("*Asgharnia Agreement*"), Ex. 59 ("*Eccles
Agreement*"), Ex. 62 ("*Hargrave Agreement*"), Ex. 65 ("*Mobley Agreement*"), Ex. 68
("*Schoeller Agreement*"), Ex. 71 ("*Mann Agreement*"); *Kelly Decl.*, Ex. 200
("*Mossevelde Agreement*").  There are, however, relevant nuances in some of the
agreements.  The Agency Agreements with the Photographers made August their
"exclusive worldwide agent, with the right of first refusal, for the sale, licensing and
other promotion of the photographic images [for editorial and commercial use] that you
during the Term hereof (or have created in the past, insofar as such Images are available
for licensing pursuant to the terms of any agreements you may have with any third
parties) (together, the 'Images')."  *Streiber Agreement*; *Pugliese Agreement*; *Lubomirski*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-05492 MWC (ASx)                    Date:  December 17, 2024

Title    August Image, LLC v. Line Financial, PBC *et al.*

*Agreement*; *Smith Agreement*; *Slijper Agreement*; *Asgharnia Agreement*; *Eccles Agreement*; *Hargrave Agreement*; *Mobley Agreement*; *Schoeller Agreement*; *Mann Agreement*; *Mossevelde Agreement* (using similar language).  Those Photographers agreed to "not sell or transfer any ownership interest in any Images accepted by [August] . . . to any person, licensing agent or other entity for sale, licensing or exploitation," "to terminate any existing agreements that would violate [August's] appointment as [their] exclusive agent," and to "not enter into any agreement for the sale, licensing and other exploitation of the Images[.]"  *Id.*  "The parties acknowledge[d] and agree[d] that all right, title and interest in and to [the Subject Photographs], including but not limited to copyright therein, shall be owned solely, in perpetuity, in any and all media, and throughout the world, by [the Photographer]."  *Id.*  Notably, only the Agency Agreements with Lubomirski, Slijper, and Asgharia include language that the photographers "grant[ed] August the right to hold the copyright in [the Images] only to the extent that such is required for the licensing purposes."  *Lubomirski Agreement*; *Slijper Agreement*; *Asgharnia Agreement*.  Also, the Agency Agreements produced for Smith, Eccles, Mann, Asgharnia, and Slijper, explicitly authorize August to "make or institute a claim or suit in [the Photographer's] name without [their] prior approval to do so."  *Smith Agreement*; *Eccles Agreement*; *Mann Agreement*; *Asgharnia Agreement*; *Slijper Agreement.*  The Agency Agreements remain in full force and effect.  *JAF* ¶¶ 106, 115, 126, 133, 142, 151, 160, 169, 178, 187, 196, 205.

    C.    Image Rights Agreement

On June 12, 2017, August entered into an agreement with ImageRights International, Inc. ("ImageRights") (the "ImageRights Agreement"), appointing ImageRights as August's exclusive agent with authorization to attempt to settle and/or license a "Recovery Asset."  *Pietz Decl.*, Ex. 90.  A "Recovery Asset" is defined as "one or more unauthorized uses of the "Content," whereas "Content is defined as "certain images" in which August "is the copyright owner or the exclusive licensee to one or more rights contained in 17 U.S.C. § 106."  *Id.*  The Recovery Asset thus includes the Subject Photographs (i.e., if August is deemed a copyright owner or exclusive licensee to one or more rights of the Subject Photographs).[2]

---

[2]  Line PBC appeared to dispute that the "Recovery Asset[s]" include the Subject Photographs.  *JAF* ¶ 48.  However, at oral argument, Line PBC clarified that it does not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-05492 MWC (ASx)                    Date:  December 17, 2024

Title     August Image, LLC v. Line Financial, PBC *et al.*

The ImageRights Agreement grants the following:

1.  [August] hereby appoint[s] ImageRights, and ImageRights hereby accepts such appointment, as [August's] exclusive agent with respect to the settlement of each Recovery Asset [including the Subject Photographs], which may include the right to grant licenses for both past and/or future uses of each Recovery Asset.

2.  Subject to [August's] prior approval of the general terms and conditions for each Recovery Asset [including the Subject Photographs], ImageRights shall have discretion, based thereon, to negotiate the specific terms and conditions of any settlement fee and/or license of each Recovery Asset [including the Subject Photographs].

3.  Subject to the terms and conditions herein and by mutual agreement with [August], ImageRights shall have the authority, directly and on [August's] behalf, to engage with one or more attorneys in connection with a given Recovery Asset [including the Subject Photographs.]

*Id.*

    D.    <u>Accused Posts</u>

Plaintiff asserts that Defendant "copied, stored, displayed, reproduced, distributed, created derivative works of, and/or otherwise exploited the Subject Photographs on [Defendant's] Websites without a license, authorization, or consent from August." (collectively, the "Accused Posts").  *FAC* ¶¶ 8–9.  The following is an example of the Accused Posts:

---

dispute this fact and instead relies on it to further its arguments.  Therefore, the Court treats this fact as undisputed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:23-cv-05492 MWC (ASx)                    Date:  December 17, 2024

Title      August Image, LLC v. Line Financial, PBC *et al.*



*Id.*, Ex. 1.  The other Accused Posts include most of the same elements, including a text box which relates to a story about the subject of the photographs, some of which are whiter, and others are grayer, suggesting that there were multiple frames for the story, and the photo that appears as part of the multimedia web story on the right is cropped differently than the photo on the left.  *JAF* ¶ 59.  The Accused Posts can be described as blog posts/stories.  *Id.* ¶ 256.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:23-cv-05492 MWC (ASx)                      Date:  December 17, 2024

Title      August Image, LLC v. Line Financial, PBC *et al.*

## II.   Legal Standard

"A party may move for summary judgment, identifying each claim or defense—or
the part of each claim or defense—on which summary judgment is sought.  The court
shall grant summary judgment if the movant shows that there is no genuine dispute as to
any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ.
P. 56(a).  An issue of fact is "genuine" only if there is sufficient evidence for a
reasonable fact finder to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242, 248 (1986).  A fact is "material" if it may affect the outcome of the case,
and the "substantive law [ ] identif[ies] which facts are material." *Id.*  "Only disputes
over facts that might affect the outcome of the suit under the governing law will properly
preclude the entry of summary judgment." *Id.*

A party seeking summary judgment bears the initial burden of informing the court
of the basis for its motion and identifying those portions of the pleadings and discovery
responses that demonstrate the absence of a genuine issue of material fact. *See Celotex
Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the nonmoving party will have the burden
of proof at trial, the movant can prevail by pointing out that there is an absence of
evidence to support the nonmoving party's case. *See id.*  If the moving party meets its
initial burden, the nonmoving party must set forth, by affidavit or as otherwise provided
in Rule 56, "specific facts showing that there is a genuine issue for trial." *Anderson v.
Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The evidence presented by the parties
must be capable of being presented at trial in a form that would be admissible in
evidence. *See* Fed. R. Civ. P. 56(c)(2).  "In judging evidence at the summary judgment
stage, the court does not make credibility determinations or weigh conflicting evidence."
*Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). The court must
draw all reasonable inferences in the non-moving party's favor. *In re Oracle Corp*, 627
F.3d at 387 (citing *Anderson*, 477 U.S. at 255).

