Morgan E. Pietz (SBN 260629)
  morgan@pstrials.com
Matthew A. Trejo (SBN 320464)
  matt@pstrials.com
PIETZ & SHAHRIARI, LLP
6700 S. Centinela Avenue, 2nd Floor
Culver City, CA 90230
Telephone:   (310) 424-5557
Facsimile:   (310) 597-4626

Attorneys for Defendant
*LINE FINANCIAL PBC*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUGUST IMAGE, LLC, a New York Limited Liability Company,<br><br>       Plaintiff,<br><br>v.<br><br>LINE FINANCIAL PBC, a Delaware Corporation; and DOES 1-10,<br><br>       Defendant(s). | Case No. 2:23-cv-05492-MWC-AS<br><br>Assigned to: Hon. Michelle Williams Court, United States District Judge<br><br>Referred to: Hon. Alka Sagar, United States Magistrate Judge<br><br>Action Filed:           07/10/2023<br>Final Pretrial Conf.:   02/07/2025<br>Trial Date:             02/24/2025<br><br>**DEFENDANT LINE PBC'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW** |

1

DEFENDANT LINE PBC'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

# MEMORANDUM OF CONTENTIONS OF FACT AND LAW

Defendant Line Financial PBC ("Line PBC") hereby submits its Memorandum of Contentions of Fact and Law pursuant to Rule 16-4 of the Local Rules of the United States District Court for the Central District of California. Line PBC reserves the right to amend and/or supplement its contentions of fact and law based on the Court's ruling on the parties' pending motions for reconsideration and certification for interlocutory appeal and/or the Court's rulings on the motions *in limine,* and other pre-trial filings.

## I. CLAIMS AND DEFENSES [L.R. 16-4.1 (A)-(I)]

### A. Summary Statement of Claims Plaintiff has Pleaded and Plans to Pursue

1. <u>Claim 1</u>: Plaintiff's only claim in this action is that Line PBC engaged in copyright infringement in violation of 17 U.S.C. § 501.

### B. The Elements Required to Establish Copyright Infringement

1. Plaintiff is the owner of a valid copyright in the subject images; and
2. Defendant copied original expression from the copyrighted work.

*See* Ninth Circuit Manual of Model Civil Jury Instruction §17.5 (2017).

### C. Key Evidence in Opposition to Each Claim Against Line PBC

1. <u>Ownership</u>: Plaintiff has not shown Subject Photographs AU1955890, AU1387317, AU1955961, and AU179089 are covered by the registration certificates for same. The registration information for these photos do not specifically reference the image August claims it purportedly covers. In addition, if the photographers are allowed to testify at trial, it is expected that their testimony will undermine the plaintiff's claim to ownership and validity.

2. <u>Copying</u>: All the purported pictures of the accused posts that August is using to establish copying (other than the ones taken by a human, i.e., AU2149040, AU2363315, AU1387317, and AU11234878) were taken by ImageRights and PixMole software, which Line PBC disputes shows accurate depictions of its website and that August admitted contains inaccuracies. Moreover, the Subject Photographs and the blog posts are not substantially similar.

**D. Summary of Line PBC's Affirmative Defenses[1]**

1. <u>Second Affirmative Defense (Equitable Estoppel)</u>: The Complaint is barred, in whole or in part, by the doctrine of equitable estoppel.

2. <u>Ninth Affirmative Defense (Failure to Mitigate)</u>: Plaintiff's claims are barred, in whole or in part, because of a failure to mitigate damages, if such damages exist.

3. <u>Eleventh Affirmative Defense (Innocent Intent)</u>: Plaintiff's damages, if any, are limited because Defendant was not aware and had no reason to believe that its acts constituted an infringement of copyright.

**E. Elements Required to Establish Defendant's Affirmative Defenses**

1. <u>Equitable Estoppel</u>
    a. the plaintiff must know the facts underlying the defendant's alleged infringement;

---

[1] Line PBC has withdrawn all affirmative defenses except for affirmative defense no. 2 (equitable estoppel for inducement or inaction), affirmative defense no. 9 (failure to mitigate) and affirmative defense no. 11 (innocent intent).

3
DEFENDANT LINE PBC'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

      b. the plaintiff must intend the defendant to rely upon the plaintiffs conduct or must act in a way that gives the defendant the right to believe plaintiff intended reliance;

      c. the defendant must be ignorant of the true facts; and

      d. the defendant must rely on the plaintiff's conduct to its detriment.

