Morgan E. Pietz (SBN 260629)
  morgan@pstrials.com
Matthew A. Trejo (SBN 320464)
  matt@pstrials.com
PIETZ & SHAHRIARI, LLP
6700 S. Centinela Avenue, 2nd Floor
Culver City, CA 90230
Telephone:   (310) 424-5557
Facsimile:    (310) 597-4626

Attorneys for Defendant
*LINE FINANCIAL PBC*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUGUST IMAGE, LLC, a New York Limited Liability Company,<br><br>        Plaintiff,<br><br>v.<br><br>LINE FINANCIAL PBC, a Delaware Corporation; and DOES 1-10,<br><br>        Defendant(s). | Case No. 2:23-cv-05492-MWC-AS<br><br>Assigned to: Hon. Michelle Williams Court, United States District Judge<br><br>Referred to: Hon. Alka Sagar, United States Magistrate Judge<br><br>Action Filed:          07/10/2023<br>Final Pretrial Conf.:  02/07/2025<br>Trial Date:            02/24/2025<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 3 TO EXCLUDE REFERENCE TO OR EVIDENCE OF DEFENDANT'S FINANCIAL CONDITION**<br><br><u>Hearing</u>:<br>Date/Time: February 7, 2024<br>              1:30 pm<br>Location:   First Street Courthouse<br>              350 W. 1st Street<br>              Courtroom 6A, 6th Floor,<br>              Los Angeles, CA 90012 |

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on February 7, 2024 at 1:30 p.m., or as soon thereafter as it may be heard, in Courtroom 6A of the above-titled Court, located at 350 W. 1st Street, Los Angeles, California 90012, the Honorable Michelle Williams Court, presiding, Defendant Line Financial PBC ("Line PBC") will, and hereby does, bring this Motion *in limine* for an order excluding any reference to or evidence of Line PBC's financial filings with any state or federal entity and any reference to or evidence of its financial condition ("Motion").

This Motion will be made pursuant to the Federal Rules of Evidence and the authorities cited in the Memorandum of Points and Authorities herein. This Motion is based on the Notice of Motion, the Memorandum of Points and Authorities, the pleadings and documents on file in this case, and such further oral and documentary evidence as may be presented.

Respectfully submitted,                    PIETZ & SHAHRIARI, LLP

DATED: January 10, 2025                    BY:   */s/ Matthew A. Trejo*
                                           Morgan E. Pietz
                                           Matthew A. Trejo
                                           *Attorneys for Defendant LINE
                                           FINANCIAL PBC*

### MEMORANDUM OF POINTS AND AUTHORITIES

## I.    RELEVANT FACTS

During discovery, August produced a copy of Line PBC's Notice of Exempt Offering of Securities form that it filed with the U.S. Securities and Exchange Commission.

Prior to Line PBC's 30(b)(6) deposition, the parties engaged in an Informal Discovery Conference on a number of issues, including the relevance of Topic 37 which sought information from Line PBC regarding "The factual bases for the information YOU provided in the 'Notice of Exempt Offering of Securities' forms that YOU filed publicly with the U.S. Securities and Exchange Commission on February 2 and 3, 2022 (see AUGUST000306-15)."

Plaintiff argued the SEC filing and the information therein was relevant to: (1) the commerciality of Defendant's business which is part of the first fair use factor, and (2) Defendant's sophistication, and sophistication is relevant to willful infringement.

Ultimately, Judge Sagar ordered Plaintiff to "rephrase Topic 37 to identify the specific statements in Defendant's SEC filings that it wishes to question the FRCP Rule 30(b)(6) witness about." ECF 52, p. 4.

At Line PBC's 30(b)(6) deposition, Plaintiff questioned Line PBC regarding certain statements made in the SEC filing and it is anticipated that August will attempt to do the same at trial.

## II.    ARGUMENT

### A. Legal Standards

Federal Rule of Evidence 402 explicitly prohibits the inclusion of "irrelevant" evidence. Fed. R. Evid. 402. Federal Rule of Evidence 401 prescribes what evidence qualifies as relevant. Fed. R. Evid. 401. It provides that evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the

DEFENDANT'S MOTION *IN LIMINE* NO. 3

evidence; and (b) the fact is of consequence in determining the action." *Id.* 401(a)–(b).

