Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Benjamin F. Tookey (SBN 330508)
btookey@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUGUST IMAGE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>LINE FINANCIAL, PBC, et al.,<br><br>Defendants. | Case No. 2:23-cv-05492-MWC-AS<br>*Hon. Michelle W. Court Presiding*<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL AND STAY PENDING APPEAL**<br><br>Date: Feb. 7, 2024<br>Time: 1:30 pm<br>Courtroom: 6A |

i

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION

# **TABLE OF CONTENTS**

I.   INTRODUCTION .................................................................................- 1 -

II.  ARGUMENT ......................................................................................- 2 -

   A.  Line's request for interlocutory appeal is improper because Line seeks review of application of law to particular facts, not of pure law .......................................- 3 -

   B.  Line shows no substantial ground for difference of opinion .........................- 6 -

   C.  The interlocutory appeal Line seeks would prolong resolution of this case ...- 9 -

IV.  CONCLUSION ...........................................................................- 11 -

# **TABLE OF AUTHORITIES**

**Page(s)**

## Cases

*Carroll Shelby Licensing, Inc. v. Halicki*,
  2023 WL 2347391 (C.D. Cal. Jan. 30, 2023) ...................................................... 5, 10

*Casas v. Victoria's Secret Stores, LLC*,
  2015 WL 13446989 ................................................................................................ 10

*Cooper v. Tokyo Elec. Power Co., Inc.*,
  166 F. Supp. 3d 1103 (S.D. Cal. 2015) .................................................................... 6

*Coopers & Lybrand v. Livesay*,
  437 U.S. 463 (1978) .................................................................................................. 2

*Couch v. Telescope Inc.*,
  611 F.3d 629 (9th Cir. 2010) ........................................................................ 3, 6, 7, 8

*EchoStar Satellite, L.L.C. v. Viewtech, Inc.*,
  2008 WL 11337844 (S.D. Cal. May 27, 2008) ........................................................ 7

*El Dorado Irrigation Dist. v. Traylor Bros., Inc.*,
  2005 WL 3453913 (E.D. Cal. Dec. 16, 2005) .......................................................... 3

*Envt'l Prot. Info. Ctr. v. Pac. Lumber Co.*,
  2004 WL 838160 (N.D. Cal. 2004) .......................................................................... 8

*Fenters v. Yosemite Chevron*,
  761 F. Supp. 2d 957 (E.D. Cal. 2010) ...................................................................... 9

*FragranceNet.com, Inc. v. FragranceX.com, Inc.*,
  2007 WL 9710244 (E.D.N.Y. Aug. 28, 2007) .......................................................... 5

*Getz v. Boeing Co.*,
  2009 WL 3765506 (N.D. Cal. June 16, 2009) .................................................... 8, 11

*ICTSI Oregon, Inc. v. Int'l Longshore & Warehouse Union*,
  22 F.4th 1125 (9th Cir. 2022) ............................................................................... 2, 4

*In Cement Antitrust Litigation*,
  673 F.2d 1020 (9th Cir. 1981) ..................................................................... 2, 4, 9, 11

*In re Static Random Access Memory (SRAM) Antitrust Litig.*,
  2011 WL 250317 (N.D. Cal. 2011) .......................................................................... 9

*James v. Price Stern Sloan, Inc.*,
  283 F.3d 1064 (9th Cir. 2002) .................................................................................. 2

*Mann v. Cnty. of San Diego*,
  2016 WL 245480 (S.D. Cal. 2016) ........................................................................... 8

*Matsunoki Group* v. *Timberwork Or., Inc*,
  2011 WL 940218 (N.D. Cal. 2011) .......................................................................... 4

*Minden Pictures, Inc. v. John Wiley & Sons, Inc.*,
  795 F.3d 997 (9th Cir. 2015) .................................................................................... 6

