Morgan E. Pietz (SBN 260629)
  morgan@pstrials.com
Matthew A. Trejo (SBN 320464)
  matt@pstrials.com
PIETZ & SHAHRIARI, LLP
6700 S. Centinela Avenue, 2nd Floor
Culver City, CA 90230
Telephone:  (310) 424-5557
Facsimile:   (310) 597-4626

Attorneys for Defendant
*LINE FINANCIAL PBC*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUGUST IMAGE, LLC, a New York Limited Liability Company,<br><br>    Plaintiff,<br><br>v.<br><br>LINE FINANCIAL PBC, a Delaware Corporation; and DOES 1-10,<br><br>    Defendant(s). | Case No. 2:23-cv-05492-MWC-AS<br><br>Assigned to: Honorable Michelle Williams Court, United States District Judge<br><br>Referred to: Honorable Alka Sagar, United States Magistrate Judge<br><br>Action Filed:    07/10/2023<br>Final Pretrial Conf.:  02/07/2025<br>Trial Date:    02/24/2025<br><br>**DEFENDANT LINE PBC'S OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* NO. 1**<br><br><u>Hearing</u>:<br>Date/Time:  February 7, 2025, 1:30 pm<br>Location:  First Street Courthouse<br>    350 W. 1st Street<br>    Courtroom 9B, 9th Floor,<br>    Los Angeles, CA 90012 |

# DEFENDANT LINE PBC'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 1

Defendant Line Financial PBC ("Defendant" or "Line PBC") hereby submits its Opposition to Plaintiff August Image, LLC's ("Plaintiff" or "August") Motion *in Limine* No. 1.

**(a)   Introduction & Summary**

August's motion *in limine* seeks to exclude any argument, questioning, testimony, reference, or other evidence concerning other lawsuits—or findings in other lawsuits—involving August. Defendant agrees that it will not call August a "troll," but it should be able to argue, refer to or offer evidence of (1) the fact that August did not create the photographs at issue, (2) August's litigation history, and (3) the fact that obtaining revenue from litigation related to its photographs is a large part of August's business model, because it is relevant to August's damages and not prejudicial.

**(b)   Relevant Facts**

August did not create the Subject Photographs in dispute. Part of August's business is initiating copyright infringement lawsuits related to the photographs of the photographers it represents. August has approximately 25 active cases in federal court, including 7 in the Ninth Circuit.

**(c)   Legal Standard**

Federal Rule of Evidence 402 explicitly prohibits the inclusion of "irrelevant" evidence. Fed. R. Evid. 402. Federal Rule of Evidence 401 prescribes what evidence qualifies as relevant. Fed. R. Evid. 401. It provides that evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." *Id*. 401(a)–(b).

"The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair

prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

**(d)   Argument**

    (1)   <u>The Fact that Plaintiff Did Not Create the Photographs at Issue in this Lawsuit and is in the Business of Litigation is Relevant to Damages and Is Not Outweighed by a Danger of Unfair Prejudice</u>

The information Plaintiff seeks to exclude is relevant to damages. In a district court case in South Carolina, the court found that discovery related to plaintiff's history of asserting copyright infringement claims to be relevant to damages:

> "Defendants seek documents and information related to Oppenheimer's history of asserting copyright infringement claims, as well as documents and information concerning the income he has earned from his photography business. Oppenheimer first objects to the request as irrelevant. But there can be no doubt that the income Oppenheimer has derived from previous copyright claims and the income he has earned from his photography business are relevant to this lawsuit. In determining an appropriate award of damages in a copyright infringement lawsuit, courts routinely consider the extent to which the plaintiff has engaged in 'copyright trolling.'
>
> …
>
> Courts routinely factor a copyright plaintiff's status as a copyright troll into their damages calculus. See, e.g., ME2 Prods., Inc. v. Ahmed, 289 F. Supp. 3d 760, 764 (W.D. Va. 2018). Many courts have determined that minimum statutory damages are appropriate where the plaintiff is a 'copyright troll' who 'seek[s] copyright infringement damages not to be made whole, but rather as a primary or secondary revenue stream and [who] file[s] mass lawsuits … with the hopes of coercing settlements.' Id. (quoting Malibu Media, LLC v. [Redacted], 2017 WL 633315, at *3 (D. Md. Feb. 15, 2017) and collecting cases). In fact, the Western District of North Carolina recently awarded Oppenheimer himself minimum statutory damages in a similar copyright infringement case based on the court's finding that Oppenheimer files copyright claims 'as a revenue stream' rather than for the purpose of being made whole. Oppenheimer v. Griffin, 2019

> WL 7373784, at *7 (W.D.N.C. Dec. 31, 2019), appeal dismissed, 2020 WL 4365337 (4th Cir. Mar. 23, 2020).

