Morgan E. Pietz (SBN 260629)
  morgan@pstrials.com
Matthew A. Trejo (SBN 320464)
  matt@pstrials.com
PIETZ & SHAHRIARI, LLP
6700 S. Centinela Avenue, 2nd Floor
Culver City, CA 90230
Telephone:   (310) 424-5557
Facsimile:   (310) 597-4626

Attorneys for Defendant
*LINE FINANCIAL PBC*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AUGUST IMAGE, LLC, a New York Limited Liability Company,<br><br>    Plaintiff,<br><br>v.<br><br>LINE FINANCIAL PBC, a Delaware Corporation; and DOES 1-10,<br><br>    Defendant(s). | Case No. 2:23-cv-05492-MWC-AS<br><br>Assigned to: Hon. Michelle Williams Court, United States District Judge<br><br>Referred to: Hon. Alka Sagar, United States Magistrate Judge<br><br>Action Filed:           07/10/2023<br>Final Pretrial Conf.:   02/07/2025<br>Trial Date:             02/24/2025<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 5 TO EXCLUDE REFERENCE TO ANY STATEMENT, ALLEGED FINDING OF FACT OR RULING IN THE COURT'S SUMMARY JUDGMENT ORDER**<br><br>Hearing:<br>Date/Time: February 7, 2024<br>           1:30 pm<br>Location:  First Street Courthouse<br>           350 W. 1st Street<br>           Courtroom 6A, 6th Floor,<br>           Los Angeles, CA 90012 |

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on February 7, 2024 at 1:30 p.m., or as soon thereafter as it may be heard, in Courtroom 6A of the above-titled Court, located at 350 W. 1st Street, Los Angeles, California 90012, the Honorable Michelle Williams Court, presiding, Defendant Line Financial PBC ("Line") will, and hereby does, bring this Motion *in limine* for an order to exclude reference to any statement, alleged finding of fact, or ruling in the Court's Summary Judgement Order (ECF No. 91) ("Motion").

This Motion will be made pursuant to the Federal Rules of Evidence and the authorities cited in the Memorandum of Points and Authorities herein. This Motion is based on the Notice of Motion, the Memorandum of Points and Authorities, the pleadings and documents on file in this case and such further oral and documentary evidence as may be presented.

| | |
|---|---|
| Respectfully submitted, | PIETZ & SHAHRIARI, LLP |
| DATED: January 31, 2025 | BY:  */s/ Matthew A. Trejo*<br>Morgan E. Pietz<br>Matthew A. Trejo<br>*Attorneys for Defendant LINE FINANCIAL PBC* |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

At trial, August is expected to refer to various statements, alleged findings of fact, or rulings in this Court's summary judgment order as evidence that Line has infringed August's copyrights or merely to undermine Line's credibility by showing that the Court has ruled against Line on certain issues. Any reference by August to such rulings, or to any of the Court's statements in support thereof, are wholly irrelevant and would be improper under FRE 403 because it would confuse the issues, mislead the jury, unfairly prejudice Line, and may run afoul of the hearsay rule.

## II. RELEVANT FACTS

On December 17, 2024, the Court entered its order Granting in Part and denying in Part Defendant's Motion for Summary Judgment and Granting in Part and Denying in Part Plaintiff's Motion for Partial Summary Judgment (ECF No. 91) ("Order"). It became clear upon seeing August's proposed pretrial documents that it intends to reference the Court's findings to the jury.

## III. ARGUMENT

### A. Legal Standards

Federal Rule of Evidence 402 explicitly prohibits the inclusion of "irrelevant" evidence. Fed. R. Evid. 402. Federal Rule of Evidence 401 prescribes what evidence qualifies as relevant. Fed. R. Evid. 401. It provides that evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." *Id*. 401(a)–(b).

"The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

### B. August Should be Excluded from Referencing to Any Statement, Alleged Finding of Fact, or Ruling in the Court's Summary Judgement Order

#### 1. The Court's Summary Judgment Order is Not relevant to Any Issue Before the Jury

The jury need not be informed of what the Court did or did not find on summary judgment, or to which Subject Photographs the instruction does or does not apply in order to reach a verdict that does not conflict with the summary judgment order. Instead, to avoid overlapping or conflicting findings, Line has carefully crafted a verdict form which incorporates the Court's findings on summary judgment and does not ask the jury to make a finding on an issue where the Court has already made a ruling on that issue. The Court's summary judgment ruling narrowed some issues. So, Line's form does not ask the jurors to make a finding on those issues the Court has already decided. Even if Line's verdict form is not adopted, what the Court found on summary judgment is not relevant to any of the remaining issues the jury will be tasked with deciding at trial.

