Morgan E. Pietz (SBN 260629)
  morgan@pstrials.com
Matthew A. Trejo (SBN 320464)
  matt@pstrials.com
PIETZ & SHAHRIARI, LLP
6700 S. Centinela Avenue, 2nd Floor
Culver City, CA 90230
Telephone:  (310) 424-5557
Facsimile:   (310) 597-4626

Attorneys for Defendant
*LINE FINANCIAL PBC*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUGUST IMAGE, LLC, a New York Limited Liability Company,<br><br>    Plaintiff,<br><br>v.<br><br>LINE FINANCIAL PBC, a Delaware Corporation; and DOES 1-10,<br><br>    Defendant(s). | Case No. 2:23-cv-05492-MWC-AS<br><br>Assigned to: Hon. Michelle Williams Court, United States District Judge<br><br>Referred to: Hon. Alka Sagar, United States Magistrate Judge<br><br>Action Filed:         07/10/2023<br>Final Pretrial Conf.: 02/07/2025<br>Trial Date:           02/24/2025<br><br>**DEFENDANT'S EX PARTE APPLICATION TO SPECIALLY SET MOTIONS *IN LIMINE* NOS. 4 AND 5 FOR HEARING AT THE FINAL PRETRIAL CONFERENCE AND EXPEDITED BRIEFING** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD

    PLEASE TAKE NOTICE that pursuant to Local Rule 7-19, and that as soon as the matter may be heard in Courtroom 6A of the above-titled Court, located at 350 W. 1st Street, Los Angeles, California 90012, the Honorable Michelle Williams Court, presiding, Defendant Line Financial PBC ("Line") will and hereby does apply ex parte for an order specially setting Line's Motions *in Limine* Nos. 4 and 5 ("Motions") (concurrently filed) for hearing at the Final Pre-Trial Conference scheduled for February 7, 2025 at 1:30 and for expedited briefing of the concurrently filed motions.

    There is good cause for the requested relief, as more specifically discussed in in the accompanying Memorandum of Points and Authorities, which is incorporated herein by reference.

    On January 27, 2025, Line requested to meet and confer with August's counsel regarding its intended Motions and inquired whether August would agree to waive the timing requirement under Local Rule 7-3 and agree to have the Motions heard on shortened noticed and briefing schedule. See Trejo Decl. ¶ 2. The same day August responded that it was not available to meet and confer until February 6, 2025, the day before the Final Pre-Trial Conference, and would not agree to the rest of Line's requests. *Ibid*. The same day, Line's counsel responded and indicated that the call would likely take less than 30 minutes and that the parties already made their positions clear on Line's Motion *in Limine* No. 5 in their respective portions of the proposed final pretrial conference order (ECF No. 116-1). *Ibid*.

    On January 30, Line again reached out via email to August indicating that it would be filing the Motions on January 31, 2025, and again requested to meet and confer on the Motions either the afternoon of January 30 or the morning of January 31. See Trejo Decl. ¶ 3. August's counsel responded the same day and said that he was not available to meet and confer. *Ibid*.

Pursuant to Local Rule 17-19.1, Line provided notice to August of this Application and the relief sought to all parties on January 30, 2025 by written email notice. See Trejo Decl. ¶ 4. On the same day, August's counsel replied back and indicated that it would oppose the ex parte application. *Ibid*. On January 31, 2025, Line informed August via email that, pursuant to this Court's Standing Order, oppositions to ex parte applications must be filed within 24 hours of the filing of the application. *Ibid*. Line also informed August that, since it will be the weekend, the due date for an opposition to this ex parte application would be end of day Monday, February 3. *Ibid*.

Per Local Rule 7-19, the name, address, phone number, and email address of counsel for the opposing parties are:

Stephen Doniger: stephen@donigerlawfirm.com

Benjamin Tookey: btookey@donigerlawfirm.com

See Trejo Decl. ¶ 5.

This Application is based on this Notice and the accompanying Memorandum of Points and Authorities, the concurrently filed Declaration of Matthew A. Trejo, the records and documents on file in this action and any further evidence and argument as may be presented prior to or at the time of hearing on this Application.

A [Proposed] Order is filed concurrently herewith.

Respectfully submitted,        PIETZ & SHAHRIARI, LLP

DATED: January 31, 2025        BY:   */s/ Matthew A. Trejo*
                               Morgan E. Pietz
                               Matthew A. Trejo
                               *Attorneys for Defendant LINE FINANCIAL PBC*

# MEMORANDUM OF POINTS AND AUTHORITIES

**(a)   Introduction and Summary**

Line is filing this ex parte application to specially set Line's Motions *in Limine* Nos. 4 and 5 ("Motions") for hearing at the Final Pre-Trial Conference scheduled for February 7, 2025 at 1:30 and to set a deadline for August to respond to the Motions. The two additional Motions address evidentiary issues that have come into focus and arisen during the parties' preparation of trial materials. By this Application, Line requests that the Court (a) specially set the Motions for hearing at the Final Pre-Trial Conference, and (b) set a deadline for August to respond to the Motions if it so desires. As indicated in the declaration of Matthew A. Trejo, filed concurrently herewith, Line attempted to meet and confer with August regarding the issues raised in its Motions and this ex parte application, but August indicated it was not available.

