1  Stephen M. Doniger (SBN 179314)
   stephen@donigerlawfirm.com
2  Benjamin F. Tookey (SBN 330508)
   btookey@donigerlawfirm.com
3  DONIGER / BURROUGHS
4  603 Rose Avenue
   Venice, California 90291
5  Telephone: (310) 590-1820
6  *Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUGUST IMAGE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>LINE FINANCIAL, PBC, et al.,<br><br>Defendants. | Case No. 2:23-cv-05492-MWC-AS<br>*Hon. Michelle W. Court Presiding*<br><br>**PLAINTIFF'S EX PARTE APPLICATION FOR AN ORDER SETTING BRIEFING SCHEDULE FOR MOTION FOR RECONSIDERATION OF ORDER GRANTING DEFENDANT'S MOTION IN LIMINE NO. 5 (DKT. 132)**<br><br>Final Pretrial Conf.: Feb. 14, 2025<br>Time: 1:30 p.m.<br>Courtroom: 6A<br><br>Trial Date: Feb. 24, 2025 |

TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT Plaintiff August Image, LLC will and hereby does apply to this Court ex parte to set a briefing schedule on a motion for reconsideration of the Court's Order granting Defendant Line Financial, PBC's Motion in Limine No. 5 (Dkt. 132) to preclude any reference at trial to what has already been decided as a matter of law vis-à-vis the narrowed triable issues that remain (*see* Dkt. 91, 131).

This motion is brought on the grounds that the Court committed clear error in finding it per se improper to advise the jury of those findings, as such instructions are both proper and required in the Ninth Circuit where reasonably necessary to avoid confusion over the elements of claims the jury need not decide because they are already established and the elements that remain for them to decide. Moreover, Line continues to submit jury instructions and a verdict form rehashing issues that have already been decided as a matter of law and thus are not questions for the jury (namely, August's ownership of all Subject Photographs, Line's liability for infringing Subject Photographs AU2149040, AU2363315, AU11234878, AU2149064, and AU1387317). A clear instruction to the jury is thus necessary to avoid confusing and misleading the jury and unfairly prejudicing August.

Counsel for August and counsel for Line met and conferred regarding this ex parte application on February 12, 2025. Line opposes this application.

Respectfully Submitted,

Dated: February 12, 2025

DONIGER / BURROUGHS

By: /s/ *Stephen M. Doniger*
Stephen M. Doniger, Esq.
Benjamin F. Tookey, Esq.
*Attorneys for Plaintiff*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On January 31, 2025, Line filed its belated motion in limine No. 5 (Dkt. 123) arguing that it would be confusing and/or unduly prejudicial to advise the jury of the Court's findings on summary judgment. The Court authorized that late filing, gave August a shortened time to respond, and then at the February 7, 2025 final pretrial conference granted the motion on the stated grounds that it is per se improper to advise the jury about what has already been established—either in jury instructions or statements of counsel.

Under Ninth Circuit authority, it is not per se improper to so advise the jury. For example, in *Coles v. Eagle*, the Ninth Circuit considered a challenge to a jury instruction offered in an excessive force case in which the district court granted partial summary judgment in favor of the police officer defendants. The jury was instructed:

> This Court has already found as a matter of law, that the arrest was lawful, and that defendants' acts of breaking the vehicle window and pulling plaintiff from the vehicle was reasonable under the circumstances. Thus, in order to prove an unreasonable seizure in this case, the plaintiff must prove by a preponderance of the evidence that the officers used excessive force when they used physical force to arrest plaintiff after he was removed from the vehicle.

704 F.3d 624, 627 (9th Cir. 2012). The Ninth Circuit "recognize[d] that, given the court's earlier partial grant of summary judgment, the trial judge was required to give such an instruction" to make clear to the jury what questions remained for it to decide. *Id*. at 630, n.4. Many other cases, including intellectual property cases, have followed suit—incorporating summary judgment findings into the jury instructions and/or verdict forms as necessary to properly focus the jury on the only remaining issues they need to decide.

August brings this ex parte application because, since the February 7, 2025 Final Pretrial Conference, Line has made clear that it intends to argue issues to the

jury that have already been decided by this Court. If the jury is not clearly advised what is, and is not, left for them to decide, Line's gambit will confuse and mislead the jury and unfairly prejudice August.

