Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Benjamin F. Tookey (SBN 330508)
btookey@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUGUST IMAGE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>LINE FINANCIAL, PBC, et al.,<br><br>Defendants. | Case No. 2:23-cv-05492-MWC-AS<br>*Hon. Michelle W. Court Presiding*<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION TO EXPEDITE BRIEFING ON LINE'S MOTION FOR RECONSIDERATION AND MOTION IN LIMINE NO. 6** |

# MEMORANDUM OF POINT AND AUTHORITIES

## I. INTRODUCTION

Ex parte applications are solely for extraordinary relief and are rarely granted. *See Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488 (C.D. Cal. 1995). To justify the significant burden its late-filed motions will place on this Court and August's counsel, Line must show that its cause will be irreparably prejudiced without the "emergency" relief it seeks *and* that it is without fault in creating the crisis that requires the requested relief. *Id*. at 492-93.

Line's one-page application fails to show either. It fails to explain how there is any real possibility of irreparable prejudice or how Line is without fault in creating the current situation. Rather, Line's "emergency" is that it does not like this Court's prior ruling and seeks to saddle August and this Court with *additional* belated motion practice to reargue matters already decided and advance specious new arguments.

Line's ex parte application should be denied, and the two motions it filed in violation of Civil L.R. 7-3 (ECF 134 & 135) should be stricken.

## II. THERE ARE NO GROUNDS TO PERMIT LINE TO FILE A MOTION FOR RECONSIDERATION

On December 17, 2024—two months ago—this Court issued its Order on the parties' summary judgment motions and denied Line's request for evidentiary sanctions. Dkt. 91. This Court again issued a denial when Line repackaged its same request in two motions in limine. Dkt. 127. Now, a week before trial, Line wants to revisit whether the Court applied the correct burden of proof in finding no evidence that Line suffered no prejudice.

Ultimately Line's argument fails. This Court applied the correct legal standard. Even assuming *arguendo* it did not, there was simoly no evidence of prejudice to support Line's requested sanction—regardless of who bore the burden. Moreover, there has never been a finding of any "discovery abuse" by August to begin with. Rather, the evidence in this case reveals a profound failure by Line's counsel to

competently conduct discovery—a failure for which it now seeks relief by, in a stunning show of deflecting responsibility, casting blame and aspersions on August. To summarize what has already been before the Court twice (Dkt. 85):

1) August identified the non-party photographers in January 2024, provided contact information numerous times starting in May 2024, Line never subpoenaed 11 of the photographers, and waited to first attempt to subpoena only two of them until September 2024, less than a month before the discovery cutoff.

2) Instead, Line purported served deposition notices to the non-party photographers on August's counsel via email and moved to compel August to produce them for deposition. Judge Sagar denied Line's motion. Dkt. 52.

3) August produced all licensing invoices in support of its claims during the discovery period. Line had the opportunity to question August's corporate representative about all but 11 additional pages of licensing invoices at August's deposition. During that deposition, Line asked August no questions about its licensing rates.

4) Line waited until October 10 to depose August. The fact discovery cutoff was October 11.

5) The 11 additional pages of licensing invoices produced the day after August's deposition—August's representative testified that they were not produced because they were not reasonable "comps"—were produced at the request of Line's counsel, who now complains that they were produced.

Ignoring all of this, Line's motion in limine No. 1 sought to prevent August from seeking *any* actual damages—often calculated by the lost licensing rate for the use at issue—for the infringement of the six (of 18) Subject Photographs that are not eligible for statutory damages. And Line sought this despite August having produced all licensing invoices during the discovery period. To be sure, August produced all evidence to Line within the discovery period.

Line has all the information it needs to examine August at trial about the documents produced in discovery—and to argue that its belief that certain licensing invoices are better comps than others. Its arguments to wholesale foreclose an entire category of damages based on allegations of "slow played" production have been rejected twice, the first of which was two months ago, and there are no grounds to permit a late-filed "emergency" motion for it to reargue the point a third time. And Line's bid to delay the impending trial in order to conduct the discovery it failed to conduct in the 10 months that discovery was open can fare no better.

