Morgan E. Pietz (SBN 260629)
 morgan@pstrials.com
Matthew A. Trejo (SBN 320464)
 matt@pstrials.com
PIETZ & SHAHRIARI, LLP
6700 S. Centinela Avenue, 2nd Floor
Culver City, CA 90230
Telephone:  (310) 424-5557
Facsimile:  (310) 597-4626

Attorneys for Defendant
*LINE FINANCIAL PBC*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUGUST IMAGE, LLC, a New York Limited Liability Company,<br><br>    Plaintiff,<br><br>v.<br><br>LINE FINANCIAL PBC, a Delaware Corporation; and DOES 1-10,<br><br>    Defendant(s). | Case No. 2:23-cv-05492-MWC-AS<br><br>Assigned to: Hon. Michelle Williams Court, United States District Judge<br><br>Referred to: Hon. Alka Sagar, United States Magistrate Judge<br><br>Action Filed:          07/10/2023<br>Final Pretrial Conf.:  02/07/2025<br>Trial Date:            02/24/2025<br><br>**LINE PBC'S *EX PARTE* APPLICATION FOR AN ORDER COMPELLING COMPLIANCE WITH TRIAL SUBPOENA TO BRIAN BOWEN SMITH** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD

PLEASE TAKE NOTICE that pursuant to Local Rule 7-19, and that as soon as the matter may be heard in Courtroom 6A of the above-titled Court, located at 350 W. 1st Street, Los Angeles, California 90012, the Honorable Michelle Williams Court, presiding, Defendant Line Financial PBC ("Line PBC") will and hereby does apply *ex parte* for an order compelling compliance with a trial subpoena that was personally served on photographer Brian Bowen Smith on February 6, 2025.

Specifically, Line PBC respectfully requests that the Court enter an order:

(a) Compelling Mr. Bowen Smith to complete a diligent search and reasonable inquiry and produce, by bringing with him to the Courtroom 6A of the above-titled Court by 9:00 a.m. Tuesday February 25, 2025, all documents responsive to the following eight requests for production included in the subpoena to him: RFP Nos. 6, 11, 13, 14, 17, 19, 25, and 35.  Pietz Decl., **Exh B** (subpoena).

(b) Compelling Mr. Bowen Smith to appear in Courtroom 6A of the above-titled Court at 9:00 a.m. Tuesday February 25, 2025, so that he can be examined under oath, outside of the presence on the jury, per FRE 104,  in order to enable the Court to adjudicate any objections (Pietz Decl., **Exh. C**), including those asserting that unspecified document requests "seek information that may be protected by the attorney-client privilege and/or work-product doctrine" and to otherwise address any admissibility issued related to his subpoena return.

(c) Compelling Mr. Bowen Smith to be present in the courthouse to testify before the jury beginning at 1:30 p.m. on Wednesday February 26, 2025, and that he remain present in the courthouse from that time until excused or ordered to return the following day by the Court.

(d) Warning Mr. Bowen Smith that the U.S. Marshalls will be directed to take him into federal custody and bring him to Courtroom 6A of the First Street Courthouse forthwith should he fail to appear as ordered.

1    Pursuant to Local Rule 17-19.1, Line provided notice to August of this
2 Application and the relief sought to all parties on February 202, 205 at 9:49 AM by
3 email notice. Pietz Decl., ¶ 2, **Exh. A** (ex parte notice email chain) at 2. August's
4 counsel responded that they would oppose. *Id*. at 1-2.
5    Per Local Rule 7-19, the name, address, phone number, and email address of
6 counsel for the opposing parties are:
7    Stephen Doniger: stephen@donigerlawfirm.com
8    Benjamin Tookey: btookey@donigerlawfirm.com
9 Pietz Decl., ¶ 5.
10    This Application is based on this Application, the accompanying
11 Memorandum of Points and Authorities, the concurrently filed Declaration of
12 Morgan E. Pietz, the records and documents on file in this action and any further
13 evidence and argument as may be presented prior to or at the time of hearing on this
14 Application.  A Proposed Order is filed concurrently herewith.