## III.   Evidentiary Objections

Line PBC lodges a litany of conclusory evidentiary objections. *See* Dkt. 59-2
("*JAO*").  "When determining a motion for summary judgment, the court may only
consider evidence admissible at trial, though the form may be different at the summary
judgment stage." *Godinez v. Alta-Dena Certified Dairy, LLC*, No. CV 15-01652 RSWL
(SSx), 2016 WL 6915509, at *3 (C.D. Cal. Jan. 29, 2016).  In the context of a summary

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:23-cv-05492 MWC (ASx)                          Date:  December 17, 2024

Title        August Image, LLC v. Line Financial, PBC *et al.*

judgment, a district court "must also rule on evidentiary objections that are material to its
ruling."  *Norse v. City of Santa Cruz*, 629 F.3d 966, 973 (9th Cir. 2010).

As a preliminary matter, the Court takes judicial notice of the certificates of
registration and printouts from the Copyright Office's Public Catalog issued for the
Subject Photographs.  Fed. R. Evid. 201; *see Warren v. Fox Family Worldwide, Inc.*, 171
F. Supp. 2d 1057, 1062 (C.D. Cal. 2001) (granting judicial notice of a copyright
registration certificate); *Gerritsen v. Warner Bros. Entertainment, Inc.*, 112 F. Supp. 3d
1011, 1033–34 (noting that courts can take judicial notice of "[p]ublic records and
government documents available from reliable sources on the Internet," such as websites
run by governmental agencies) (quoting Fed. R. Evid. 201); *Kaseberg v. Conaco, LLC*,
360 F. Supp. 3d 1026, 1029 n.2 (S.D. Cal. 2018) ("The Court may take judicial notice of
the printouts from the copyright catalog provided by Plaintiff.").

"'[O]bjections to evidence on the ground that it is irrelevant, speculative, and/or
argumentative, or that it constitutes an improper legal conclusion, are all duplicative of
the summary judgment standard itself and unnecessary to consider here."  *Holt v. Noble
House Hotels & Resort, LLC*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) (alteration
omitted) (quoting *Burch*, 433 F. Supp. 2d at 1119) (citing *Anderson v. Liberty Lobby,
Inc.*, 477 U.S. 242, 248 (1986)); *see also Sandoval v. Cnty. of San Diego,* 985 F.3d 657,
665 (9th Cir. 2021).  Accordingly, the Court **OVERRULES** Line PBC's objections that
August's evidence—the opinions of Kelly and the Photographers—constitutes improper
legal conclusions.  *Holt*, 370 F. Supp. 3d at 1164.

At the summary judgment stage, the Court "do[es] not focus on the admissibility
of the evidence's form" but "instead focus[es] on the admissibility of its contents."
*Fraser v. Goodale*, 342 F.3d 1032, 1036–37 (9th Cir. 2003).  Accordingly, except in the
rare instances in which the objecting party demonstrates with specificity that the subject
evidence could not be produced in a proper format at trial, the Court does not consider
any objections on the grounds that the evidence "constitutes hearsay or inadmissible lay
opinion, or that there is a lack [of] personal knowledge."  *Holt*, 379 F. Supp. 3d at 1164
(citing *Burch*, 433 F. Supp. 2d at 1122); *see also Sandoval*, 985 F.3d at 667 (foundation
objections "provide[ ] no basis for excluding the evidence" where the objecting party
does not provide counterparty with "notice of the specific ground of objection and,
consequently, what could be done to cure any defects").  Relatedly, objections based on a
failure to comply with the technicalities of authentication requirements, or the best

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:23-cv-05492 MWC (ASx)                        Date:  December 17, 2024

Title       August Image, LLC v. Line Financial, PBC *et al.*

evidence rule are inappropriate.  *See Adams v. Kraft*, 828 F. Supp. 2d 1090, 1108 n.5
(N.D. Cal. Oct. 25, 2011) ("On summary judgment, unauthenticated documents may be
considered where it is apparent that they are capable of being reduced to admissible
evidence at trial."); *Hughes v. United States*, 953 F.2d 531, 543 (9th Cir. 1992) (holding
that court was not precluded from considering declaration in awarding summary
judgment even if declaration violated best evidence rule if the underlying facts would be
admissible as evidence at trial).  Considering these standards, the Court specifically
sustains and overrules the following objections:

- The Court **SUSTAINS** the following Line PBC's objections for lack of
  foundation brought pursuant to Federal Rule of Evidence ("FRE") 901:  (1)
  Exhibit 7 as to the Pixmole and ImageRights screenshots, and (2) Subject
  Photographs AU1955890, AU1387317, AU1955961, and AU179089.  First,
  Exhibit 7 includes three types of pictures—taken by PixMole, ImageRights,
  and/or were human-captured—of the Accused Posts that August has
  compounded.  *See JAE*, Ex. 7.  Line PBC argues that August has not
  authenticated the pictures by PixMole and ImageRights, which were generated
  by software created by their respective companies.  *Joint MSJ* 31:9–32:2.  The
  Court agrees.[3]  Furthermore, as to Subject Photographs AU1955890,
  AU1387317, AU1955961, and AU179089, August has failed to establish that
  those photographs are covered by a copyright registration.[4]

---

[3]  August attempts to lay foundation to the PixMole and ImageRights captures by citing
to Line PBC's deposition testimony.  Dkt. # 61 at 221–24 ("*Doniger Decl.*"), Ex. 1 at
81:15–83:10, 84:6–15.  That testimony, however, is ambiguous and does not properly lay
foundation:  *Id.* at 81:15–83:10, 84:6–15.  Line PBC only testifies that it recognizes the
images on the screen but does not state that images were posts on its website.
Accordingly, foundation is lacking as to the PixMole and ImageRights captures that
include all the screenshots in Exhibit 7 except those taken by Kelly:  AU2149040,
AU2363315, AU1387317, and AU11234878.  At this juncture, the Court will not
consider the PixMole and ImageRights screenshots because it is not certain that August
can lay foundation at trial.  *Cf. Fraser*, 342 F.3d at 1036–37 (declining to exclude hearsay
statements because in alternate form the testimony could be admitted at trial).