*Taylor Holland LLC v. MVMT Watches, Inc.*, 2016 U.S.Dist. LEXIS 187379, at *20 (C.D. Cal. Aug. 11, 2016).

    2. Failure to Mitigate

      a. that Plaintiff failed to use reasonable efforts to mitigate damages; and

      b. the amount by which damages would have been mitigated.

*See* Ninth Cir. Model Civil Jury Instruction No. 5.3; *Malibu Media, LLC v. Peterson*, 2017 U.S. Dist. LEXIS 66170, 2017 WL 1550091, at *6 (S.D. Cal. May 1, 2017) (declining to strike failure to mitigate defense for copyright infringement claim because actual damages are relevant to determining statutory damages under that act).

    3. Innocent Infringement

      a. the defendant was not aware that its acts constituted infringement of the copyright; and

      b. the defendant had no reason to believe that its acts constituted an infringement of the copyright.

*See* Ninth Circuit Manual of Model Civil Jury Instruction §17.36 (2017).

**F. Brief Description of Evidence Relied on in Support of Affirmative Defenses**

    1. Equitable Estoppel

4

DEFENDANT LINE PBC'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

   a. Line PBC obtained the Subject Photographs from third-party websites. Plaintiff knew about the Subject Photographs' availability on the third-party wallpaper websites but chose to not enforce their rights.

2. <u>Failure to Mitigate</u>

   a. Line PBC obtained the Subject Photographs from third-party websites. Plaintiff knew about the Subject Photographs' availability on the third-party wallpaper websites but chose to not enforce their rights.

3. <u>Innocent Infringement</u>

   a. Line PBC obtained the Subject Photographs from third-party websites that offered it for free download and use. Line PBC was not aware and had no reason to believe that its acts constituted an infringement of copyright.

**G. N/A**

**H. Anticipated Evidentiary Issues**

1. Although further evidentiary issues likely will arise, the following evidentiary issues have been raised by Defendant to date:

   a. Defendant's Motions *In Limine* to

      i. exclude August from seeking lost profits and informing the jury that it abused the discovery process by withholding the low-dollar-value license comps;

      ii. exclude the photographers from testifying at trial, or, in the alternative, extend fact discovery and continue the trial to allow defendant additional time to depose the photographers; and

5

DEFENDANT LINE PBC'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

   iii. exclude any reference to or evidence of Line PBC's financial filings with any state or federal entity or its financial condition

## I. Identification of Any Issues of Law, Which are Germane to the Case, Together with the Party's Position on Those Issues

1. The issue of whether the agency agreements are sufficient to confer standing under the Copyright Act is a question of law. *Minden Pictures, Inc. v. John Wiley & Sons, Inc.*, 795 F.3d 997, 1002 (9th Cir. 2015) (standing in a copyright case is a question of law reviewed de novo). Although the Court has ruled on this issue on summary judgment with respect to certain photos, Line PBC has requested certification of the summary judgment order for interlocutory appeal.

## II. BIFURCATION OF ISSUES [L.R. 16-4.3]

Line PBC does not request bifurcation of any issues.

## III. JURY TRIAL [L.R. 16-4.4]

Both parties have requested a jury trial.

## IV. ATTORNEY'S FEES [L.R. 16-4.5]

Registration is a prerequisite for an award of attorneys' fees. 17 U.S.C. § 412.

Plaintiff has not proved valid ownership and registration of Subject Photographs AU1955890, AU1387317, AU1955961, and AU179089.

Only actual damages are available for AU2149055, AU2149064, AU2149040, AU11251088, AU11037582, and AU1561939 and thus attorney's fees are likely not available for these photographs.

Moreover, attorneys' fees are discretionary to award to the prevailing party in a copyright infringement action. 17 U.S.C. § 505. Any request for attorney's fees by Plaintiff should be viewed in light of its exorbitant demands and overblown claims

which were reasonably rejected by Line PBC, as well as Line PBC's successful dismissal on summary judgment with respect to Subject Photograph AU2235159, as well as successful opposition to Plaintiff's motion for summary judgment where the Court only found infringement of 3 of the 19 photos at issue in this case.

## V.  ABANDONMENT OF ISSUES [L.R. 16-4.6]

Line PBC does not abandon any issues other than the above-mentioned affirmative defenses.

Respectfully submitted,  PIETZ & SHAHRIARI, LLP

DATED: January 10, 2025  BY:  */s/ Morgan E. Pietz*
 Morgan E. Pietz
 Matthew A. Trejo

 *Attorneys for Defendant LINE FINANCIAL PBC*