"The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

### B. August Should be Precluded from Referencing or Offering Evidence of Defendant's Filings with the SEC and its Financial Condition

It is anticipated that Plaintiff may seek to prejudice the jury by referencing or offering into evidence the SEC filings as well as by referencing or offering into evidence its financial condition. It is anticipated Plaintiff will try to use this evidence to try to characterize Line PBC as a sophisticated corporation with "deep pockets," and by implying, insinuating, or stating that simply because Line PBC is a corporation that has offered securities and filed documents with the SEC it is sophisticated and thus its infringement was willful. Therefore, Defendant files this motion to preclude any mention of, or questioning regarding, Defendant's financial documents and filings with any government entity, as well as any reference to or evidence of its financial condition, including, corporate assets, earnings, profits and equity offerings.

The Federal Rules of Evidence provides that, with limited exceptions, "[a]ll relevant evidence is admissible" and, with no exception, "[i]rrelevant evidence is not admissible." See Fed. R. Evid. 402. Here, references to Line PBC's financial filings and/or its financial condition is not relevant and offers no probative value in this copyright infringement case other than to prejudice the jury. The information contained in the SEC filing and/or Line PBC's financial condition have no relevance to any issue in this case whatsoever. This information is not relevant to the elements Plaintiff needs to establish liability (*i.e.*, ownership and copying). This information

DEFENDANT'S MOTION *IN LIMINE* NO. 3

1  is also wholly irrelevant to the issue of damages (*i.e.*, actual damages, profits,
2  innocent infringement and willfulness).

3  Plaintiff may argue as they did at the IDC that the information is relevant to
4  Line PBC's fair use defense and willfulness. However, Line PBC has withdrawn its
5  fair use defense. With respect to willfulness, it is anticipated that Plaintiff will argue
6  that the SEC document is relevant because it goes to Defendant's sophistication, and
7  the sophistication of a party is relevant to the willful infringement analysis.
8  However, the only authority in this district that Plaintiff cited in its IDC brief is
9  *Photography, Inc. v. Wetpaint.com, Inc.*, No. SACV162101, 2018 WL 5266861, at
10  *3 (C.D. Cal. Oct. 5, 2018) (finding allegation that "Defendants are sophisticated
11  publishers of content" sufficiently alleged willful infringement). This case doesn't
12  say that a party's sophistication in general is relevant to a willfulness finding.
13  Instead, this case stands for the narrow proposition that the defendant's
14  sophistication as a publisher who was experienced in intellectual property was
15  relevant to a willfulness finding. Here, the information in the SEC filings has no
16  bearing on Defendant's sophistication in intellectual property. Moreover, the Ninth
17  Circuit Model Jury Instructions on Willful Infringement (17.37 Copyright—
18  Damages—Willful Infringement) do not reference sophistication as an element to
19  establishing willfulness and the comments do not refence sophistication of a
20  defendant as being relevant to the analysis.

21  Moreover, even if there were some relevance to the financial position of Line
22  PBC, such relevance is substantially outweighed by the prejudice to this defendant at
23  trial, as it would tend to confuse the issues and mislead the jury to elicit a decision
24  from the jury on an improper basis. See Fed. R. Evid. 403. As a corporation, Line
25  PBC is entitled to the same rights afforded by an individual litigant. See 9th Circuit
26  Civil Jury Instructions, Instruction No. 4.10 ("All parties are equal before the law
27  and a corporation is entitled to the same fair and conscientious consideration by you

28

DEFENDANT'S MOTION *IN LIMINE* NO. 3

as any party.") Plaintiff should not be allowed to attempt to focus the jury's attention on these potential prejudices to inflame the jury against Defendant.

Therefore, Line PBC respectfully requests this Court to exclude any reference to or evidence of financial documents filed with any state or federal government entity or any other evidence or reference to its financial condition.

## III.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this motion *in limine*.

Respectfully submitted,

PIETZ & SHAHRIARI, LLP

DATED: January 10, 2025

BY:    */s/ Matthew A. Trejo*
Morgan E. Pietz
Matthew A. Trejo

*Attorneys for Defendant LINE FINANCIAL PBC*

DEFENDANT'S MOTION *IN LIMINE* NO. 3