*Moffett v. Recording Radio Film Connection, Inc.*,
  2020 WL 6143595 (C.D. Cal. Jan. 31, 2020) ............................................................ 2
*Monster Energy Co. v. Integrated Supply Network, LLC*,
  2018 WL 6136144 (C.D. Cal. 2018) ...................................................................... 9
*Morrison-Knudsen Co. v. Archer*,
  655 F.2d 962 (9th Cir. 1981) ................................................................................ 11
*Obesity Rsch. Inst., LLC v. Fiber Rsch. Int'l, LLC*,
  2018 WL 1791611 (S.D. Cal. Apr. 16, 2018) ..................................................... 5, 8
*Original Appalachian Artworks, Inc. v. Schlaifer Lance & Co.*,
  679 F. Supp. 1564 (N.D. Ga. 1987) ....................................................................... 7
*Plunket v. Doyle*,
  2001 WL 175252 (S.D.N.Y. Feb. 22, 2001) .......................................................... 7
*Radio Television Espanola v. New World Entm't, Ltd.*,
  183 F.3d 922 (9th Cir. 1999) .................................................................................. 6
*Reese v. BP Exploration (Alaska) Inc.*,
  643 F.3d 681 (9th Cir. 2011) .................................................................................. 7
*Shurance v. Planning Control Int'l, Inc.*,
  839 F.2d 1347 (9th Cir.1988) ................................................................................. 9
*Simmons v. Akanno*,
  2011 WL 1566583 (E.D. Cal. 2011) ...................................................................... 4
*Spears v. Wash. Mut. Bk. FA*,
  2010 WL 54755 (N.D. Cal. Jan. 8, 2010) .............................................................. 8
*Stanwood v. Mary Kay, Inc.*,
  941 F. Supp. 2d 1212 (C.D. Cal. 2012) ................................................................. 8
*Tsyn v. Wells Fargo Advisors, LLC*,
  2016 WL 1718139 (N.D. Cal. Apr. 29, 2016) ............................................. 2, 7, 12
*U.S. Rubber Co v. Wright*,
  359 F.2d 784 (9th Cir. 1966) ................................................................................ 11
*United States v. Woodbury*,
  263 F.2d 784 (9th Cir. 1959) .............................................................................. 2, 9
*Valdovinos v. McGrath*,
  2007 WL 2023505 (N.D. Cal. 2007) ................................................................ 7, 10
*Viesti Assocs., Inc. v. McGraw-Hill Glob. Educ. Holdings, LLC*,
  2015 WL 585806 (D. Colo. Feb. 11, 2015) ........................................................... 7
*Warm v. Innermost Ltd.*,
  2022 WL 3449812 (C.D. Cal. June 13, 2022) ................................................ 10, 11

**Statutes**

28 U.S.C. §§ 1291-92(b) ............................................................................... 1, 2, 3, 4

**MEMORANDUM OF POINT AND AUTHORITIES**

**I.  INTRODUCTION**

Line's motion, which largely mischaracterizes the Court's findings and repeats Line's already-rejected arguments on standing, fails to establish that this case warrants "exceptional" treatment under Section 1292(b). No one disputes that a copyright holder must have standing to pursue its infringement claims, and this Court's finding that August has such standing was solidly grounded in controlling Ninth Circuit authority. Line's request to forestall trial in favor of an immediate appeal of only the standing portion of the Court's Order—an extraordinary deviation from the rule that only final judgments are appealable—is simply not warranted.

To establish immediate appealability, Line must satisfy all three statutory requirements as stated in 28 U.S.C. § 1292(b). Line cannot do so. To wit:

- Immediate appeal may be appropriate for disputes over pure issues of law. But Line's gripe is about the application of the law to the facts of this case, not a pure issue of law—indeed, the parties agree on the law.
- There is no intra-circuit conflict or difference of opinion here. Rather, the law in the Ninth Circuit governing the analysis of August's standing is clear and controlling. And neither Line's insistence that the Court got it wrong, nor its reference to non-binding, largely unpublished, out-of-circuit, district court decisions—numerous of which the Court already considered—satisfies Section 1292(b)'s second factor.
- By the time the Court hears this motion, trial will be less than three weeks away. The interlocutory appeal Line seeks would delay resolution of this case and result in piecemeal appeals. Line's requested relief is itself a piecemeal appeal (i.e., seeking review of only the standing portion of the Court's Order).

Line cannot meet its heavy burden under Section 1292(b) to show exceptional circumstances justifying immediate appeal. This Court should deny the motion.

## II. ARGUMENT

As a general rule, a district court ruling is appealable only after entry of final judgment. *See* 28 U.S.C. § 1291. Section 1292(b) provides for appeal of an interlocutory order upon certification by the district court and with the permission of the Court of Appeals only when "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978); *ICTSI Oregon, Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1130 (9th Cir. 2022).