*Oppenheimer v. Williams*, No. 2:20-CV-4219-DCN, 2021 WL 4086197, at *3 (D.S.C. Sept. 8, 2021)

> Even more compelling, the same court, in a distinct but similar copyright case brought by Oppenheimer, recently found that Oppenheimer must produce the very records defendants seek here, overruling Oppenheimer's relevance objection.
>
> Further, the relevance objections are also without merit. [Oppenheimer]'s photography revenue, prior copyright assertions, and prior copyright infringement lawsuits are relevant to the statutory damages at issue in this matter. See Oppenheimer v. Holt, 2015 WL 2062189, at *2 (W.D.N.C. May 4, 2015) (Reidinger, J.) (stating that 'the revenue lost by the copyright holder' and 'the conduct and attitude of the parties' are relevant for the purposes of determining statutory damages under the Copyright Act) (citation omitted). As such, instances where [Oppenheimer] has asserted his rights in his copyrights, the amounts recovered from those assertions, and [his] licensing agreements are all relevant here. Likewise, other courts have held that settlement agreements are relevant to the issue of damages in intellectual property cases. See Smith v. NBC Universal, 2008 WL 483604, at *4 (S.D.N.Y. Feb. 22, 2008) ('[E]vidence of the settlements and their amount are relevant to a determination of the amount of statutory damages....'); see also Small v. Nobel Biocare USA, LLC, 808 F. Supp. 2d 584, 586–92 (S.D.N.Y. 2011) (finding settlement agreement relevant to royalty in patent infringement action). As such, the settlement agreements are relevant here and can be disclosed.

*Oppenheimer v. Williams*, No. 2:20-CV-4219-DCN, 2021 WL 4086197, at *3 (D.S.C. Sept. 8, 2021), citing *Oppenheimer v. Episcopal Communicators, Inc.*, 2020 WL 4732238, at *3 (W.D.N.C. Aug. 14, 2020) (alterations in original).

"In yet another one of Oppenheimer's copyright lawsuits, from this very courthouse no less, Judge Richard M. Gergel found evidence of Oppenheimer's previous copyright litigation relevant to the issue of damages and ordered him to 'produce a list [ ] of lawsuits he has initiated to claim copyright infringement of any

of his photographs,' including 'whether each litigation resulted in a settlement and, if so, the settlement value and terms....' " *Oppenheimer v. Williams*, No. 2:20-CV-4219-DCN, 2021 WL 4086197, at *3 (D.S.C. Sept. 8, 2021), citing *Oppenheimer v. Scarafile et al.*, 2:19-cv-3590-RMG (D.S.C.), ECF No. 55 at 5.

Based on the foregoing authorities and triable issues in this case, which include statutory damages for 12 photographs, the information August seeks to exclude should not be excluded because it is highly relevant to August's damages. The revenue lost by August (or not lost) and its conduct are relevant for purposes of determining statutory damages. There is no dispute that August did not create the Subject Photographs. There is no dispute that litigation is part of August's business and that August derives revenue from such litigation. Moreover, there is no prejudice to August by Line referring to services that August offers to its clients and publicly advertises on its website. "We take copyright protection of our artists' work seriously. We work with the following partners to enforce those rights; Global Rights Control, Rights Control (UK, France, Belgium, The Netherlands), PixRay and ImageRights." See https://www.augustimage.com/About.

**(e)    Conclusion**

For the foregoing reasons, Line PBC respectfully requests that the Court deny August's motion *in limine* no. 1.


Respectfully submitted,                    PIETZ & SHAHRIARI, LLP


DATED: January 24, 2025              BY:   */s/ Matthew A. Trejo*
                                                    Morgan E. Pietz
                                                    Matthew A. Trejo

                                                    *Attorneys for Defendant LINE FINANCIAL PBC*

## L.R. 11-6.2. Certificate of Compliance and Certificate of Compliance With Page Limitation Per Standing Order (ECF No. 83)

Counsel for Defendant Line Financial PBC certifies that this this brief complies with the type-volume limitation of L.R. 11-6.1. This certification is made relying on the word count of the word-processing system used to prepare the document. Defendant's counsel further certifies that this brief contains 1,168 words and complies with the word limit of L.R. 11-6.1.

As required by this Court's Standing Order (ECF No. 83), this certifies that this brief does not exceed twenty-five (25) pages, exclusive of tables of contents and authorities. Further, the typeface is Times New Roman 14 point, with footnotes in the same size.

Respectfully submitted,                    PIETZ & SHAHRIARI, LLP

DATED: January 24, 2025                    BY:   /s/ Matthew A. Trejo
                                           Morgan E. Pietz
                                           Matthew A. Trejo

                                           *Attorneys for Defendant LINE FINANCIAL PBC*