#### 2. Even if Relevant, Any Relevance is Substantially Outweighed by the Dangers of Unfair Prejudice, Confusing the Issues and Misleading the Jury

The jury is likely to give the Court's findings on summary judgment too much weight. See, e.g., *Greycas, Inc. v. Proud*, 826 F.2d 1560, 1567 (7th Cir. 1987) (explaining judicial policy of preventing juries from hearing about statements made by courts because juries would probably give undue weight or credence to those statements especially when those statements were made by the judge presiding at trial); *Nipper v. Snipes*, 7 F.3d 415, 416 (4th Cir. 1993) ("…judicial findings of fact present a rare case where, by virtue of their having been made by a judge, they would likely be given undue weight by the jury, thus creating a serious danger of unfair prejudice") (citations and quotation omitted).

Moreover, such references could be used as a basis for the jury to find infringement for the remaining Subject Photographs, simply because the Court already found infringement as to other Subject Photographs. *Century Wrecker Corp. v.E.R. Buske Mfg. Co.*, 898 F.Supp. 1334, 1343 (N.D. Iowa 1995) (finding that the prejudicial value of prior summary judgment ruling of infringement upon the jury's decisions was excessive because the jury could conclude on the basis of infringement, that the patent was also valid). Line might lose credibility with the jury due to the Court's adverse rulings, especially that Line infringed 3 of August's copyrights. The jury might also infer from the Court's Order finding infringement for 3 Subject Photographs that infringement must have been more serious for those Subject Photographs and thus willful.

The jury likely will not understand the different legal standards that apply on summary judgment and trial. On summary judgment, the movant must meet a very high burden of showing that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The jury likely will not appreciate that the non-movant on summary judgment, unlike the plaintiff at trial, is entitled to all favorable inferences on any disputed factual issue. If August is allowed to reference the Court's finding of standing, infringement and ownership on certain Subject Photographs, it might think Line's defenses are weak or unjustified. If the Court were to explain the high standards of summary judgment to the jury, the jury might incorrectly assume since infringement was found on summary judgment with respect to some Subject Photographs, it is easier to prove infringement for the remaining Subject Photograph at trial.

Moreover, a summary judgment order that does not dispense of the entire case is interlocutory. "As *Ortiz* explained, a determination that the record at summary judgment reveals a 'genuine dispute as to a material fact' is, by its nature, interlocutory, 562 U.S. at 188, 131 S.Ct. 884 (simplified), and the resulting denial of summary judgment thereafter 'retains its interlocutory character as simply a step

along the route to final judgment,' id. at 184, 131 S.Ct. 884. When that summary judgment denial is followed by a trial on the merits, however, 'the full record developed in court supersedes the record existing at the time of the summary-judgment motion.' " *Matter of York*, 78 F.4th 1074, 1084 (9th Cir. 2023). Therefore, allowing August to reference findings in an Order that is not final and may be superseded by the facts that come out at trial is prejudicial to Line and confusing to the jury.

Finally, a court judgment is hearsay. "We therefore agree with the Fourth, Tenth, and Eleventh Circuits that judicial findings of facts are hearsay, inadmissible to prove the truth of the findings unless a specific hearsay exception exists." *United States v. Sine*, 493 F.3d 1021, 1036 (9th Cir. 2007), citing *Herrick v. Garvey*, 298 F.3d 1184, 1191–92 (10th Cir.2002); *United States v. Jones*, 29 F.3d 1549, 1554 (11th Cir.1994); *Nipper v. Snipes*, 7 F.3d 415, 417 (4th Cir.1993). Here, no specific hearsay exception exists.

Based on the authority above, reference to statements, alleged findings of fact or rulings in the Court's summary judgment order are wholly irrelevant and would not only unfairly prejudice Line, confuse the issues and mislead the jury, but may also run afoul of the hearsay rule.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this motion *in limine*.

Respectfully submitted,     PIETZ & SHAHRIARI, LLP

DATED: January 31, 2025     BY:  */s/ Matthew A. Trejo*
                            Morgan E. Pietz
                            Matthew A. Trejo

                            *Attorneys for Defendant LINE FINANCIAL PBC*

## L.R. 11-6.2. Certificate of Compliance and Certificate of Compliance With Page Limitation Per Standing Order (ECF No. 83)

Counsel for Defendant Line Financial PBC certifies that this this brief complies with the type-volume limitation of L.R. 11-6.1. This certification is made relying on the word count of the word-processing system used to prepare the document. Defendant's counsel further certifies that this brief contains 1,374 words and complies with the word limit of L.R. 11-6.1.

As required by this Court's Standing Order (ECF No. 83), this certifies that this brief does not exceed twenty-five (25) pages, exclusive of tables of contents and authorities. Further, the typeface is Times New Roman 14 point, with footnotes in the same size.

Respectfully submitted,                         PIETZ & SHAHRIARI, LLP

DATED: January 31, 2025                    BY:   */s/ Matthew A. Trejo*
                                            Morgan E. Pietz
                                            Matthew A. Trejo

                                            *Attorneys for Defendant LINE FINANCIAL PBC*