**(b)   Background**

On January 10, 2025, the parties entered into a stipulation regarding the admissibility of Exhibit 7. *See* ECF No. 97.

The stipulation provides in relevant part that:
"Plaintiff August Image, LLC, and Defendant Line Financial, PBC, hereby jointly stipulate that Exhibit 7 shall be admitted into evidence at trial without objection, Plaintiff will not file any motion seeking an adverse inference instruction or other sanctions for alleged spoliation of evidence, and Defendant will not file any motion seeking to preclude the admission of the screenshots from ImageRights and PixMole included in Exhibit 7."

ECF No. 97, p. 2, lns. 13-18.

On January 7, 2025, the parties held their Rule 16 conference, which included meeting and conferring on motions *in limine*.

On January 10, 2025, the parties filed their motions *in limine*.

On Monday, January 20, 2025, August sent Line the initial draft of the Proposed Final Pre-Trial Conference Order. In the Proposed Final Pre-Trial

Conference Order, August indicated that it would offer the following evidence to support its allegation that Line's alleged infringement was willful: "August will present evidence that Line acted with at least reckless disregard for, and/or willful blindness to, its rights in the Subject Photographs, and then further acted willfully by (1) destroying evidence of its exploitation of the Subject Photographs after receiving August's notice of infringement and being advised of its obligation to preserve such evidence, and (2) continuing to display at least one of the Subject Photographs even after the inception of this case, and then destroying that evidence in the middle of discovery." *See*, e.g., ECF No. 116-1, p. 12, lns. 10-14.

This is the first time that Line realized that August would be attempting to circumvent their stipulation and argue to the jury that Line destroyed evidence of copying. In Line's portion of the Proposed Final Pre-Trial Conference Order, it indicated that it would file a motion *in limine* if August insisted on making these arguments to the jury. *See*, e.g., ECF No. 116-1, pp. 14, lns. 24-28, p. 15, lns. 1-2; p. 20, lns. 13-15.

In response, in August's portion of the Proposed Final Pre-Trial Conference Order, it made it clear that it intended to argue, reference and offer evidence of Line allegedly destroying evidence of copying:

> "The actions Line took with respect to evidence of its use of the Subject Photographs in response to August's notice of infringement, and during this case (it continued to display at least one of the Subject Photographs through February 2024), is relevant to Line's state of mind and damages. Line admits this, it just seeks to exclude the actions that it believes may harm its case. That does not equate to unfair prejudice, and there is no legitimate grounds for Line's selectivity (including because it goes to weight, not admissibility, of evidence). Line admits below that it intends to open the door to these actions by arguing that they show innocent infringement, and August is entitled to cross-examine Line on those actions. The evidence a party produces, or does not produce, goes to credibility (among other things). And Line mischaracterizes the parties' stipulation to admit Exhibit 7 as evidence into the record without objection. August agreed not file a motion for sanctions for spoliation of evidence. August

>waived no ability to argue, or introduce evidence showing, that Line's infringement was willful, or at the very least not innocent, in part because of the actions Line took with respect to evidence of its use of the Subject Photographs in response to August's notice of infringement, and during this case."

*See* ECF No. 116-1, p. 12 n. 2.

Moreover, Line met and conferred with August during the preparation of jury instructions and pointed out the reasons why referencing summary judgment findings in the instructions or at all was prejudicial and proposed a way in which to incorporate the Court's findings on summary judgment without specifically telling the jury about them. Line's proposal was to craft a verdict form that incorporated the Court's findings without telling the jury the Court had made such a finding. Line has submitted such a verdict form to the Court as its proposed verdict form. However, as it became time to file proposed jury instructions, which was after the motion *in limine* filing deadline, it was clear that August was going to insist on peppering the jury instructions with irrelevant and prejudicial summary judgment findings and if it was going to do that it would likely discuss the Court's findings at trial.

**(c)   Meet and Confer Attempts re Underlying Motions and Notice of Ex Parte Application**

On January 27, 2025, Line requested to meet and confer with August's counsel regarding its intended Motions and inquired whether August would agree to waive the timing requirement under Local Rule 7-3 and agree to have the Motions heard on shortened noticed and briefing schedule. See Trejo Decl. ¶ 2. The same day August responded that it was not available to meet and confer until February 6, 2025, the day before the Final Pre-Trial Conference, and would not agree to the rest of Line's requests. *Ibid*. The same day, Line's counsel responded and indicated that the call would likely take less than 30 minutes and that the parties already made their

positions clear on Line's Motion *in Limine* No. 5 in their respective portions of the proposed final pretrial conference order (ECF No. 116-1). See Trejo Decl. ¶ 2.