For example, although this Court has already found Line liable for infringing August's copyrights in Subject Photograph AU2149040 and that Line's use of AU2149040 was not a derivative work. *See* Dkt. 91 at 21-24. Yet Line's proposed verdict form ***disregards*** those findings altogether and asks the jury to make a finding on whether Subject Photograph AU2149040 "is not owned by the photographer that created the photograph because it was a work-made-for-hire" and whether Line's "blog post containing this Subject Photograph is a derivative work."

An instruction to advise the jury regarding those elements of the claims that have already been decided is not unfairly prejudicial or improper. To the contrary, it is necessary avoid confusing and misleading the jury and unfairly prejudicing August. This Court should grant this application and set an expedited briefing schedule on why it should reconsider and reverse its Order granting Line's motion in limine No. 5.

**II. ARGUMENT**

Extraordinary relief is warranted where the movant's cause will be irreparably prejudiced without that relief and the movant is without fault in creating the crisis that requires the requested relief. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492-93 (C.D. Cal. 1995). The relief August requests is warranted here.

**A. Instructing the jury based on the Court's summary judgment findings is not unfairly prejudicial, and is required in appropriate situations**

As noted above, the panel in *Coles v. Eagle* stated that courts are required to present the jury with instructions that properly set forth which elements of the claims have been decided and which remain for the jury to decide.[1] Since then, courts have

---

[1] *See also, e.g.*, *Sinclair v. Akins*, 696 F. App'x 773, 778 (9th Cir. 2017) ("The district court did not commit plain error when it gave Instruction 19, which informed the jury

not hesitated to instruct the jury as to those elements that have already been decided so the jury is focused only on the triable issues that remain.

For example, in *Bryant v. Mattel, Inc.*, a case addressing copyright ownership of the "Bratz" dolls, "the district court narrowed the issues for the jury. The jury was instructed that '[a]s a matter of law, [Bryant] owed a . . . duty of loyalty to Mattel.' Further, the jury was instructed that '[a]s a matter of law, [Bryant] breached his duty of loyalty to Mattel when he entered into a contract with MGA, Mattel's competitor, while still employed by Mattel, to produce a line of fashion dolls to be marketed in direct competition with Mattel's products.'" 2010 WL 11463864, at *2 (C.D. Cal. Oct. 29, 2010). "[T]he district court's language in the jury instruction was borrowed verbatim from its summary judgment order, which granted Mattel's motion for summary judgment as to Bryant's breach of his duty of loyalty to Mattel." *Id.* n.3.

And more recently, in *In re Tesla Inc., Sec. Litig.*, the court discussed the propriety of "you are to assume" language to advise the jury of the issues that were previously decided by the court:

> The Court's formulation of Jury Instruction No. 6 did not misstate the elements that were to be proved at trial. The instruction adequately informed the jury of its charge—and what issues it had to assume were resolved—while protecting Defendants from the risk of prejudice arising

that the district court had already 'determined as a matter of law that the officers had probable cause to [(1)] obtain a warrant to search Plaintiffs' residence for evidence of possession and manufacture of marijuana' and '[(2)] to arrest Plaintiffs for possession and manufacture of marijuana.' This instruction was given to clarify that the jury did not need to decide these issues."); *Mahoney v. Barlow*, 452 F. App'x 724, 726 (9th Cir. 2011) (explaining that "[t]he district court properly instructed the jury regarding its previous rulings on summary judgment" when it instructed the jury that "it had already determined that Defendants were entitled to use reasonable force" to "appropriately focus[] the jury's attention on the issue before it—whether the force used was excessive"). *See also* Dkt. 118 at 23 of 61 (August collecting cases supporting proposition that instructions should clarify for the jury what has already been decided and what is left for them to decide).

from an express reference to a judicial finding of fact. The Court has discretion in formulating jury instructions and is permitted to use the 'you are to assume' construction. *See e.g.*, *Sherwin-Williams Co. v. PPG Indus., Inc.*, 2021 WL 5648019, at *3 (W.D. Pa. Dec. 1, 2021) (adopting 'you can assume' language in jury instruction to describe issue previously decided by the court).