## III. THERE ARE NO GROUNDS TO PERMIT LINE TO FILE A DUPLICATIVE AND MERITLESS MOTION IN LIMINE

This Court set a limit of five motions in limine. Line now filed a sixth—in violation ot Local Rule 7-3—over a month later and purportedly on an emergency basis, to exclude licensing invoices it admits were timely produced in discovery. Dkt. 135 at 4.

Line's motion in limine No. 1 made no argument that August's licensing invoices (and testimony regarding those licenses) are inadmissible under the Federal Rules of Evidence—it only moved under Rule 37 and this Court's inherent authority. *See* Dkt. 114. Now, Line suddenly decided that the evidence is "irrelevant" and "unfairly prejudicial" under the Rules because it purportedly "never had a chance to explore the relevance of [different] low value [licenses] in discovery[.]" Dkt. 135 at 3.

Line's motion appears to rest on *Zhang v. Am. Gem Seafoods, Inc*., which Line quotes as holding only that "in the absence of . . . a [substantial] justification the district court may validly exclude, as a discovery sanction, evidence not produced in discovery." 339 F.3d 1020, 1028 (9th Cir. 2003). But August produced all evidence during discovery. And Line cites no authority whatsoever in which any court has precluded the introduction of evidence that was produced early in discovery because *other* evidence was produced at the end of discovery.

Line's "emergency" sixth motion in limine, which it filed without properly meeting and conferring and without being granted leave to file it, is suffers from the same fundamental flaws as its prior two motions seeking the same relief, one of which is that Line's argument is based on the weight, not admissibility, of evidence (i.e., arguing whether "low-value" or "high-value" licenses are "harmful" or "helpful").

There are no grounds to permit a sixth, late-filed motion in limine. As such, Line's ex parte application should be denied and its procedurally improper motion should be stricken.

## IV. LINE IS NOT WITHOUT FAULT IN CREATING THE PURPORTED "CRISIS" UNDERLYING THIS EX PARTE APPLICATION

Line's ex parte application fails to explain why, to the extent its motion in limine differs at all from what Line previously filed regarding licensing invoices it admits August timely produced during the discovery, it was not and could not have been timely filed. Line admits that it knew of the facts underlying this latest "emergency" application since at least October 2024.

Line now claims that it is critical that the Court correct its putative error in who bears the burden to show prejudice (or no prejudice) for an alleged "discovery abuse," but fails to identify any finding of a discovery abuse (there is none) or explain why it did not bring a motion to compel (it did and lost) to secure a finding of a discovery abuse as a predicate for this latest motion or the two prior motions that it duplicates.

Line's claim that it had no "opportunity" to depose the photographers strains credulity. It had at least half a year to do so, failed to serve subpoenas on any of them, and failed to even issue subpoenas to 11 of the photographers.

Line claims it had no opportunity to inquire into certain licensing invoices, but it failed to ask about any of August's licensing rates at deposition—all but an additional 11 pages of which had been previously produced, and those additional 11 pages were produced only a day later at the request of Line's counsel.

This ex parte application, and the motions Line filed in violation of Civil L.R. 7-3 and this Court's Civil Trial Order, are borne out of Line's conduct—not August's—and only serve to drain resources and distract from the Court and the parties readying this case for trial.

## V. CONCLUSION

Line has shown no good cause for this ex parte application and no irreparable prejudice. And Line is responsible for the current situation. This application should be denied, and the two late-filed, improper, and meritless motions should be stricken.

Respectfully submitted,

Dated: February 13, 2025     By:     /s/ Stephen M. Doniger
Stephen M. Doniger, Esq.
Benjamin F. Tookey, Esq.
DONIGER / BURROUGHS

*Attorneys for Plaintiff*

## L.R. 11-6.2. Certificate of Compliance

Counsel for Plaintiff August Image, LLC certifies that Plaintiff's memorandum complies with the type-volume limitation of L.R. 11-6.1. This certification is made relying on the word count of the word-processing system used to prepare the document. Plaintiff's counsel further certifies that Plaintiff's memorandum contains fewer than 7,000 words, and complies with the word limit of L.R. 11-6.

Dated: February 13, 2025     By:     /s/ Benjamin F. Tookey
Benjamin F. Tookey, Esq.
DONIGER / BURROUGHS
*Attorneys for Plaintiff*