16 Respectfully submitted,                      PIETZ & SHAHRIARI, LLP

18 DATED: February 20, 2025         BY:  */s/ Morgan E. Pietz*
19                                          Morgan E. Pietz
                                             Matthew A. Trejo
20                                          *Attorneys for Defendant LINE*
21                                          *FINANCIAL PBC*

-iii-

LINE PBC'S *EX PARTE* APPLICATION FOR AN ORDER COMPELLING
COMPLIANCE WITH TRIAL SUBPOENA TO BRIAN BOWEN SMITH

# TABLE OF CONTENTS

(a) Introduction and Summary .................................................................... 1
(b) Relevant Factual and Procedural Background ........................................ 2
    (1) August's Obstruction of Discovery from the Photographers ............ 2
    (2) Line PBC's Attempts to Seek Appropriate Relief from the Court ... 6
    (3) Line PBC's Trial Subpoenas to the Photographers ......................... 6
(c) Analysis: Good Cause Exists to Order Production of Documents ............. 8
(d) Conclusion ........................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**

*FL Distribucion S.A. de C.V. v. Sony Interactive Ent. Am. Trading LLC*,
  No. 23-MC-80177-PHK, 2023 WL 6541861, at *9 (N.D. Cal. Oct. 6, 2023) ........ 9

*In re Rule 45 Subpoena Issued to Cablevision Sys. Corp. Regarding IP Address 69.120.35.31*,
  No. MISC 08-347 (ARR) (MDG) .......................................................................... 10

*Integra Lifescienes I, Ltd. v. Merck KgaA*,
  190 F.R.D. 556, 561–62 (S.D. Cal. 1999) ............................................................... 8

*MedImmune, LLC v. PDL Biopharma, Inc.*, No. C08-05590 JF HRL,
  2010 WL 1266770, at *1 (N.D. Cal. Apr. 1, 2010) ................................................. 9

*Mortgage Info. Servs, Inc. v. Kitchens*,
  210 F.R.D. 562, 567 (W.D.N.C. 2002) .................................................................. 8

*nSight, Inc. v. PeopleSoft, Inc.*,
  2006 WL 988807, at *1, *3 (N.D. Cal. April 13, 2006) ..................................... 8, 9

*Sepulveda v. City of Whittier*,
  2022 WL 20804352, at *3 (C.D. Cal. Feb. 16, 2022) ............................................. 8

*Verisign, Inc. v. XYZ.com, LLC,* No. CV 15-MC-175-RGA-MPT,
  2015 WL 7960976, at *3 (D. Del. Dec. 4, 2015) ................................................. 10

# MEMORANDUM OF POINTS AND AUTHORITIES

**(a) Introduction and Summary**

Line PBC has persistently attempted to obtain documents and testimony from all the photographers who claim to own the copyrights at issue in this litigation since the spring of 2024. Unfortunately, this process has been akin to squeezing a balloon, as a result of plaintiff and its counsel's constantly shifting positions about whether these photographers are amenable to testifying voluntarily in this case or not, or whether they are or are not also represented by Doniger / Burroughs. The latest twist, which now brings plaintiff's counsel back around full circle to the original position staked out over a year ago, is that the Doniger / Burroughs firm will be representing one of the photographers, Brian Bowen Smith, after all. Mr. Bowen Smith was personally served on February 6, 2025, with a trial subpoena seeking documents and testimony. According to objections served on the evening of February 19, 2025, by Mr. Bowen Smith's on-again/off-again/on-again counsel, Mr. Doniger, Mr. Bowen Smith now objects to producing critical, highly-relevant documents and claims he has unspecified other engagements that may prevent him from testifying when called as a witness at trial in this case next week.

By this *ex parte* application, Line PBC respectfully requests that the Court order Mr. Bowen Smith appear in Courtroom 6A, with all of his responsive documents, at 9:00 a.m. on Tuesday February 25, 2025 (the date and time specified on the subpoena). To the extent that his baseless privilege assertions or other admissibility issues with his documents need to be resolved, that can be done at a short FRE 104 hearing with Mr. Bowen Smith on the witness stand, before calling in the jury for the morning session on Tuesday.

Line PBC respectfully requests that the Court's order specifically warn Mr. Bowen Smith that if he fails to appear when and where ordered by the Court, that the United States Marshalls may be directed to find him and bring him to Court.