[4]  Line PBC asserts that the Pugliese copyright registration (No. VAu 1-163-131) does
not explicitly reference Subject Photographs AU1955890 and AU1387317, and that the

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-05492 MWC (ASx)                          Date:  December 17, 2024

Title      August Image, LLC v. Line Financial, PBC *et al.*

- The Court **OVERRULES** Line PBC's objections to the admissibility of
  screenshots of its websites as it is apparent that these screenshots would be
  admissible at trial.  First, the best evidence rule is inapplicable to screenshots
  of a website.  *See* Fed. R. Evid. 1002; *see also Cordas v. Uber Techs., Inc.*, 228
  F. Supp. 3d 985, 989 (N.D. Cal. 2017) ("Similarly, no original of the
  screenshots is required because they are not a writing, recording, or
  photograph.... It is difficult, if not impossible, to conceive of how an 'original'
  screenshot would be presented."); *Needleman v. Golden 1 Credit Union*, 474 F.
  Supp. 3d 1097, 1101 n.1 (N.D. Cal. Jul. 2020) (quoting *Cordas*).  And second,
  the screenshots can be authenticated by testimony from personal knowledge.
  *See Cordas*, 228 F. Supp. at 989 (authentications of screenshots can be
  authenticated by testimony from personal knowledge) (citing Fed. R. Evid.
  901(b)(1)).  However, the only screenshots admitted are those humanly

---

Streiber copyright registrations (No. VA 2-201-766, No. VA 2-141-902, and No. VA 2-
204-089) do not explicitly reference Subject Photographs AU1955961, AU213782, and
AU179089.  *Joint MSJ* 28:13–20.  Pugliese, in his declaration, states that he is the
copyright owner of Subject Photographs AU1955890 and AU1387317.  Dkt. # 61-1 at
185–86 ("*Pugliese Decl.*"), ¶ 3–4.  Similarly, Streiber, in his declaration, states that he is
the copyright owner of Subject Photographs AU1955961, AU213782, and AU179089.
Dkt. # 61-1 at 175–76 ("*Streiber Decl.*"), ¶ 3–4.  However, unlike the other registrations
that are self-authenticating and explicitly refer to Subject Photographs, foundation is
lacking as to the registration of Pugliese's AU1955890 and AU1387317 and Streiber's
AU1955961 and AU179089.  At this stage, it is not clear that Pugliese and Streiber
registered the copyright or how they would otherwise know that those Subject
Photographs are covered by the claimed copyright registrations.  Although the Court
finds that proper foundation may be laid at trial, it is not definite in this instance.  *See
Alaska Stock, LLC v. Pearson Educ., Inc.*, 975 F. Supp. 2d 1027, 1040 (D. Alaska 2013)
("[T]he certificates of registration in this case do not provide the details necessary to
confirm that the image or images relating to Alaska Stock's claims are the same images
underlying the certificates of registration.  Under these circumstances, the Court
concludes that a genuine issue of material fact exists such that summary judgment in
favor of Alaska Stock is inappropriate[.]").  As to Streiber's AU213782, registration No.
VA 2-204-089 identifies the Subject Photograph under "aoa_antoniobanderasblack_6205.
*Kelly Decl.*, Ex. 202.  Accordingly, August has sufficiently established the registration of
AU213782.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:23-cv-05492 MWC (ASx)                     Date:  December 17, 2024

Title       August Image, LLC v. Line Financial, PBC *et al.*

captured by Kelly that cover:  AU2149040, AU2363315, AU1387317, and
AU11234878.  The remaining screenshots lack foundation.

Insofar as the Court relies on any other objected-to evidence, it relies on only
admissible evidence and, therefore, **OVERRULES** those objections.  *See Godinez*, 2016
WL 6915509, at *3.

IV.    Discussion

    A.    Standing

        i.    *Legal Standard*

A plaintiff must "have 'standing' to challenge the action sought to be adjudicated
in the lawsuit."  *Valley Forge Christian Coll. v. Ams. United for Separation of Church &
State, Inc.*, 454 U.S. 464, 471 (1982).  The "irreducible constitutional minimum" of
Article III standing has three elements:  (1) "the plaintiff must have suffered an injury in
fact—an invasion of a legally protected interest" that is "concrete and particularized" and
"actual or imminent"; (2) "there must be a causal connection between the injury and the
conduct complained of"; and (3) "it must be likely, as opposed to merely speculative, that
the injury will be redressed by a favorable decision."  *Lujan v. Defs. of Wildlife*, 504 U.S.
555, 560–61 (1992) .  The plaintiff, as the party invoking federal jurisdiction, has the
burden of establishing these elements.  *See id.* at 561.  Article III standing bears on the
court's subject matter jurisdiction.  *See Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th
Cir. 2011).  Although it briefly refers to Article III standing, Line PBC's motion does not
discuss Article III requirements or analyze the Court's power to adjudicate this action.
Instead, Line PBC focuses on whether August has a statutory right to sue for
infringement under the Copyright Act.

Section 501(b) of the Copyright Act establishes the general standing requirements
for claims of infringement.  *See DRK Photo v. McGraw-Hill Glob. Educ. Holdings, LLC*,
870 F.3d 978, 982–83 (9th Cir. 2017).  It provides, in relevant part, that "[t]he legal or
beneficial owner of an exclusive right under a copyright is entitled, subject to the
[registration] requirements of section 411, to institute an action for any infringement of
that particular right committed while he or she is the owner of it."  17 U.S.C. § 501(b).
Section 106 sets forth an exhaustive list of exclusive rights.  *Id.* § 106; *see Silvers v. Sony*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-05492 MWC (ASx)                          Date:  December 17, 2024

Title      August Image, LLC v. Line Financial, PBC *et al.*

*Pictures Ent., Inc.*, 402 F.3d 881, 887 (9th Cir. 2005) (en banc).  "They are the rights 'to do and to authorize' others to do six things with the copyrighted work: to reproduce the work, to prepare derivative works based upon the work, to distribute copies of the work, to perform the work publicly, to display the work publicly, and to record and perform the work by means of an audio transmission."  *Minden Pictures, Inc. v. John Wiley & Sons, Inc.*, 795 F.3d 997, 1002 (9th Cir. 2015) ("*Wiley*") (quoting 17 U.S.C. § 106).  "Any of the exclusive rights comprised in a copyright, including any subdivision of any of the rights specified by section 106, may be transferred . . . and owned separately."  17 U.S.C. § 201(d)(2).  "[E]ither an *assignment* (which transfers legal title to the transferee) or an *exclusive license* (which transfers an exclusive permission to use to the transferee) qualifies as a 'transfer' of a right in a copyright for the purposes of the Act."  *Wiley*, 795 F.3d at 1003; *accord* 17 U.S.C. § 101.  By contrast, a mere "nonexclusive license" does not constitute a "transfer of copyright ownership" and therefore cannot confer standing to assert an infringement claim.  *See* 17 U.S.C. § 101.