Under 28 U.S.C. § 1292(b), a district court should certify an order for interlocutory appeal only if the movant shows (1) the subject of the certification request "involves a controlling question of law," (2) "to which there is substantial ground for difference of opinion," **and** (3) "that an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Id*. Even if "the statutory criteria of § 1292(b) are met, the district court 'retains discretion to deny permission for interlocutory appeal.'" *Tsyn v. Wells Fargo Advisors, LLC*, 2016 WL 1718139, at *3 (N.D. Cal. Apr. 29, 2016).

Section 1292(b) "must be construed narrowly." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1068 (9th Cir. 2002); *see also In Cement Antitrust Litigation*, 673 F.2d 1020, 1027 (9th Cir. 1981) (by congressional directive, "Section 1292(b) is to be applied sparingly and only in exceptional cases"); *United States v. Woodbury*, 263 F.2d 784, 787-88, 799 n.11 (9th Cir. 1959) ("Section 1292(b) was intended primarily as a means of expediting litigation by permitting appellate consideration ***during the early stages of litigation*** of legal questions which, if decided in favor of the appellant, would end the lawsuit.") (emphasis added).

"The standard to certify a question of law is high and a district court generally should not permit such an appeal where 'it would prolong litigation rather than advance its resolution.'" *Moffett v. Recording Radio Film Connection, Inc.*, 2020 WL 6143595, at *4 (C.D. Cal. Jan. 31, 2020). Line bears the burden of demonstrating that

the Section 1292(b)'s requirements are satisfied. *See Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) (dismissing consolidated interlocutory appeals for lack of appellate jurisdiction due to no substantial ground for difference of opinion).

Line improperly seeks to certify for immediate appeal a question that distorts the Court's Order and assumes factual findings the Court never made.[1] Line's motion should be denied for that reason alone. *See El Dorado Irrigation Dist. v. Traylor Bros., Inc.*, 2005 WL 3453913, *2 (E.D. Cal. Dec. 16, 2005) ("The second question which plaintiff seeks to have certified is newly raised here . . . . This court cannot certify for appeal an issue that was not decided by this court in the first place[.]").

And even beyond Line's distortion of the Court's Order, its motion fails to satisfy all three of Section 1292(b)'s requirements: (1) Line seeks review of the application of law to particular facts (not a purely legal issue), (2) there is no substantial ground for difference of opinion in the Ninth Circuit on the authority governing the analysis of August's standing (nor is there a circuit split), and (3) an immediate, piecemeal appeal would needlessly delay resolution of this case. Therefore, this Court should deny this motion and allow the litigation to proceed.

**A. Line's request for interlocutory appeal is improper because Line seeks review of application of law to particular facts, not of pure law**

Line contends that the standing question here is purely legal and is controlling because appellate resolution could substantially impact the outcome of the litigation *if* decided in Line's factor. Dkt. 94 ("Mot.") at 8. The review Line seeks distorts the Court's Order and is of application of well-settled law to a specific set of facts requiring detailed review of the record. That is improper for interlocutory appeal.

---

[1] "Where there is a written agreement between a copyright owner and a plaintiff 'licensing agent' that does not explicitly grant an exclusive license to the plaintiff, may a court imply a transfer of ownership giving the plaintiff standing to sue a third party that it never granted a license to for copyright infringement?" Mot. at 7-8

A controlling question of law must be a discrete *purely legal* issue, not a mixed question of law and fact or an application of law to a particular set of facts. *ICTSI Oregon, Inc.*, 22 F.4th at 1130; *Cement*, 673 F.2d at 1026. The review of such a "pure" question of law should not necessitate a detailed inquiry into the record. *See, e.g., Simmons v. Akanno*, 2011 WL 1566583, at *3 (E.D. Cal. 2011) (stating Section 1292(b) appeals should be "reserved for situations in which the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts") (citation and internal quotations omitted); *Matsunoki Group* v. *Timberwork Or., Inc*, 2011 WL 940218, at *2 (N.D. Cal. 2011) (stating that a "question of law" is "something the court of appeals could decide quickly and cleanly without having to study the record").