On January 30, Line again reached out via email to August indicating that it would be filing the Motions on January 31, 2025, and again requested to meet and confer on the Motions either the afternoon of January 30 or the morning of January 31. See Trejo Decl. ¶ 3. August's counsel responded the same day and said that he was not available to meet and confer. *Ibid*.

Pursuant to Local Rule 17-19.1, Line provided notice to August of this Application and the relief sought to all parties on January 30, 2025 by written email notice. See Trejo Decl. ¶ 4. On the same day, August's counsel replied back and indicated that it would oppose the ex parte application. *Ibid*. On January 31, 2025, Line informed August via email that, pursuant to this Court's Standing Order, oppositions to ex parte applications must be filed within 24 hours of the filing of the application. *Ibid*. Line also informed August that, since it will be the weekend, the due date for an opposition to this ex parte application would be end of day Monday, February 3. *Ibid*.

Per Local Rule 7-19, the name, address, phone number, and email address of counsel for the opposing parties are:

Stephen Doniger: stephen@donigerlawfirm.com

Benjamin Tookey: btookey@donigerlawfirm.com

See Trejo Decl. ¶ 5.

**(d)    Legal Standard and Argument**

To justify ex parte relief, the moving party must make two showings: (1) "the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures"; and (2) "it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Engineering Co. v. Continental Cas. Co.*, 883 F. Supp.

488, 492 (C.D. Cal. 1995). Here, Line can establish both elements, which shows it has good cause for the requested relief.

Line will be irreparably prejudiced if the underlying Motions are heard according to regular noticed motion procedures. Here, motions *in limine* will be heard, argued and likely decided on February 7, 2025 at the Final Pre-Trial Conference. If Line were to file the motions today and regularly notice the motions for 28 days out, the hearing date would be Friday, February 28, 2025, which is not only well beyond the Final Pre-Trial Conference date but also after the trial date. Line would be irreparably prejudiced if the motions were not heard and argued at the Final Pre-Trial Conference, as the issues raised in the motions address the exclusion of irrelevant and prejudicial evidence against Line. Moreover, the issues Line asks the Court to decide in it Motions will be significant issues at the Final Pre-Trial Conference. For example, the issue of whether to exclude evidence of Line's alleged destruction of evidence is raised in an objection in Line's portion of the proposed pre-trial conference order. The issues with respect to refencing Court findings to the jury is inextricably intertwined with the parties' disputed jury instructions and competing verdict forms. Out of caution and for clarity at trial, Line brings these issues to the Court's attention formally by the Motions.

Moreover, Line is without fault in creating the crisis that requires ex parte relief. For example, Line did not learn that August intended to offer evidence of Line's alleged destruction of evidence that was contrary to the stipulation between the parties until January 20, 2025, which is when it received August's portion of the pre-trial conference order. At this point, the parties' motions *in limine* had already been filed. Line could not have anticipated this issue as it believed August agreed not to bring up this evidence in the parties' stipulation. With respect to Line's Motion *in Limine* No. 5 to exclude reference to summary judgment findings, Line met and conferred with August during the preparation of jury instructions and pointed out the reasons why referencing summary judgment findings in the

instructions or at all was prejudicial and proposed a way in which to incorporate the Court's findings on summary judgment without specifically telling the jury about them. Line's proposal was to craft a verdict form that incorporated the Court's findings without telling the jury the Court had made such a finding. Line has submitted such a verdict form to the Court as its proposed verdict form. However, as it became time to file proposed jury instructions, which was after the motion *in limine* filing deadline, it was clear that August was going to insist on peppering the jury instructions with irrelevant and prejudicial summary judgment findings and, if it was going to do that, it would likely attempt to mention the Court's findings at trial in front of the jury one way or another.

Finally, none of the issues raised in Line's Motions are new issues. As discussed above, the parties have stated their positions on excluding evidence of Line's alleged destruction of evidence in the final pre-trial conference order. With respect to excluding summary judgment findings, the parties met and conferred on these issues throughout the preparation of jury instruction and the verdict form. Therefore, August will not be prejudiced by having to oppose motions *in limine* on issues that have been central to the trial preparation process.

**(e)   Conclusion**

For the foregoing reasons, Line respectfully requests that this Court grant this ex parte application.

Respectfully submitted,                           PIETZ & SHAHRIARI, LLP


DATED: January 31, 2025                    BY:   */s/ Matthew A. Trejo*
                                           Morgan E. Pietz
                                           Matthew A. Trejo
                                           *Attorneys for Defendant LINE FINANCIAL PBC*