2023 WL 4032010, at *11 (N.D. Cal. June 14, 2023).

August agrees that jury instructions must be crafted to ensure they are not unfairly prejudicial, do not cause confusion, and do not put undue weight on any findings of the Court. Yet in appropriate cases, like this one, it is critical to clearly advise the jury of what has already been decided and what is left for them to decide. This avoids confusing and misleading the jury and focuses them only on the remaining triable issues.

**B. Instructing the jury based on the Court's summary judgment findings is critical to avoid the confusion and unfair prejudice to August that will result from Line arguing issues that have already been decided**

This Court already found that August established ownership of the Subject Photographs as a matter of law. Dkt. 91 at 20 n.10, 22; Dkt. 131 at 4. This Court also already found that August established infringement of Subject Photographs AU2149040, AU2363315, AU11234878, AU2149064, and AU1387317. Dkt. 91 at 24; Dkt. 131 at 6. And the Court found that "the Accused Posts are not derivative works." Dkt. 19-20 n.9. Thus, the only triable issues remaining for the jury to decide are (1) as to the 13 Subject Photographs other than the five for which Line is already liable, whether Line copied those 13; (2) for the five for which Line is already liable and any of the other 13 for which the jury finds Line liable, whether Line's infringement was innocent, willful, or neither; and (3) for the five for which Line is already liable and any of the other 13 for which the jury finds Line liable, the amount of damages to be awarded to August for each.

Yet Line has made clear that it intends to rehash these issues with the jury and seek findings that August does not have valid copyright interests in the Subject Photographs and that Line is not liable for infringing those Subject Photographs for which this Court has already found infringement.

Indeed, Line's proposed verdict form asks the jury to decide, for each Subject Photograph, whether "this Subject Photograph is not owned by the photographer that created the photograph because it was a work-made-for-hire" and whether "its blog post containing this Subject Photograph is a derivative work." And for Subject Photograph AU11037582, Line asks the jury to decide whether "Bruno Van Mossevelde and Nicoletta Van Mossevelde are joint authors of this Subject Photograph" and whether "Nicoletta Van Mossevelde granted Plaintiff an exclusive license to this Subject Photograph." None of those are remaining triable issues for the jury to decide in this case. As stated above, they have already been adjudicated as a matter of law.

Given the above, it is critical that the jury be advised that August's ownership of a valid copyright in each Subject Photograph—the first element of its infringement claims—has already been adjudicated in its favor, as has infringement of five of the Subject Photographs. It would be unduly prejudicial for August and confusing for the jury if Line argues that August has not met its burden on those issues, the jury is not made aware that those issues have already been decided and are not remaining triable issues for them to decide, *and* August is precluded from making the jury aware of the same. And it would allow Line to improperly invite findings that contradict this Court's Summary Judgment Order (Dkt. 91) and Reconsider Order (Dkt. 131)—all of which will defeat the very purpose of summary judgment to narrow the scope of triable issues. None of that should be permitted.

The best way to avoid that situation is to, as courts in this circuit routinely do, instruct the jury as to what they need to decide and what they need *not* decide.

### III. CONCLUSION

For the foregoing reasons, August respectfully requests that this Court grant this application and set an expedited briefing schedule for a motion to reconsider and reverse its Order granting Line's motion in limine No. 5.

Respectfully Submitted,

Dated: February 12, 2025                DONIGER / BURROUGHS

By:   /s/ *Stephen M. Doniger*
       Stephen M. Doniger, Esq.
       Benjamin F. Tookey, Esq.
       *Attorneys for Plaintiff*

### L.R. 11-6.2. Certificate of Compliance

Counsel for Plaintiff August Image, LLC certifies that Plaintiff's brief complies with the type-volume limitation of L.R. 11-6.1. This certification is made relying on the word count of the word-processing system used to prepare the document. Plaintiff's counsel further certifies that Plaintiff's brief contains 1,632 words and complies with the word limit of L.R. 11-6.

Dated: February 12, 2025        By:   /s/ *Benjamin F. Tookey*
                                       Benjamin F. Tookey, Esq.
                                       DONIGER / BURROUGHS
                                       *Attorneys for Plaintiff*