-1-

LINE PBC'S *EX PARTE* APPLICATION FOR AN ORDER COMPELLING COMPLIANCE WITH TRIAL SUBPOENA TO BRIAN BOWEN SMITH

**(b)  Relevant Factual and Procedural Background[1]**

(1)  August's Obstruction of Discovery from the Photographers

The photographers' contact information was not provided to Line PBC in August's original initial disclosures served in **January of 2024**. Rather, the disclosures stated that nine photographers including Brian Bowen Smith were "***reachable through counsel***" for the plaintiff. ECF No. 82 (Sanctions Br.) at 6:5-7.

On April 24, 2024, August produced redacted copies of the Agency Agreements for six of the ten photographers with photographs at issue in the original complaint. Pietz Sanctions Decl. (ECF No. 82-1), ¶ 30. Notably, what was redacted out of the versions of the Agency Agreements produced in April was each Photographer's contact information. *Id*.

On May 22, 2024, Line PBC served Rule 30(b)(1) deposition notices seeking documents and testimony from all nine photographers who had been identified in plaintiff's initial disclosures as reachable through counsel, including Brian Bowen Smith. Exh. 115 (ECF No. 68-1) (exemplar of one such deposition notice); Pietz Sanctions Decl., ¶ 3 (averring same deposition notice was served on other photographers including Brian Bowen Smith).

On ***May 30, 2024***, August served a first supplemental initial disclosures, which struck the part about the Photographers being reachable through plaintiff's counsel, and instead provided mailing addresses (in the UK, NY, and California) for nine of the ten photographers with photographs at issue in the original complaint. With respect to the pending deposition notices to the Photographers, Mr. Doniger wrote,

> "For the non-party photographer depositions you have noticed, please let us know if/when you have served subpoenas on each proposed deponent. . .Please note that ***while I anticipate that we may end up***

---

[1] Section (b)(1) largely repeats facts previously set forward in Line PBC's sanctions motion brief (ECF No. 82).  Section (b)(2) references this Court's relevant recent orders.  Facts which will be new for the Court, relating to the trial subpoena to Mr. Bowen Smith, can be found at Section (b)(3), which begins on page 6.

-2-

LINE PBC'S *EX PARTE* APPLICATION FOR AN ORDER COMPELLING COMPLIANCE WITH TRIAL SUBPOENA TO BRIAN BOWEN SMITH

> *representing them if they testify in this case, at present we have not been retained* to represent them and are not authorized to accept subpoenas on their behalf." Exh. 117 (ECF No. 68-1) at 1 (emphasis added).

In its May 30th first supplemental initial disclosures, August did not provide telephone numbers or email addresses for any of the photographers. *Id*. at 2:7-3:23.

On July 26, 2024, Line PBC sent a discovery meet and confer letter to August asking August to "Please be prepared to discuss whether or not plaintiff has sought and produced responsive information and documents from the photographers, which is clearly in plaintiff's control based on the agreements." Exh. 118 (ECF No. 68-1) at 5.

At the ***August 15, 2024***, IDC before Judge Sagar, when pressed as to why plaintiff would not agree to the "very reasonable" compromise proposed by Line PBC—namely that August and its counsel accept service of the photographer subpoenas—Mr. Tookey protested that "***our office does not represent the photographers***". Exh. 124 (ECF No. 68-1) at 4:15-16 (emphasis added).  In response to a question from Judge Sagar, Mr. Tookey elaborated "If August wanted to take their deposition testimony, ***August would have to subpoena them because they're non-parties***." *Id*. at 7:5-7 (emphasis added).  In colloquy with defense counsel, Judge Sagar noted that she found these particular representations by plaintiff's counsel to be important,

> "I think your compromise is a very reasonable one ***but I'm hearing from Plaintiff that they -- if they wanted to take their depositions, they would have to go through the Rule 45 process***. So why shouldn't Defendant also be required to go through that process?" *Id*. at 7:17-21 (emphasis added).