"Only the copyright owner, or the owner of exclusive rights under the copyright, as of the time the acts of infringement occur, has standing to bring an action for infringement of such rights."  3–12 Nimmer on Copyright § 12.02 [B]; *see Oskar Sys., LLC v. Club Speed, Inc.*, 745 F. Supp. 2d 1155, 1159–60 (C.D. Cal. 2010) (finding that copyright holder of source code for computer program lacked standing to bring copyright infringement claim because the alleged infringement occurred before assignment of copyright).  "A transfer of copyright ownership, other than by operation of law, is not valid unless an instrument of conveyance, or a note or memorandum of the transfer, is in writing and signed by the owner of the rights conveyed or such owner's duly authorized agent."  17 U.S.C. § 204.  The party claiming infringement has the burden of establishing a qualifying ownership interest as a necessary predicate for standing to bring the claim.  *DRK Photo*, 870 F.3d at 986 (citing 17 U.S.C. § 501(b)).

### ii.    *Plaintiff has Sufficiently Demonstrated Standing*

As discussed below, the Court finds that August has standing to bring this action for alleged exploitation of the Subject Photographs (except AU1955890, AU1387317, AU1955961, and AU179089 due to lack of foundation regarding transfer) as an exclusive licensee with the right to reproduce, distribute, and display the Subject Photographs for editorial and commercial use, but lacks standing to sue for any alleged unauthorized preparation of derivative works by Line PBC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-05492 MWC (ASx)                    Date:  December 17, 2024

Title     August Image, LLC v. Line Financial, PBC *et al.*

        *a.*    *Right to Reproduce, Distribute, and Display*

       Here, the Agency Agreements transferred legally cognizable exclusive rights in
the Photographers' copyrights—despite the lack of technical copyright jargon.  Indeed,
"[n]o magic words must be included in a document to satisfy 204(a).  Rather, the parties'
intent as evidenced by the writing must demonstrate a transfer of the copyright." *Radio
Television Espanola S.A. v. New World Entm't, Ltd.*, 183 F.3d 922 (9th Cir. 1999)
(quoting *Valente–Kritzer Video v. Pinckney*, 881 F.2d 772, 775 (9th Cir. 1989)); *see
Campbell v. Bd. of Trs. Of Leland Stanford Junior Univ.,* 817 F.2d 499, 503–04 (9th Cir.
1987) (concluding that notwithstanding contractual language that the original copyright
owner remained "the sole and exclusive proprietor" of the copyright, the owner "clearly
transferred part of [its] property interest" to transferee).  On their face, the Agency
Agreements provide August the right to sell, license, and otherwise promote the Subject
Photographs for editorial and commercial use.  The Court construes the terms of the
agreements as intended conveyance of the right to reproduce, distribute and display—
three of the six "exclusive rights."  It is difficult to imagine what else the Agreement
could mean.[5]  *See Stockfood Am., Inc. v. Adagio Teas, Inc.*, 475 F. Supp. 3d 394, 403
(D.N.J. 2020) ("Licensing of photographs means the licensing of the reproduction,
distribution, and display of photographs.").  The contractual language that the
Photographers retain "all right, title, and interest in and to [their Subject Photograph(s)],
including but not limited to copyright therein, [solely and in perpetuity]," does not
contradict the transfer of the right to reproduce, distribute, and display.  *Streiber
Agreement*; *Lubomirski Agreement*; *Smith Agreement*; *Slijper Agreement*; *Asgharnia
Agreement*; *Eccles Agreement*; *Hargrave Agreement*; *Mobley Agreement*; *Schoeller
Agreement*; *Mann Agreement*; *Mossevelde Agreement*;[6] *see Campbell,* 817 F.2d at 503–

---

[5]  The Court does not look to parol evidence offered by August as the agreements are
clear and unambiguous from the contract language.  Indeed, Line PBC states that the
Agency Agreements are fully integrated.  *Line Opp.* 82:9–10.

[6]  August and Atomo Management SRL ("Atomo"), as representative for Mossevelde,
entered into the agreement.  Although the agreement does not mention him (nor has
August proffered evidence of any documentation between Atomo and Mossevelde),
Mossevelde confirmed that Atomo entered into the agreement on his behalf.  Dkt. # 61 at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:23-cv-05492 MWC (ASx)                           Date:  December 17, 2024

Title      August Image, LLC v. Line Financial, PBC *et al.*

04.  On the other hand, the Agency Agreements with Lubomirski, Slijper, and Asgharia
used more limited and explicit copyright language.  The language in those Agency
Agreements "grant[ed] August the right to hold the copyright in [the Subject
Photographs] only to the extent that such is required for the licensing purposes."
*Lubomirski Agreement*; *Smith Agreement*; *Slijper Agreement*; *Asgharnia Agreement*.
That language, however, is ultimately inconsequential to the Court's holding as its
analysis is not limited to considering the language purporting transfer.  *See Righthaven
LLC v. Hoehn*, 716 F.3d 1166, 1170 (9th Cir. 2013).