Line does not dispute the legal principles in the Ninth Circuit governing the analysis of standing under the Copyright Act as set out in the Court's Order. *See* Dkt. 91 at 12-13 (setting forth "legal standard" for "standing"). These principles are well-established, clear, and controlling in this Circuit. *See Simmon*s, 2011 WL 1566583, at *4 (stating that courts "ask if there is substantial dispute about the correctness of any of the pure law premises the district court actually applied in its reasoning leading to the order sought to be appealed"). Rather, Line disagrees with the result this Court reached in applying that authority to August's agreements with the Photographers of the Subject Photographs at issue.

Accordingly, Line's request is improper under Section 1292(b)'s first factor because Line seeks review of application of law to particular facts, not of a purely legal question. Unless it summarily affirms the Court's Order (in which case Line's requested appeal would be a waste of time), the Ninth Circuit would have to review the parties' cross-motions for summary judgment and August's agreements with the Photographers of the Subject Photographs at issue. That is not the type of review contemplated under Section 1292(b)'s first factor.

Moreover, the question Line poses for review assumes facts not in the record and distorts this Court's Order, and is thus "defective in [its] premise[.]" *See Carroll Shelby Licensing, Inc. v. Halicki*, 2023 WL 2347391, at *2 (C.D. Cal. Jan. 30, 2023) (denying motion to certify interlocutory appeal in part because the issue identified in the motion was "not presented or decided at summary judgment"). The Court found that August was granted the exclusive right to reproduce, distribute, and display. *See* Dkt. 91 at 13-18. Yet Line's question is framed not according to the Court's Order, but rather according to Line's self-serving (and already-rejected) argument that a transfer requires use of copyright jargon (i.e., "magic words") and a "pre-existing licensing relationship" with the accused infringer—an argument which is untethered from the well-established law in this Circuit and this Court's Order and factual findings. The transfer of rights to August was neither implied nor non-exclusive, and this Court did not make any findings of transfer by implication or non-exclusivity. *Contra* Mot. at 8, 14 (Line wrongly suggesting that this Court made a finding that August's agreements "lacked explicit language granting August an exclusive license"). Nor did the Court make a finding that a "pre-existing licensing relationship" between August and Line was required for August to sue Line for unauthorized use of the Subject Photographs. *Contra id*. Line's question presented is thus improper and shows only that Line "simply misunderstands the Court's rulings[.]" *See Obesity Rsch. Inst., LLC v. Fiber Rsch. Int'l, LLC*, 2018 WL 1791611, at *3–4 (S.D. Cal. Apr. 16, 2018) (denying motion to certify interlocutory appeal of order on "standing under the Lanham Act" and "Article III standing").

Line speculates that the issue of standing could be controlling because it could end the whole case. But that is only if the issue is decided *in Line's favor*, and thus makes it no different than any other element of August's prima facie case (to the extent not already established as a matter of law). *Cf. FragranceNet.com, Inc. v. FragranceX.com, Inc.*, 2007 WL 9710244, at *3 (E.D.N.Y. Aug. 28, 2007) (denying motion to bifurcate: "Defendant's argument . . . is an outcome determinative argument

premised largely on speculation at this juncture."). Tellingly, Line cites no decision in a copyright infringement case where a court, after finding the copyright holder had standing at the summary judgment stage, certified only the standing portion of that decision for interlocutory appeal based on facts not found in that decision.

So owing, Line's motion fails at the first factor.

### B. Line shows no substantial ground for difference of opinion

Line's reference to largely non-binding, unpublished, out-of-circuit, district court decisions—numerous of which this Court already considered—does not constitute the substantial grounds for a difference of opinion needed for this factor.

"To determine if a 'substantial ground for difference of opinion' exists under § 1292(b), courts must examine to what extent the controlling law is unclear." *Couch*, 611 F.3d at 633. "That settled law might be applied differently does not establish a substantial ground for difference of opinion." *Id*.

The Ninth Circuit law cited in the Court's Order as the standard for analyzing standing (Dkt. 91 at 12-13) is consistent, settled, and binding. Among other things, under *Radio Television Espanola v. New World Entm't, Ltd.*, 183 F.3d 922 (9th Cir. 1999), "[n]o magic words must be included in a document to satisfy § 204(a). Rather, the parties' intent as evidenced by the writing must demonstrate a transfer of a copyright." *Id*. And under *Minden Pictures, Inc. v. John Wiley & Sons, Inc.*, 795 F.3d 997 (9th Cir. 2015), an exclusive licensing agent has exclusive display, distribution, and reproduction rights and has standing to redress violations of those rights. *Id*. at 1005-06. Thus, the Ninth Circuit law that is controlling in this case is clear.