The Court's written ruling, issued August 20, 2024, again reiterated that the Court was relying on plaintiff's counsel's representation that the photographers might need their own counsel (if they elected to have counsel at all),

> "Plaintiff is ordered to reach out to the nine photographers to determine if they want their depositions to be taken remotely and allow Plaintiff's counsel to accept service on their behalf in lieu of being served with

-3-
LINE PBC'S *EX PARTE* APPLICATION FOR AN ORDER COMPELLING COMPLIANCE WITH TRIAL SUBPOENA TO BRIAN BOWEN SMITH

FRCP Rule 45 subpoenas and the need to possibly retain separate counsel to represent them at depositions." ECF No. 52 at 2.

There is no evidence that August ever actually attempted to comply with the foregoing order. August did eventually produce a handful of emails between it and the photographers. Exh. 112 (ECF No. 61). But none of the emails suggest that any question was ever put to the photographers by August or its counsel about whether the photographers would agree to allow August to accept service of a subpoena, as ordered by Judge Sagar. *See id.*

After August ultimately declined to adopt Line PBC's "very reasonable" proposal, Line PBC attempted to personally serve subpoenas on certain of the photographers who had Los Angeles addresses. Pietz Sanctions Decl., ¶ 34. However, after attempting service, the process server determined the addresses provided by August were outdated. Exh. 129 (ECF No. 68-1). Line PBC asked August to provide updated contact information, August did not do so, and Line PBC was unable to successfully serve any of the photographers with subpoenas prior to the close of fact discovery. Pietz Sanctions Decl., ¶ 35.

Line PBC also followed up on whether August had at least collected responsive documents and information from the photographers. After August initially ignored the question, Line PBC raised it again by letter on August 13, 2024, citing cases defining "control" as the "legal right to obtain documents on demand" and pointing out that many of the Agency Agreements expressly obligated the Photographers to cooperate and provide documents to August in the event August filed suit on their copyrights. Exh. 122 (ECF No. 68-1) at pp. 3-4. During an August 23, 2024 call, August's counsel declined to clarify whether it had asked the photographers for responsive documents and information in response to Line PBC's discovery requests. *See* Exh. 130 (ECF No. 68-1) at 3. Accordingly, on August 30, 2024, Line PBC served RFAs seeking an admission that August had not done so. Exh. 125 (ECF No. 68-1) at 8:2-9. Line PBC also raised this issue again on September 26, 2024, and pressed for a final answer from the plaintiff, in a meet and

-4-

LINE PBC'S *EX PARTE* APPLICATION FOR AN ORDER COMPELLING COMPLIANCE WITH TRIAL SUBPOENA TO BRIAN BOWEN SMITH

confer letter sent September 27, 2024. Exh. 130 (ECF No. 68-1) at pp. 2-3. During the October 3, 2024 meet and confer call, plaintiff's final answer was that "There may have been some kind of 'conversations' about 'some' categories of documents between the plaintiff and the photographers." Exh. 133 (ECF No. 68-1) at pp. 9-10. When plaintiff's 30(b)(6) witness was asked to identify any specific RFPs served by Line PBC that August asked the photographers to respond to by providing documents, she was unable to identify any. Exh. 141 (ECF No. 68-1) (Kelly Tr.) at 159:24-160:7, 267:9-24.

Several of the noticed topics for August's 30(b)(6) deposition concerned August's profits and the photographers' licensing history. Exh. 39 (ECF No. 61) at 25 (of 317), Topic Nos. 42-48. When Line PBC asked about these topics at the deposition, Ms. Kelly had no figures to provide,

> "Q All right. Okay. So, Ms. Kelly, some of the topics we propounded for today involve talking about the amount of revenue and profits derived from the photographs at issue in this lawsuit. Do you know what those figures are?
> A No, I don't." Exh. 141 (ECF No. 68-1) at 263:20-25

Similarly, Ms. Kelly had no information to provide about the photographers' licensing history *for all of the photos at issue in this lawsuit,* except for one,

> "Q Apart from that one licensing comp for the Howard Stern image -- and that's Exhibit 97, page AUGUST 180 -- are you prepared to tell us today what other revenue any of those other photographs that are actually in dispute in this case generated for AUGUST Image?
> A No." *Id.* at 264:24-265:5.