    The Court also considers the substance of the transaction.  *See id.* at 1170
(instructing that the assignment agreements use of "language purporting to transfer
ownership . . . is not conclusive . . . [and] [w]e must consider the substance of the
transaction).  *Wiley* is instructive.  In *Wiley*, the agency agreements conferred upon
plaintiff "the unrestricted, exclusive right to distribute, [l]icense, and/or exploit the
Images . . . without seeking special permission to do so."  795 F.3d at 1000.  There, the
photographers promised "that [plaintiff], and *only* [plaintiff], will have the power, as the
photographers' licensing agent, to authorize third parties to reproduce, distribute, and
display the photographs."  *See id.* at 1005 (emphasis added).  In some respects, the
agreements restricted the photographers' ability to make use of their own photographs,
while in other ways, the agreements preserved that ability.  *Id.*  The Ninth Circuit
ultimately held that the plaintiff had standing even though plaintiff was not the sole party
authorized to issue licenses to the photographs.  *Id.*  "[T]he word 'exclusive' in [the Act]
cannot mean that only sole owners possess 'exclusive' rights," and that "[i]f an 'exclusive
right' could only be possessed by a sole owner of a copyright, a co-owner would be
unable to bring an infringement action to protect his interest."  *Id.*  The Ninth Circuit
reasoned:

        To hold otherwise would be inconsistent with the divisibility principle embodied
        by the 1976 Act.

        To hold otherwise would also be inconsistent with common sense.  If the
        photographers had never entered into the Agency Agreements, but instead had
        issued licenses directly to Wiley, there would be no doubt that they could bring
        infringement actions over the violations Minden alleges in its complaint.  We see

_____

181–82 ("*Mossevelde Decl.*"), ¶ 5; *see* 17 U.S.C. § 204 (allowing for transfer of
copyright ownership to be signed by an owner's duly authorized agent).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-05492 MWC (ASx)                    Date:  December 17, 2024

Title    August Image, LLC v. Line Financial, PBC *et al.*

no reason why, having appointed Minden to manage the commercial use of their photographs in the first instance as their licensing agent, the photographers should not also be able to rely on Minden to protect and defend the licenses that it has issued on their behalf.  Nothing in the text of the Copyright Act, nor in the Agency Agreements, compels a contrary conclusion. [7]

*Id.* at 1005.

Here, like the plaintiff in *Wiley*, August was granted the exclusive right to reproduce, distribute, and display.  In *Wiley*, plaintiff was the "sole and exclusive agent and representative with respect to the Licensing of any and all uses" of the photographs, *id.*, whereas August is the exclusive licensee for purposes of editorial and commercial use.  Notably, the *Wiley* plaintiff was required to seek photographer approval before using certain kinds of license.  *Id.*  The Ninth Circuit explained:  "That the photographers have retained some limited degree of authority to grant licenses themselves does not eliminate [plaintiff's] interest in the copyright as the sole entity to act as the photographers' licensing agent.  It merely means that *both* [plaintiff] and the photographers, under the terms of the Agreements, can prevent those third parties who have not received permission to use the photographs from using them."  *Id.*  August's circumstances provide an even more compelling basis to confirm its license as it holds

---

[7]  Line PBC highlights that courts in other circuits have criticized *Wiley*.  *Joint MSJ* at 38–39.  For instance, *Great Bowery Inc. v. Consequence Sound LLC* asserts that the Ninth Circuit was wrong because it "effectively disregarded the fact that the plaintiff in that case held a non-exclusive license," and that "exclusive" should mean "exclusive."  No. 23-CV-80488, 2024 WL 3291101, at *4 (S.D. Fla. July 2, 2024) (collecting cases in the Eleventh Circuit declining to follow *Wiley*).  However, *Great Bowery* is contrary to binding Ninth Circuit precedent and the Copyright Act because the "exclusive rights comprised in a copyright, including *any subdivision of any of the rights* specified by section 106, may be transferred . . . and owned separately."  17 U.S.C. § 201(d)(2) (emphasis added).  The "exclusive rights may be chopped up and owned separately, and *each separate owner of a subdivided exclusive right may sue to enforce that owned portion of an exclusive right, no matter how small.*"  *Silvers*, 402 F.3d at 887 (emphasis added); *see Wavve Americas Inc. v. Max*, No. CV-23-01819-PHX-MTL, 2024 WL 455098, at *9 (D. Ariz. Feb. 6, 2024) (holding that plaintiff established standing where it was granted "business rights for over-the-top media content").  Accordingly, in the context of copyright, "exclusive" does not necessarily mean "exclusive."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-05492 MWC (ASx)                                    Date:  December 17, 2024

Title      August Image, LLC v. Line Financial, PBC *et al.*

the right of first refusal for the licensing of the Subject Photographs for editorial and commercial use.  At most, any retained ability by Photographers to use the Subject Photographs for purposes of editorial and commercial use is *second* to August as the entity with the right of first refusal. [8]  Furthermore, to hold that August is not an exclusive licensee would thwart the purpose of the parties to enter into the Agency Agreements.

Line PBC argues that this case is closer to *DRK Photo* than to *Wiley*.  *Joint MSJ* 38:4–41:3.  In *DRK Photo*, the Ninth Circuit, in holding that the agency agreements at issue conferred a non-exclusive license, highlighted that the agreements were devoid of the key "promise" made in *Wiley* and "lack[ed] any limitation whatsoever on the photographers' authority to contract with other licensing agents."  870 F.3d at 984–85.  Line PBC's comparison to  *DRK Photo* misses the mark.  Although the Agency Agreements here omit the "promise" exchanged in *Wiley*, the language of the agreements nonetheless equates to such a promise by limiting the Photographers as to who they can contract with, and by conferring the right to reproduce, distribute, and display (with the right of first refusal) the Subject Photographs to August.

Line PBC also argues that August destroyed its exclusivity by entering into the agreement with ImageRights, which would stretch *Wiley* too far if this Court were to hold that August is an exclusive licensee.  *Joint MSJ* 46:22–28.  The Court disagrees.  Although the argument has some superficial appeal, the ImageRights Agreement is merely an exercise of August's rights.  The Photographers granted August an exclusive license and, as a result, it can subdivide its rights freely.  17 U.S.C. § 201(d)(2); *see also e.g.*, *Lines+Angles, Inc. v. Adagio Teas, Inc.*, No. CV 20-00831-KM-MAH, 2022 WL 2473360, at *4 (D.N.J. Jul. 6, 2022) ("Stockfood Global, holding an exclusive license from Poplis, may enter into agreements to distribute Poplis's photographs [which give third parties rights to further distribute] without automatically losing its ability to sue for infringement.").  August also reserved its rights within the ImageRights Agreement by

---

[8]  At oral argument, August averred that the phrase "right of first refusal" in the Agency Agreements stands for the proposition that August is not obligated to license and syndicate photographs into their library.  That is, if August does not syndicate a submitted photograph, then August has no copyright in that photograph.  However, the Court finds that the agreements go a step further for syndicated photographs.  As interpreted by this Court, the right of refusal may allow the Photographers to retain some rights in the Subject Photographs, but any right retained is *second* to August's rights.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:23-cv-05492 MWC (ASx)                              Date:  December 17, 2024

Title      August Image, LLC v. Line Financial, PBC *et al.*

requiring ImageRights to seek August's prior approval for each Recovery Asset.  *Pietz Decl.*, Ex. 90.