Line appears to suggest that this factor is merely a case-counting exercise. *See* Mot. at 8-9. Not so. This factor may be met "if the ***circuits*** are in disagreement ***and*** the court of appeals in which the district court sits has not decided the issue, the issue involves complicated questions of foreign law, or the issue is a novel and difficult one of first impression." *Cooper v. Tokyo Elec. Power Co., Inc.*, 166 F. Supp. 3d 1103, 1142 (S.D. Cal. 2015) (emphasis added). This case does not involve foreign law, a

- 6 -
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION

novel issue or one of first impression, or a situation where there is little or no case law. The Ninth Circuit authority governing the analysis of August's standing is clear and controlling. *See* Dkt. 91 at 12-13. There is no intra-circuit conflict nor a circuit split, and Line's suggestion that "this Court furthers an existing split between circuits" (Mot. at 15) borders on an ethical violation—Line cites no circuit-level decision that conflicts with any of the Ninth Circuit authority cited in the Court's Order.

      The only purported substantial grounds for differences of opinion are Line's references to non-binding, largely unpublished, out-of-circuit, district court decisions. But "just because counsel contends that one precedent rather than another is controlling does not mean" that such grounds exist. *Couch*, 611 F.3d at 633; *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011). Plus, the Court already considered numerous of those non-binding, largely unpublished, out-of-circuit, district court decisions (and Line's arguments based thereon) and explained why they do not carry the day for Line. *See, e.g.*, Dkt. 91 at 16 n.7, 19.[2] Consequently, Line's argument "that appeal is warranted . . . based on 'competing' cases outside the Ninth Circuit" is insufficient "to establish a reasonable ground for a difference of opinion with the Order[.]" *See EchoStar Satellite, L.L.C. v. Viewtech, Inc.*, 2008 WL 11337844, at *2 (S.D. Cal. May 27, 2008) (denying motion to certify interlocutory appeal); *see also, e.g.*, *Valdovinos v. McGrath*, 2007 WL 2023505, at *4-5 (N.D. Cal. 2007) (holding no substantial ground for disagreement regarding ruling that seeking to exhaust habeas corpus claims within 9 months was reasonable notwithstanding Supreme Court opinion suggesting 30 days was reasonable); *Tsyn*, 2016 WL 1718139 at *4 ("[I]t would not warrant a § 1292(b) appeal simply because another district court

---

[2] Line did not cite *Original Appalachian Artworks, Inc. v. Schlaifer Lance & Co.*, 679 F. Supp. 1564 (N.D. Ga. 1987); *Plunket v. Doyle*, 2001 WL 175252, at *1 (S.D.N.Y. Feb. 22, 2001); or *Viesti Assocs., Inc. v. McGraw-Hill Glob. Educ. Holdings, LLC*, 2015 WL 585806, at *1 (D. Colo. Feb. 11, 2015) in the parties' cross-motions for summary judgment (Dkt. 59) or in Line's reply in support of its motion (Dkt. 77).

reached a different decision in a broadly similar case."); *Spears v. Wash. Mut. Bk. FA*, 2010 WL 54755, *3 (N.D. Cal. Jan. 8, 2010) ("[T]hat one district court came to a different conclusion on the same issue is insufficient to establish a substantial ground for difference of opinion."); *Getz v. Boeing Co.*, 2009 WL 3765506, at *3 (N.D. Cal. June 16, 2009) ("[T]hat other district courts have interpreted [a particular case] in the manner advocated by Defendants does not provide a substantial ground for difference of opinion on controlling questions of law.").