Further, plaintiff's representation to Judge Sagar at the IDC that August would have to subpoena the photographers if it wanted their testimony has proven to be incorrect. Included in August's document dump that it served the final evening of fact discovery, **October 11, 2024**, were declarations from each of the photographers in which each of them, including Brian Bowen Smith averred "If called as a witness, I could and would testify as set forth below." ECF No. 61-1 at p. 267 of 308.

(2) <u>Line PBC's Attempts to Seek Appropriate Relief from the Court</u>

Line PBC filed its sanctions motion first setting forth most of the facts above, and proposing a variety of remedies, on November 8, 2024. ECF No. 68. The Court denied that motion without prejudice on December 17, 2024. ECF No. 91. Accordingly, Line PBC filed its motion *in limine* number one, which again sought relief, namely preclusion of actual damages evidence, related to the same foregoing discovery misconduct, on January 10, 2025. ECF No. 103. The Court denied that motion on February 4, 2025. ECF No. 127. Accordingly, on February 13, 2025, Line PBC filed a motion seeking reconsideration of the denial of its MIL 1, or, in the alternative, a trial continuance to conduct additional discovery aimed at trying to redress the prejudice caused by plaintiff's obstruction of discovery related to the photographers and their licensing history. ECF No. 134. On February 14, 2025, the Court denied as moot Line PBC's *ex parte* application seeking to shorten time so that its motion for reconsideration or a continuance could be heard before trial, and denied the reconsideration motion "without prejudice to either party raising or discussing the issues with the Court during the process of finalizing jury instructions and verdict form(s) and/or the parameters of closing argument." ECF No. 142.

(3) <u>Line PBC's Trial Subpoenas to the Photographers</u>

On January 31, 2025, Line PBC gave notice that it was issuing trial subpoenas to all of the photographers still at issue in this case. Pietz Decl., ¶ 3. The subpoena to Mr. Bowen Smith was personally served on him on February 6, 2025. Pietz Decl., ¶ 3, **Exh. B**.

On February 19, 2025, plaintiff's counsel emailed to announce that they would be representing Mr. Bowen Smith (after all), that they were raising certain objections on his behalf, that he would not be producing any documents, and that he had other, unspecified engagements that might prevent him from attending trial when called. **Exh. A** at 4-5 (email); **Exh. C** (objections).

LINE PBC'S *EX PARTE* APPLICATION FOR AN ORDER COMPELLING COMPLIANCE WITH TRIAL SUBPOENA TO BRIAN BOWEN SMITH

Accordingly, on February 20, 2025, at 9:49 AM, defense counsel gave notice that they would be filing this *ex parte* application. **Exh. A** at 2. In an effort to address the assertion that the subpoena is supposedly unduly burdensome, Line PBC also agreed to withdraw most of the document request categories. *Id.* at 3. Thus, the eight categories of documents which Line PBC did *not* withdraw, and still seeks to enforce via this application, are:

**"REQUEST FOR PRODUCTION NO. 6:**
All DOCUMENTS and COMMUNICATIONS that RELATE TO YOUR purported ownership of the SUBJECT PHOTOGRAPHS, including any work-for hire agreements, assignments, licenses, purchase agreements, or related emails.

**REQUEST FOR PRODUCTION NO. 11:**
All DOCUMENTS and COMMUNICATIONS RELATED TO when and how the SUBJECT PHOTOGRAPHS were first published, including copies of the method of first publication (*i.e.*, print, digital, internet, etc.)

**REQUEST FOR PRODUCTION NO. 13:**
All DOCUMENTS and COMMUNICATIONS that RELATE TO YOUR licensing of the SUBJECT PHOTOGRAPHS to third parties, including, but not limited to, all license or sub-license agreements, invoices, sales receipts, sales summaries or financial records.

**REQUEST FOR PRODUCTION NO. 14:**
Sufficient DOCUMENTS to show your gross profits from licensing the SUBJECT PHOTOGRAPHS to third parties for three (3) years prior to the filing of the COMPLAINT to present.

**REQUEST FOR PRODUCTION NO. 17:**
All DOCUMENTS and COMMUNICATIONS between YOU and AUGUST RELATED TO the AGENCY AGREEMENT, the SUBJECT PHOTOGRAPHS, ACCUSED POSTS and/or this lawsuit.