Line PBC further disputes August's exclusive rights as to the five Photographers that explicitly authorized August to "make or institute a claim or suit in [the Photographer's] name without [their] prior approval to do so."  *Joint MSJ* 40:18–25. According to Line PBC, August would not have included the right to sue provision if the other Agency Agreements were sufficient on their own.  *Id.*  That argument is misplaced. A right to sue is not an exclusive right under the Copyright Act.  *See DRK Photo*, 870 F.3d at 987–88.  In any event—notwithstanding August's motive to include the provision—the right to sue is irrelevant as it does not alter August's exclusive license. *See id.*

In conclusion, Plaintiff has sufficiently demonstrated standing as an exclusive licensee with the right to reproduce, distribute, and display the Subject Photographs for editorial and commercial use (except AU1955890, AU1387317, AU1955961, and AU179089 due to lack of foundation regarding transfer).

    *b.*  *Derivative Rights*

Line PBC argues that, even if the Court finds that August is an exclusive licensee, summary judgment should be granted because the Agency Agreements do not cover derivative works.  *Joint MSJ* 44:15–46:2.  Line PBC contends that the Accused Posts are derivative works and that such a characterization is fatal to August's standing.  That argument is knotty and ultimately fails.

Defendant correctly points out that the Agency Agreements do not convey Plaintiff the exclusive right to "prepare" derivative works.  *Id.*  "[T]he exclusive right to 'prepare' derivate works is the right to prohibit others from doing so without permission." *Fahmy v. Jay-Z*, 908 F.3d 383, 389 n.10 (9th Cir. 2018).  Thus, to the extent that this lawsuit alleges unauthorized derivative works, August lacks standing.

The extension of Line PBC's argument, however, is without merit.  August's right to reproduce, distribute, and display is sufficient for purposes of standing in this case. *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001) (noting that an unauthorized use can infringe multiple rights in the bundle of copyrights as a plaintiff only needs to "demonstrate that the alleged infringers violate at least one exclusive

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:23-cv-05492 MWC (ASx)                          Date:  December 17, 2024

Title        August Image, LLC v. Line Financial, PBC *et al.*

right"); *see also S.O.S., Inc. v. Payday, Inc.*, 886 F.2d 1081, 1085 n.3 (9th Cir.1989)
("The word 'copying' is shorthand for the infringing of any of the copyright owner's five
exclusive rights[.]").  Indeed, August does not solely allege that Line PBC infringed on
their rights by preparation of a derivative work.  *See* FAC ¶ 9.  *Cf. Creative
Photographers, Inc. v. Julie Torres Art, LLC*, No. 1:22-CV-00655-JPB, 2023 WL
2482962, at *8 (N.D. Ga. Mar. 13, 2023) (finding that conveyance of an exclusive license
that did not include the right to authorize the preparation of derivative works did not
establish statutory standing where the issue centered on derivative works).  Even if
characterizing the Accused Posts as derivative works was fatal to August's standing (it is
not), the Court finds that the posts are not derivative works.[9]  Thus, August retains

---

[9]  A "derivative work" is defined in the Copyright Act as "a work based upon one or
more preexisting works, ... [including a] work consisting of editorial revisions,
annotations, elaborations, or other modifications which, as a whole, represent an original
work of authorship."  17 U.S.C. § 101.  The Second Circuit has held that for a work to
constitute a "derivative work" under Section 103 of the Copyright Act, "[a]ll that is
needed to satisfy both the Constitution and the statute is that the 'author' contributed
something more than a 'merely trivial' variation, something recognizably 'his own.' "
*Weissmann v. Freeman,* 868 F.2d 1313, 1321 (2d Cir.1989) (quoting *Alfred Bell & Co. v.
Catalda Fine Arts, Inc.,* 191 F.2d 99, 102–03 (2d Cir.1951)).

Line PBC claims that the Subject Photographs (which it found on third-party websites,
not from August or the Photographers) were incorporated into a separate, multimedia
web or social media story that involved something more than just a picture and therefore
constituted a derivative work.  *Joint MSJ* 44:15–46:2.  Yet, Line PBC cites to no
authority to support the assertion that its conduct constitutes the preparation of a
derivative work.

The mere fact that Line PBC incorporated the image from third-party websites to a
separate, multimedia web or social media story is insignificant.  *See Axxiom Mfg., Inc. v.
McCoy Investments, Inc.*, 846 F.Supp.2d 732, 745 n.16 (noting that a change in medium
does not preclude infringement) (collecting cases).  The cropping of the image also bears
no weight.  *See Berry v. Hawaii Express Service, Inc.*, Civ. No. 03-00385 SOM/LEK,
2005 WL 8166230, at *4 (D.Hawai'i June 27, 2005) ("'[t]rivial changes and

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-05492 MWC (ASx)                          Date:  December 17, 2024

Title      August Image, LLC v. Line Financial, PBC *et al.*

statutory standing through its right to reproduce, distribute, and display the Subject
Photographs.

Accordingly, the Court **GRANTS** Line PBC's motion for summary judgment to
the extent it relates to any allegations of derivative works, but otherwise **DENIES** the
motion as it relates to August's general standing.

> *c.*      *Conclusion on Standing*

Accordingly, the Court **GRANTS** Line PBC's motion for summary judgment for
lack of standing as to AU2235159 and **GRANTS** the motion to the extent it relates to any
alleged infringement for preparation of derivative work.  The Court otherwise **DENIES**
the motion as to Subject Photographs AU1955890, AU1387317, AU1955961, and
AU179089, due a genuine dispute over standing.  The Court notes that a reasonable fact
finder may find for August as to Subject Photographs AU1955890, AU1387317,
AU1955961, and AU179089, assuming proper foundation is established at trial.  As to
the remaining Subject Photographs, the Court **DENIES** Line PBC's motion as August
has established standing.[10]

---

inconsequential modifications such as underlining, highlighting, [and] cropping pages' do
not rise to the level of creating a derivative.") (quoting Nimmer on Copyright § 13.05[D]
[2] (2005)); *see also Michael Grecco Productions, Inc. v. Valuewalk, LLC*, 345
F.Supp.3d 482, 502 (S.D.N.Y. 2018) (finding that different pixel sizes in photos to be
unquestionably meritless in the context of substantial similarity).  Further, as to the added
text by Line PBC, there is no doubt that an ordinary observer would notice that the
underlying photo is the same.  Accordingly, the Accused Posts are not derivative works.