Beyond that, Line does little more than rehash its arguments on standing presented at summary judgment and its belief that the Court erred in rejecting them—though, in doing so, Line continues to distort the Court's Order and findings. *See* Mot. at 13-15. But "[t]he mere fact that a party strongly disagrees with a court's ruling is not a substantial ground for difference of opinion warranting certification." *Stanwood v. Mary Kay, Inc.*, 941 F. Supp. 2d 1212, 1224 (C.D. Cal. 2012); *see also, e.g.*, *Obesity Rsch. Inst.*, 2018 WL 1791611 at *3–4 ("Though ORI continues to disagree with the Court on the determination of Shimizu's Article III standing, this disagreement is not a substantial ground for difference of opinion on the issue of law here."); *Mann v. Cnty. of San Diego*, 2016 WL 245480, at *3 (S.D. Cal. 2016) ("[N]either a party's strong disagreement with the Court's ruling nor the fact that settled law might be applied differently establish a substantial ground for difference of opinion."); *see Couch*, 611 F.3d at 633. Line may be "convinced that the Court got it wrong." *Envt'l Prot. Info. Ctr. v. Pac. Lumber Co.*, 2004 WL 838160, at *4 (N.D. Cal. 2004). Line's belief, though, "is not tantamount to disagreement" as required by Section 1292(b). *Id*. (internal quotations omitted). Were the rule otherwise, "nearly every judgment would give rise to an interlocutory appeal." *Id*.

Thus, Line's motion fails at the second factor. If Line disagrees with binding Ninth Circuit precedent that "magic words" are not necessary to evidence a transfer of copyright in a written agreement or that an exclusive licensing agent has standing under the Copyright Act, it can—at the appropriate time, if it so chooses—seek en

banc review of *Radio Television Espanola*, *Wiley*, and the well-established, clear, and controlling Ninth Circuit authority cited in the Court's Order under which August has standing to pursue its claims against Line.

**C. The interlocutory appeal Line seeks would prolong resolution of this case**

Line argues that a ruling on standing would either result in the dismissal of the case or narrow the scope of the litigation by affirming the district court's finding of standing. Mot. at 15-16. But given the high bar set by Section 1292(b), the trial date of February 24, 2025 is a dealbreaker for Line's certification request because immediate, piecemeal appeal of only the standing portion of the Court's Order would needlessly delay resolution of this case.

A party seeking certification of an interlocutory appeal must show that an immediate appeal "may materially advance the litigation rather than impede or delay its ultimate termination." *Cement*, 673 F.2d at 1026. A district court should not permit an interlocutory appeal where doing so would prolong litigation rather than advance its resolution. *See Fenters v. Yosemite Chevron*, 761 F. Supp. 2d 957, 1005 (E.D. Cal. 2010). A pending trial date alone can render interlocutory appeal improper. *See, e.g.*, *Shurance v. Planning Control Int'l, Inc.*, 839 F.2d 1347, 1348 (9th Cir.1988) (finding that "interlocutory appeal might well have the effect of delaying the resolution of this litigation, for an appeal probably could not be completed before [the date] when trial is currently scheduled."); *Woodbury*, 263 F.2d at 787 ("Section 1292(b) was intended primarily as a means of expediting litigation by permitting appellate consideration during the early stages of litigation"); *In re Static Random Access Memory (SRAM) Antitrust Litig.*, 2011 WL 250317, at *2 (N.D. Cal. 2011) (noting set trial date as reason to deny motion for certification); *Monster Energy Co. v. Integrated Supply Network, LLC*, 2018 WL 6136144, at *4 (C.D. Cal. 2018) (same).

Certifying an appeal now would delay resolution of this case, not expedite it. Trial is set for February 24—not even three weeks after this motion will be heard, by which time the parties will have already submitted their trial documents. Line's

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION

requested appeal fails because, among other reasons, it comes far too late in this case. *Cf. Casas v. Victoria's Secret Stores, LLC*, 2015 WL 13446989, at *4 ("This case is still in the pre-certification/pleading stage, with no discovery cut-offs or trial date"); *see also Warm v. Innermost Ltd.*, 2022 WL 3449812, at *3 (C.D. Cal. June 13, 2022) (denying motion to certify for interlocutory appeal portion of summary judgment order in part because of the "firm trial date" and the procedural posture of the case).

After entry of final judgment, Line will certainly ask the Ninth Circuit to review August's standing, along with the losing party at trial seeking the Ninth Circuit's review of the verdict, trial rulings, and pretrial rulings. "[P]iecemeal and successive further appeals, whether after trial or beyond, would [not] be pragmatic or beneficial to the parties or the court system, particularly given the implicit gatekeeping function of the district courts under § 1292(b)." *Warm*, 2022 WL 3449812 at *3; *Valdovinos*, 2007 WL 2023505 at *4 ("[O]ne party may take a second appeal, thus burdening the court of appeals with two appeals in the same case"). Furthermore, if the Court granted Line's request and the Ninth Circuit then took up the request and affirmed this Court's decision on standing, "the case will return to this Court in the same position in which it stands today, and the parties will prepare for a [jury] trial that likely will require more time and resources than the parties would expend on a bench trial [now] given that witnesses', counsel's, and the Court's familiarity with the case will erode." *See Carroll Shelby Licensing, Inc. v. Halicki*, 2023 WL 2347391, at *4 (C.D. Cal. Jan. 30, 2023) (denying motion to certify interlocutory appeal).