**REQUEST FOR PRODUCTION NO. 19:**
All DOCUMENTS, COMMUNICATIONS, electronically stored information and/or other writings or data RELATING TO any and all agreements pursuant to which IMAGERIGHTS monitored and/or identified purported infringement of YOUR PHOTOGRAPHS and all payments made in connection with such agreements.

**REQUEST FOR PRODUCTION NO. 25:**

>All DOCUMENTS, COMMUNICATIONS, electronically stored information and/or other writings or data RELATING TO YOUR discovery of any instances of copyright infringement by anyone of the SUBJECT PHOTOGRAPHS.
>**REQUEST FOR PRODUCTION NO. 35:**
>All DOCUMENTS and COMMUNICATIONS RELATING TO any PERSON who commissioned YOU to take the SUBJECT PHOTOGRAPHS." (*Id*.)

Plaintiff's counsel has indicated they intend to oppose this application; their email response is included at **Exh. A** at 1-2.

**(c)    Analysis: Good Cause Exists to Order Production of Documents**

Although Rule 45 itself makes no distinction between deposition subpoenas and trial subpoenas, the cases cited by Mr. Bowen Smith in his objections do recognize such a dichotomy. **Exh. C** at 1-2; *citing Integra Lifescienes I, Ltd. v. Merck KgaA*, 190 F.R.D. 556, 561–62 (S.D. Cal. 1999); *nSight, Inc. v. PeopleSoft, Inc.*, 2006 WL 988807, at *1, *3 (N.D. Cal. April 13, 2006). And it is indeed correct that the usual rule, at least among California federal courts, is that Rule 45 subpoenas requesting documents should be treated as a *discovery* device, and thus governed by the time limits put in place for discovery. *Integra Lifesciences*, 190 F.R.D. at 561.

However, as Mr. Smith himself concedes in his objections, *trial* subpoenas requesting documents are appropriate "for the purpose of memory refreshment." **Exh. C** at 2:7-12 (exception allows use of trial subpoena to "produce a document for the purpose of memory refreshment (*Mortgage Info. Servs, Inc. v. Kitchens*, 210 F.R.D. 562, 567 (W.D.N.C. 2002)). *See also Sepulveda v. City of Whittier*, 2022 WL 20804352, at *3 (C.D. Cal. Feb. 16, 2022) ("California federal courts permit the use of a trial subpoena under Rule 45 to obtain originals of documents that were disclosed previously during discovery or to refresh memory at trial.")

Here, as set forth above, when Ms. Kelly testified as a 30(b)(6) deponent for the plaintiff, in response to noticed topics asking about the plaintiff's revenues and profits and the photographers' licensing history, she testified that she had no

information to provide on these topics. Accordingly, Mr. Bowen Smith's licensing history, and related documentation, can potentially be used to refresh Ms. Kelly's recollection as to the revenue brought in by Mr. Bowen Smith's photograph at issue. Accordingly, at least as far as asking him to produce his licensing history for the disputed photograph goes, the document requests falls within one of the specific exceptions applicable to *trial* subpoenas that were highlighted by Mr. Bowen Smith in the cases he cites.

Moreover, the fact that there is a dichotomy between *trial* subpoenas and *discovery* subpoenas does not change the fact that a district court may always opt to allow additional discovery. *See MedImmune, LLC v. PDL Biopharma, Inc.*, No. C08-05590 JF HRL, 2010 WL 1266770, at *1 (N.D. Cal. Apr. 1, 2010) (concluding that the Rule 45 subpoena seeking documents related to prior art in a patent case was a discovery subpoena, not a trial subpoena, and thus untimely under the scheduling order, but then moving onto the next question, which was "whether there is good cause to excuse MedImmune's tardiness."); *nSight, Inc.*, 2006 WL 988807, at *4 ("Because the undersigned"—[a Magistrate Judge]— "finds Plaintiff is attempting to conduct additional discovery after the discovery cut-off, the undersigned is precluded from ruling on Plaintiff's Motion to Compel. Instead, Plaintiff must file a request before Judge Chesney, the presiding judge in this matter, to extend the discovery time period pursuant to Civil Local Rule 6.")