[10]  Because the Court concludes that the Agency Agreements convey the rights to
reproduce, distribute, and display the Subject Photographs for editorial and commercial
use to August via an "exclusive license," the Court holds that August may bring an
infringement action to remedy the unauthorized reproduction, distribution, and display of
the Subject Photographs.  The Court does not reach the parties remaining arguments
dealing with the consideration of addendums to the Agency Agreements.  *Joint MSJ* 41:4,
55:3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-05492 MWC (ASx)                    Date:  December 17, 2024

Title      August Image, LLC v. Line Financial, PBC *et al.*

B.    Copyright Infringement

As a threshold matter, there are three doctrines of copyright liability:  direct copyright infringement, contributory copyright infringement, and vicarious copyright infringement.  *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004) (citing 17 U.S.C. § 501(a)).  Here, August asserts that Line PBC committed direct copyright infringement.  *August MSJ* 73:26–28.  A prima facie case of direct copyright infringement requires a plaintiff to demonstrate (1) ownership of the allegedly infringed material and (2) that the alleged infringer(s) violated at least one exclusive right granted to copyright holders under 17 U.S.C. § 106.  *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 666 (9th Cir. 2017) (citing *A&M Records*, 239 F.3d at 1013).  In addition, direct infringement requires the plaintiff to show causation (also referred to as "volitional conduct") by the defendant.  *Id.* (citing *Fox Broad. Co., Inc. v. Dish Network L.L.C.*, 747 F.3d 1060, 1067 (9th Cir. 2013)).  The Court addresses each element in turn.

i.    *Ownership*

A registered copyright is generally a precondition to a copyright infringement claim.  *See* 17 U.S.C. § 411.  A registration creates a rebuttable presumption of validity:

In any judicial proceedings the certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate.  The evidentiary weight to be accorded the certificate of a registration made thereafter shall be within the discretion of the court.

17 U.S.C. § 410(c).  "A certificate of copyright registration, therefore, 'shifts to the defendant the burden to prove the invalidity of the plaintiff's copyrights.'"  *Entm't Research Grp. v. Genesis Creative Grp.*, 122 F.3d 1211, 1217 (9th Cir.1997) (quoting *Masquerade Novelty, Inc. v. Unique Indus., Inc.*, 912 F.2d 663, 668 (3d Cir.1990)).  "An accused infringer can rebut this presumption of validity, however.  To rebut the presumption, an infringement defendant must simply offer some evidence or proof to dispute or deny the plaintiff's prima facie case of infringement."  *Id.* at 1217–18 (internal citations omitted); *see also ITC Textile, Ltd v. J.C. Penney Co., Inc.*, No. CV 12-02975-DMG (FFMx), 2014 WL 12567142, at *6 (C.D. Cal. Feb. 7, 2014) ("[A] defendant cannot rebut the validity of the copyrights at summary judgment merely by arguing that a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-05492 MWC (ASx)                    Date:  December 17, 2024

Title      August Image, LLC v. Line Financial, PBC *et al.*

plaintiff failed to provide evidence of validity[.]").  "Most courts conclude that
untimely certificates constitute prima facie evidence" of copyright validity.
*Brighton Collectibles, Inc. v. RK Leather Mfg.*, 2012 WL 6553403, at *2 (S.D. Cal.
Dec. 13, 2012) (collecting cases).

Line PBC disputes August's ownership in the Subject Photographs.  But, besides
successfully poking holes in the copyright registrations for Subject Photographs
AU1955890, AU1387317, AU1955961, and AU179089, Line PBC provides no evidence
to rebut the presumption or otherwise prove that the copyrights in the remaining Subject
Photographs are invalid.[11]  Accordingly, as discussed in Section IV, A, the Court finds
that August has proven ownership as to all of the Subject Photographs except
AU1955890, AU1387317, AU1955961, and AU179089.

    *ii.    Violation of an Exclusive Right*

The Court only addresses the alleged infringement of Subject Photographs
AU2149040, AU2363315, and AU11234878, as evidence of purported copying is lacking
as to the remaining Subject Photographs.

Here, Line PBC does not genuinely dispute that it copied, reproduced, distributed,
and displayed, Subject Photographs AU2149040, AU2363315, and AU11234878.
Instead, Line PBC's argues two things:  (1) that August failed to authenticate and lay
proper foundation for the introduction of any evidence of a violation; and (2) if there was
a violation of any copyright license, it was the right to make derivative works, which is
the only issue before the Court.  *See Joint MSJ* 86:18–87:26.

Both arguments are unavailing.  The Accused Posts screenshots for Subject
Photographs AU2149040, AU2363315, and AU11234878, are admissible.  *See* Section

---

[11]  Line PBC highlights that a representative of ImageRights, not the Photographers or
August, applied for a number of copyright registrations in furtherance of its argument that
there is little basis to believe any of the information stated in the registrations is accurate.
That point is irrelevant.  The Court is unaware of any requirement that the copyright
owner *themselves* must be the one to obtain the copyright for purposes of authenticity.
Indeed, Line PBC provides no authority. Additionally, August has proffered
corroborating support through Photographer declarations.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-05492 MWC (ASx)                              Date:  December 17, 2024