Plus, August will have its fee motion based at the very least on its success so far, which is also subject to appeal after entry of judgment. An appeal of standing, and a subsequent appeal of the verdict, trial and pretrial rulings, and fees, would not materially advance this litigation. *See Warm*, 2022 WL 3449812, at *4.

Line's argument that interlocutory appeal will conserve resources *if* Line prevails is the very type of speculative, outcome-determinative argument that is insufficient to satisfy this factor *precisely because* it is theoretical, particularly in light

- 10 -
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION

of the Ninth Circuit's expectation that district courts function as gatekeepers. *See id.*; *Getz*, 2009 WL 3765506 at *2 (denying motion to certify order for interlocutory appeal: "[A]n interlocutory appeal, if successful, would likely advance the ultimate termination of this litigation. This is true anytime a case-dispositive motion is denied."). Plus, the other side of Line's "if," which Line appears to largely ignore, is that if its "appeal were to fail, the termination of the litigation would be delayed, and the Court of Appeals would be burdened with a second appeal." *See Getz*, 2009 WL 3765506 at *2.

Consequently, Line's motion fails the third factor. Line's certification request will delay a trial that is only weeks away, increase the risk and magnitude of wasted time and resources spent on reviewing Ninth Circuit authority that is not subject to reasonable dispute, and result in piecemeal appeals. *Cf. U.S. Rubber Co v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966) (vacating order granting interlocutory appeal).

\* \* \*

Line does not satisfy all three of Section 1292(b)'s factors because this case simply does not warrant Section 1292(b)'s "exceptional" treatment. This Court should deny Line's motion, including Line's stay request,[3] so the parties can proceed to trial.

## IV. CONCLUSION

Line's arguments provide no basis for disregarding the general rule that interlocutory rulings are reviewed after entry of final judgment. The essence of Line's Section 1292(b) argument—though framed in the language of the statute ("controlling

---

[3] If this Court is inclined to grant Line's motion, any stay should only be granted if the Ninth Circuit actually accepts Line's requested appeal. *See Cement*, 673 F.2d at 1026 (if the district court includes findings on Section 1292(b)'s three factors in its order, the circuit court will then determine "whether the district court has properly found that the certification requirements of [§ 1292(b)] have been met," and whether it will, in its discretion, permit the appeal); *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 966 (9th Cir. 1981) (stating Section 1292(b)'s "mechanism permits the Court of Appeals to protect its docket by determining for itself whether to accept the issue for review").

question of law," "substantial grounds for difference of opinion," etc.)—"simply takes issue with the court's summary-judgment holding. Beyond that, [Line] do[es] not show that this is the sort of 'exceptional' case that should be reviewed now, rather than follow the normal course of full disposition and unitary appeal." *See Tsyn*, 2016 WL 1718139 at *4. Therefore, this Court should deny this motion.

|  |  | Respectfully submitted, |
|---|---|---|
| Dated: January 17, 2025 | By: | */s/ Stephen M. Doniger* |
|  |  | Stephen M. Doniger, Esq. |
|  |  | Benjamin F. Tookey, Esq. |
|  |  | DONIGER / BURROUGHS |
|  |  | *Counsel for Plaintiff* |

## L.R. 11-6.2. Certificate of Compliance

Counsel for Plaintiff August Image, LLC certifies that this memorandum of points and authorities complies with the type-volume limitation of L.R. 11-6.1. This certification is made relying on the word count of the word-processing system used to prepare the document. Plaintiff's counsel further certifies that Plaintiff's memorandum of points and authorities contains 3,997 words, and complies with the word limit of L.R. 11-6.

| Dated: January 17, 2025 | By: | */s/ Benjamin F. Tookey* |
|---|---|---|
|  |  | Benjamin F. Tookey, Esq. |
|  |  | DONIGER / BURROUGHS |
|  |  | *Counsel for Plaintiff* |