Here, there are multiple good reasons for the Court to exercise its discretion and extend fact discovery to the extent necessary to compel Mr. Bowen Smith to make a return on the narrowed-down document subpoena served on him.

With respect to any concerns of Mr. Bowen Smith himself, the 14 days he has *already* had to respond to the subpoena since being served with it is "presumptively reasonable." *FL Distribucion S.A. de C.V. v. Sony Interactive Ent. Am. Trading LLC*, No. 23-MC-80177-PHK, 2023 WL 6541861, at *9 (N.D. Cal. Oct. 6, 2023) ("Many courts have found fourteen days from the date of service of the subpoena to

be presumptively reasonable in light of the language of Rule 45(d)(3)(A)(i)."); *citing, e.g.*, *In re Rule 45 Subpoena Issued to Cablevision Sys. Corp. Regarding IP Address 69.120.35.31*, No. MISC 08-347 (ARR) (MDG), 2010 WL 2219343, at *5 (E.D.N.Y. Feb. 5, 2010) (collecting cases); *accord Verisign, Inc. v. XYZ.com, LLC*, No. CV 15-MC-175-RGA-MPT, 2015 WL 7960976, at *3 (D. Del. Dec. 4, 2015).

Moreover, Mr. Bowen Smith is not actually a true third party; he has a direct (albeit intentionally obfuscated; *see* ECF No. 3) pecuniary interest in the outcome of this litigation as per the Agency Agreement, and he claims to own one of the copyright registrations at issue. So, it is not unreasonable that he should have to respond to a subpoena and produce documents, since his agent elected to file this case to vindicate his copyright rights for his financial gain.

Further, plaintiff and its counsel should not be heard to complain about any purported prejudice, because they played hide the ball about the photographers during discovery, while making conflicting representations to this Court about the degree of closeness between the plaintiff on the one hand and the photographers like Mr. Bowen Smith on the other. First Mr. Bowen Smith was "reachable through" his counsel at Doniger / Burroughs. After being served with deposition notices, they took that back, and announced they were not representing him but "might" in the future. At the August 15, 2024, IDC before Judge Sagar they were definitely *not* representing him, and would have to subpoena him to obtain his testimony. Then Mr. Bowen Smith signed a declaration, the existence of which was actively concealed for the final few weeks of fact discovery, and the production of which was withheld until the final few hours of fact discovery, in which he averred he would testify in this case voluntarily. Then the plaintiff took him off its witness list. ECF No. 138. After he was served with a trial subpoena, now Doniger / Burroughs is representing him again after all (thus completing the seldom-seen 360 degree change of position). And now they object to him producing any documents and also he is

-10-

LINE PBC'S *EX PARTE* APPLICATION FOR AN ORDER COMPELLING COMPLIANCE WITH TRIAL SUBPOENA TO BRIAN BOWEN SMITH

busy next week, the particulars of which they have not deigned to share.  **Exh. C** (objections); **Exh. A** at 4-5 (email).

On this record, there is ample good cause to compel Mr. Bowen Smith to make a return on the eight still-at-issue document requests included in his subpoena, even if that *does* mean labelling aspects of the subpoena as "discovery".  To be clear, Line PBC is proposing to do this without continuing trial, because, given the denial of its prior motions attempting to cure the prejudice on this issue, including its motion to continue the trial it filed on February 13, 2025 (ECF No. 134), what other options does it have left?

**(d)      Conclusion**

For the foregoing reasons, Line respectfully requests that this Court grant this *ex parte* application and compel Mr. Bowen Smith to appear in Court at 9:00 a.m. on Tuesday February 25, 2025, with all of his responsive documents, as more fully set forward above and in the accompanying proposed order.

Respectfully submitted,                                  PIETZ & SHAHRIARI, LLP

DATED: February 20, 2025                          BY:   */s/ Morgan E. Pietz*
                                                                       Morgan E. Pietz
                                                                       Matthew A. Trejo
                                                                       *Attorneys for Defendant LINE FINANCIAL PBC*

LINE PBC'S *EX PARTE* APPLICATION FOR AN ORDER COMPELLING COMPLIANCE WITH TRIAL SUBPOENA TO BRIAN BOWEN SMITH