Title     August Image, LLC v. Line Financial, PBC *et al.*

III.  Moreover, as discussed above, there are no derivative works at issue, and regardless, a derivative work issue would not be fatal to August.  *See* Section IV, B.  The Court also finds that the underlying photographs are reproduced and displayed essentially in their entirety.  *See See Monge v. Maya Mags., Inc.*, 688 F.3d 1164, 1174 (9th Cir. 2012); *see also e.g., Hakkasan LV, LLC v. Adamczyk*, 2015 WL 4997306, at *7 (D. Nev. Aug. 19, 2015) ("In the instant case, Plaintiffs own two copyrighted images that appear on their <hakkasanlv.com> website.  Defendant used these copyrighted images on his own <hakkasanbottleservice.com> website, violating Plaintiffs' exclusive right to reproduce the copyrighted work." (citations omitted)); *McNamara v. Universal Commercial Servs., Inc.*, 2008 WL 4367831, at *4 (D. Or. Sept. 16, 2008) ("Defendants published the subject article on their website without permission from or attribution to plaintiff.  In addition, defendants reproduced approximately 75% of the subject article verbatim, violating plaintiff's rights to reproduce the copyrighted work, 17 U.S.C. § 106(1), to prepare derivative works, 17 U.S.C. § 106(2), and to display the copyrighted work publicly, 17 U.S.C. § 106(5).").  A conclusory denial of copying is not sufficient at the summary judgment stage.  *See Unicolors, Inc. v. Urb. Outfitters, Inc.*, 853 F.3d 980, 986–87 (9th Cir. 2017) (where "the works are so overwhelmingly similar that the possibility of independent creation is precluded," the court "may grant summary judgment for [a] plaintiff[ ] on the issue of copying[.]") (internal quotation marks and citations omitted); *Lucasfilm Ltd. LLC v. Ren Ventures Ltd.*, 2018 WL 5310831, at *2 (N.D. Cal. June 29, 2018) (finding plaintiff stated a prima facie case for copyright infringement where defendant used images and dialogue at least strikingly similar to plaintiff's protected works, and defendant did not deny their social media pages included images and dialogue from those works); *BackGrid USA, Inc. v. Haute Living Inc.*, 2023 WL 2347082, at *6 (C.D. Cal. Jan. 6, 2023) (finding that plaintiff demonstrated a prima facie case of direct copyright infringement where it was undisputed that the "images [were] strikingly similar—if not essentially identical—to the [subject] photographs[.]").

As to distribution, August has effectively shown that Line PBC provides access the Subject Photographs to users as evidenced by the screenshots of the Accused Posts.  Stated differently, any user who accesses Line PBC's website can screenshot the Subject Photographs, which essentially equates to a download.  *Cf. A&M Records*, 239 F.3d at 1014 ("Napster users who upload file names to the search index for others to copy violate plaintiffs' distribution rights."); *ICG-Internet Commerce Grp., Inc. v. Wolf*, 519 F. Supp. 2d 1014, 1018–19 (D. Ariz. 2007) (denying summary judgment on claim of violation of right of distribution where there was not conclusive evidence that defendants made a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:23-cv-05492 MWC (ASx)                    Date:  December 17, 2024

Title        August Image, LLC v. Line Financial, PBC *et al.*

video work available for download).  In conclusion, Line PBC has not provided "specific facts showing that there is a genuine issue for trial" as to the copying, reproducing, distributing, and displaying, of Subject Photographs AU2149040, AU2363315, and AU11234878   *Anderson*, 477 U.S. at 248.

### iii.     *Affirmative Defenses*

Line PBC does not rely on any affirmative defense to oppose August's motion for partial summary judgment.  *Joint MSJ* 88:10-13.

### iv.     *Conclusion on Infringment*

In conclusion, the Court **GRANTS** summary judgment as to the copying, reproducing, distributing, and displaying, of Subject Photographs AU2149040, AU2363315, and AU11234878.  The Court **DENIES** summary judgment as to the remaining Subject Photographs.

C.      Sanctions

Line PBC asks the Court to strike certain evidence offered by August on summary judgment and preclude August from attempting to introduce the evidence at trial.  *See Sanctions Mot.*  August, in opposition, request evidentiary sanctions against Line PBC for spoliation of posts from Line PBC's Websites after August sent a cease-and-desist letter and filed this lawsuit.  *See Sanctions Opp.*  The Court denies both requests.

"Because of their very potency, inherent powers must be exercised with restraint and discretion."  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). The imposition of sanctions under a federal court's inherent powers is warranted where a party has acted in bad faith, that is, "vexatiously, wantonly, or for oppressive reasons." *Id.* at 45–46 (citations omitted).  Rule 37 sanctions are appropriate only where the discovery violation is "due to willfulness, bad faith, or fault of the party."  *Fair Housing of Marin v. Combs*, 285 F.3d 899, 905 (9th Cir.2002) (citations omitted).  In practice, exclusion sanctions are generally limited to "extreme situations."  *City & Cnty. of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 220–21 (N.D. Cal. 2003); *see also Update Art, Inc. v. Modiin Pub., Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988) (exclusion sanctions are harsh remedies that "should be imposed only in rare situations").  Courts are leery of imposing the harsh

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-05492 MWC (ASx)                    Date:  December 17, 2024

Title      August Image, LLC v. Line Financial, PBC *et al.*

sanction of exclusion absent a significant possibility of prejudice due to the untimeliness
of the disclosure.  *Silvagni v. Wal-Mart Stores, Inc.*, 320 F.R.D. 237, 243 (D. Nev. 2017).
Because Line PBC has not shown that it will suffer prejudice, the Court **DENIES
WITHOUT PREJUDICE** Line PBC's motion for lack of prejudice.

As to August's request, the Court **DENIES WITHOUT PREJUDICE** the request
due to procedural deficiencies.  *Smith v. Premiere Valet Servs., Inc.*, No. 2:19-cv-09888-
CJC-MAA, 2020 WL 7034346, at *14 (C.D. Cal. Aug. 4, 2020) ("Courts in this and other
districts have concluded that a request for affirmative relief is not proper when raised for
the first time in an opposition.") (collecting cases).

V.      Conclusion

For the reasons set forth above, the Court **GRANTS IN PART AND DENIES IN
PART** Line PBC's motion for summary judgment, and **GRANTS IN PART AND
DENIES IN PART** August's motion for partial summary judgment.[12]

As to Line PBC's motion for summary judgment for lack of standing:

- The Court **GRANTS** the motion as to AU2235159.

- The Court **GRANTS** the motion to the extent it relates to any alleged
  infringement for preparation of derivative work.

- The Court **DENIES** the motion as to Subject Photographs AU1955890,
  AU1387317, AU1955961, and AU179089, due a genuine dispute over
  standing.

- As to the remaining Subject Photographs, the Court **DENIES** the motion.

---

[12]  August requested judicial notice in support of its motion for partial summary
judgment.  Dkt. # 60.  In light of this Court's order, the request for judicial notice is
deemed **MOOT**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-05492 MWC (ASx)                    Date:  December 17, 2024

Title      August Image, LLC v. Line Financial, PBC *et al.*

As to August's motion for partial summary judgment as to the issue of liability:

- The Court **GRANTS** summary judgment as to the copying, reproducing, distributing, and displaying, of Subject Photographs AU2149040, AU2363315, and AU11234878.  The Court **DENIES** summary judgment as to the remaining Subject Photographs.

The Court also the Court **DENIES WITHOUT PREJUDICE** Line PBC's motion for sanctions and **DENIES WITHOUT PREJUDICE** August's request for sanctions.

**IT IS SO ORDERED.**

                                                                        :

**Initials of Preparer**    TJ