Morgan E. Pietz (SBN 260629)
  morgan@pstrials.com
Matthew A. Trejo (SBN 320464)
  matt@pstrials.com
PIETZ & SHAHRIARI, LLP
6700 S. Centinela Avenue, 2nd Floor
Culver City, CA 90230
Telephone:   (310) 424-5557
Facsimile:    (310) 597-4626

Attorneys for Defendant
*LINE FINANCIAL PBC*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUGUST IMAGE, LLC, a New York Limited Liability Company,<br><br>        Plaintiff,<br><br>v.<br><br>LINE FINANCIAL PBC, a Delaware Corporation; and DOES 1-10,<br><br>        Defendant(s). | Case No. 2:23-cv-05492-MWC-AS<br><br>Assigned to: Hon. Michelle Williams Court, United States District Judge<br><br>Referred to: Hon. Alka Sagar, United States Magistrate Judge<br><br>Action Filed:          07/10/2023<br>Final Pretrial Conf.:   02/07/2025<br>Trial Date:            02/24/2025<br><br>**DECLARATION OF MORGAN E. PIETZ IN SUPPORT OF LINE PBC'S *EX PARTE* APPLICATION FOR AN ORDER COMPELLING COMPLIANCE WITH TRIAL SUBPOENA TO BRIAN BOWEN SMITH WITH EXHIBITS A TO C** |

PIETZ DECLARATION

## <u>DECLARATION</u>

I, Morgan E. Pietz, am over the age of 18, and if called as a witness in this action I could and would testify as follows:

1.     I am a member of the State Bar of California and admitted to practice law before the state and federal courts in the State of California.  I am counsel of record for the Defendant Line PBC in this action. I make this declaration in support of Defendant's Ex Parte Application.

2.     Attached hereto as **<u>Exhibit A</u>** is a true and correct copy of the email chain on which I received objections to the subpoena to Brian Bown Smith from plaintiff's counsel Mr. Tookey.  *Id*. at 4-5.  In response to receiving these objections, I gave notice of this *ex parte* application at 9:49 am on February 20, 2025 via email to Mr. Doniger and Mr. Tookey.  *Id*. at 2.  I also advised that I would agree to withdraw most of the document requests, except for eight of them which we will continue to seek to enforce.  ***Mr. Doniger responded earlier this morning to advise that his office would oppose this ex parte application***.  *Id*. at 1-2.

3.     Attached hereto as **<u>Exhibit B</u>** is a true and correct copy of the subpoena prepared by my office and served on Mr. Bowen Smith.  There is a proof of service at the end of the packet attesting to personal service effected on Mr. Bowen Smith on February 6, 2025.  My office prepared substantially identical trial subpoenas directed to all of the other photographers still at issue in this case, and gave plaintiff notice of all of those subpoenas on January 31, 2025, but Mr. Bowen Smith is the only one of them we have been able to successfully serve so far.

4.     Attached hereto as **<u>Exhibit C</u>** is a true and correct copy of the objections to this subpoena served on my office by Doniger / Burroughs on behalf of Mr. Bowen Smith during the evening of February 19, 2025.

5.     Per Local Rule 7-19, the name, address, phone number, and email address of counsel for the opposing parties are:

Stephen Doniger: stephen@donigerlawfirm.com

Benjamin Tookey: btookey@donigerlawfirm.com

I declare under penalty of perjury under the laws of the United States that foregoing is true and correct to the best of my knowledge.

Executed this 20th day of February 2025 at Los Angeles, California.

*/s/ Morgan E. Pietz*

Morgan E. Pietz, Declarant

PIETZ DECLARATION

# EXHIBIT A

EXHIBIT A

## Morgan Pietz

| | |
|---|---|
| **From:** | Morgan Pietz |
| **Sent:** | Thursday, February 20, 2025 11:46 AM |
| **To:** | Stephen Doniger; Benjamin Tookey; Jessica Martinez; Matt Trejo |
| **Cc:** | London Zamora |
| **Subject:** | RE: Notice of Ex Parte Application for Order Compelling Brian Bowen Smith's Compliance with Duly-ServedTrial Subpoena |

Steve,

We will include your email below as an exhibit to our ex parte application, which we do indeed still intend to file. The specific documents I would like your client to bring are the ones identified in the eight categories below, notably including his prior licensing history for the photograph at issue.

Mr. Bowen Smith is not truly a third party. He has a direct (albeit undisclosed) financial interest in the outcome of this litigation and owns the copyrights at issue. Moreover, practically, we need him to be ready to testify *as soon as* Wednesday afternoon. I expect I am more likely to call him on Thursday, but as you'll be putting on your case first, I can't be sure when his time will come, and you haven't provided me with any information about the nature, timing, or location of his purported scheduling conflicts. So, I think the best we can do is what I said in the notice, namely we need him at the courthouse (or very close by) ready and on call as of Wednesday afternoon, and waiting around until I am ready to call him. And, in view of how difficult it has been to get any of these photographers subpoenaed, I would prefer to have the Court specifically order when and where he needs to show up.

In any event, the Court is going to have to sort this out on Monday. I'll be happy to discuss further with you between now and then. Notably, if Mr. Bowen Smith produces all documents responsive to the eight categories identified below by Sunday morning at 10 am, plus a privilege log for anything you are asserting is privileged, I will be happy to review it all on Sunday and consider if we can narrow the issues or perhaps even excuse him from testifying subject to some kind of stipulation. Perhaps we can touch base on this before court Monday morning? But if I don't start receiving responsive documents before then, I don't think we have much to discuss.

Best regards,
Morgan

**From:** Stephen Doniger <stephen@donigerlawfirm.com>
**Sent:** Thursday, February 20, 2025 11:09 AM
**To:** Morgan Pietz <morgan@pstrials.com>; Benjamin Tookey <btookey@donigerlawfirm.com>; Jessica Martinez <jessica@pstrials.com>; Matt Trejo <matt@pstrials.com>
**Cc:** London Zamora <lzamora@donigerlawfirm.com>
**Subject:** RE: Notice of Ex Parte Application for Order Compelling Brian Bowen Smith's Compliance with Duly-ServedTrial Subpoena

Morgan,

It appears you misunderstood our objections. We are not saying that Mr. Smith will not appear at trial. Rather, we are saying that he is unavailable at 9am on February 25 but that we will work with you to secure his presence when you need him. Given the Court's statement that we are unlikely to get beyond picking a jury on Monday (February 24) it is clear Line will not need Mr. Smith at 9am on February 25, and it is (as you know) customary to accommodate the schedule of third-party witnesses. Again, we will work with you to secure Mr. Smith's attendance at trial when he is needed—if you think that's 1:30pm on Wednesday I will confirm.

With respect to your document requests, thank you for acknowledging that at least 27 of the 35 are overbroad and improper discovery subpoena requests. Unfortunately, the remaining 8 clearly are as well. That said, if there are specific documents you want our client to bring, please let us know what they are and we will work with you in good faith to ensure you have what you are entitled to for trial.

I trust this email addresses your concerns and do not see any basis for ex parte relief. If you do file an "emergency" application, please let the Court know we will oppose the application but remain ready and willing to meet and confer with you to address your concerns.

*Stephen M. Doniger, Esq.*
**DONIGER / BURROUGHS**
603 ROSE AVENUE
VENICE, CA 90291
(310) 590-1820
stephen@donigerlawfirm.com

 Book time to meet with me



---

**From:** Morgan Pietz <morgan@pstrials.com>
**Sent:** Thursday, February 20, 2025 9:49 AM
**To:** Benjamin Tookey <btookey@donigerlawfirm.com>; Jessica Martinez <jessica@pstrials.com>; Matt Trejo <matt@pstrials.com>
**Cc:** Stephen Doniger <stephen@donigerlawfirm.com>; London Zamora <lzamora@donigerlawfirm.com>
**Subject:** Notice of Ex Parte Application for Order Compelling Brian Bowen Smith's Compliance with Duly-ServedTrial Subpoena

Counsel,

As you are aware, our office personally served a trial subpoena on photographer Brian Bowen Smith on February 6, 2025, commanding him to produce documents and appear to testify at trial at 9:00 am on February 25, 2025.

We are in receipt of your email below from yesterday evening asserting that you are now representing Mr. Bowen Smith—which amounts to not a 180, but rather a full, 360-degree complete circle on that topic. Given the objections attached to your email of yesterday evening, wherein your office asserts that Mr. Bowen Smith will refuse to produce any documents whatsoever, and your accompanying email asserting that Mr. Bowen Smith has other, unspecified commitments next week that may prevent his attendance at trial, please be advised that Line PBC will be immediately seeking *ex parte* relief to enforce the subpoena duly-served on Mr. Bowen Smith.

Specifically, **today, as soon as we can get it on file**, we will be filing an *ex parte* application asking the Court for an order:

(a) compelling Mr. Bowen Smith to complete a diligent search and reasonable inquiry and produce (by bringing the documents with him to the courthouse) all documents responsive to the document requests in the subpoena that

he has within his possession, custody, and control, by the deadline specified in the subpoena, which, again, is 9:00 a.m. Tuesday February 25, 2025.  However, please note, that in an effort to address your non-specific assertions of undue burden, etc., ***we hereby agree to limit the documents sought by the subpoena to only the following eight requests*** (i.e., all other requests are hereby withdrawn):

**REQUEST FOR PRODUCTION NO. 6:**
All DOCUMENTS and COMMUNICATIONS that RELATE TO YOUR purported ownership of the SUBJECT PHOTOGRAPHS, including any work-for hire agreements, assignments, licenses, purchase agreements, or related emails.

**REQUEST FOR PRODUCTION NO. 11:**
All DOCUMENTS and COMMUNICATIONS RELATED TO when and how the SUBJECT PHOTOGRAPHS were first published, including copies of the method of first publication (*i.e.*, print, digital, internet, etc.)

**REQUEST FOR PRODUCTION NO. 13:**
All DOCUMENTS and COMMUNICATIONS that RELATE TO YOUR licensing of the SUBJECT PHOTOGRAPHS to third parties, including, but not limited to, all license or sub-license agreements, invoices, sales receipts, sales
summaries or financial records.

**REQUEST FOR PRODUCTION NO. 14:**
Sufficient DOCUMENTS to show your gross profits from licensing the SUBJECT PHOTOGRAPHS to third parties for three (3) years prior to the filing of the COMPLAINT to present.

**REQUEST FOR PRODUCTION NO. 17:**
All DOCUMENTS and COMMUNICATIONS between YOU and AUGUST RELATED TO the AGENCY AGREEMENT, the SUBJECT PHOTOGRAPHS, ACCUSED POSTS and/or this lawsuit.

**REQUEST FOR PRODUCTION NO. 19:**
All DOCUMENTS, COMMUNICATIONS, electronically stored information and/or other writings or data RELATING TO any and all agreements pursuant to which IMAGERIGHTS monitored and/or identified purported infringement of YOUR PHOTOGRAPHS and all payments made in connection with such agreements.

**REQUEST FOR PRODUCTION NO. 25:**
All DOCUMENTS, COMMUNICATIONS, electronically stored information and/or other writings or data RELATING TO YOUR discovery of any instances of copyright infringement by anyone of the SUBJECT PHOTOGRAPHS.

**REQUEST FOR PRODUCTION NO. 35:**
All DOCUMENTS and COMMUNICATIONS RELATING TO any PERSON who commissioned YOU to take the SUBJECT PHOTOGRAPHS.

(b) compelling Mr. Bowen Smith to appear in Court at 9:00 a.m. Tuesday February 25, 2025, so that he can be examined under oath, outside of the presence on the jury, per FRE 104,  in order to enable the court to adjudicate your written objections, including those asserting that unspecified document requests "seek information that may be protected by the attorney-client privilege and/or work-product doctrine" and to otherwise address any admissibility issued related to his subpoena return.  Notably, in view of your prior representations to Judge Sagar at the August 25, 2024 hearing that your office was ***not*** representing Mr. Bowen Smith, communications between him and your office, as counsel for August, that are responsive to the foregoing RFPs (e.g., No. 17), should be produced up until a cutoff date of January 31, 2025 (the date we gave notice of the trial subpoenas).  We request

that Mr. Bowen Smith bring all responsive documents with him to the courthouse, that anything not privileged be turned over by the Court to counsel for defendants at 9:00 a.m. on Tuesday February 25, 2025, and that anything that you are asserting is privileged be separately sealed and submitted for in camera review. We are amenable to agreeing to production of non-privileged responsive documents to our office electronically ahead of the specified date and time, otherwise you should please plan to bring paper copies to the court so that the formal procedures can be followed with respect to unsealing the responsive documents.

(c) compelling Mr. Bowen Smith to be present in court to testify beginning at 1:30 p.m. on Wednesday February 26, 2025, and that he remain present in the courthouse from that time until excused or ordered to return the following day by the Court.

(d) directing the U.S. Marshalls take Mr. Bowen Smith into federal custody and bring him to Courtroom 6A of the First Street Courthouse forthwith should he fail to appear on Tuesday morning as ordered by the Court.

I have reviewed the cases cited in your objections. First, one of the two "narrow circumstances" discussed there does apply here. August's 30b6 witness showed up at her deposition unprepared to testify about noticed topics on the licensing revenue generated by the subject photographs and August's revenues and profits on those photos. Accordingly, Mr. Bowen Smith's documents may be necessary to refresh Mr. Kelly's recollection about the licensing history for his at issue photograph. Second, to the extent aspects of this subpoena amount to "discovery," we believe there is good cause to allow it, in view of your office's repeatedly changing representations to the Court about the amenability of Mr. Bowen Smith to testifying in this case, whether your office represents him, and other facts that will be outlined in more detail in the application.

Please advise **before noon today** whether you will oppose this application.

Best regards,
Morgan

---

**From:** Benjamin Tookey <btookey@donigerlawfirm.com>
**Sent:** Wednesday, February 19, 2025 7:12 PM
**To:** Jessica Martinez <jessica@pstrials.com>; Morgan Pietz <morgan@pstrials.com>; Matt Trejo <matt@pstrials.com>
**Cc:** Stephen Doniger <stephen@donigerlawfirm.com>; London Zamora <lzamora@donigerlawfirm.com>
**Subject:** RE: August Image v. Line Financial

Morgan and Matt,

We have been retained to represent Mr. Smith. He is not available at 9 am on February 25 and has other commitments next week, so you'll need to work with us to schedule him in a manner that accommodates his commitments. Your document requests are improper, please see attached.

Ben

---

**From:** Jessica Martinez <jessica@pstrials.com>
**Sent:** Friday, January 31, 2025 4:32 PM
**To:** Stephen Doniger <stephen@donigerlawfirm.com>; Benjamin Tookey <btookey@donigerlawfirm.com>; London Zamora <lzamora@donigerlawfirm.com>
**Cc:** Matt Trejo <matt@pstrials.com>; Morgan Pietz <morgan@pstrials.com>
**Subject:** August Image v. Line Financial

Counsel,

Attached please find the following for e-service:

1. Notice of Subpoena to Alexi Lubomirski, Andrew Eccles, Art Streiber, Austin Hargrave, Brian Bowen, Smith, David Slijper, Joe Pugliese, Mark Mann, Miller Mobley, Nicoletta Van Mossevelde, Bruno Van Mossevelde, Martin Schoeller and Shayan Asgharnia; and

2. Subpoena to Alexi Lubomirski, Andrew Eccles, Art Streiber, Austin Hargrave, Brian Bowen, Smith, David Slijper, Joe Pugliese, Mark Mann, Miller Mobley, Nicoletta Van Mossevelde, Bruno Van Mossevelde, Martin Schoeller and Shayan Asgharnia

Best,
Jessica

Jessica Martinez
PIETZ & SHAHRIARI, LLP
6700 S. Centinela Ave., 2nd Fl.
Los Angeles, CA 90230
Jessica@pstrials.com
Tel: (310) 424-5557

This transmission is from a law firm and may contain information that is privileged, confidential, and protected by the attorney-client or attorney work product privileges.  If you are not the addressee, note that any disclosure, copying, distribution or use of the contents of this message is prohibited.  If you have received this transmission in error, please destroy it and notify us immediately at the telephone number above.

# EXHIBIT B

AO 88 (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | | |
|---|---|---|
| August Image, LLC | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   2:23-cv-05492-MWC-AS |
| Line Financial, PBC et al | ) | |
| *Defendant* | ) | |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To:  Brian Bowen Smith

*(Name of person to whom this subpoena is directed)*

        **YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action.  When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: First Street Courthouse, 350 W. 1st Street, Courtroom 6A, 6th Floor, Los Angeles, California 90012 | Courtroom No.:  6A |
|---|---|
| | Date and Time: 02/25/2025 9:00 am |

        You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:
                as described in Exhibit A attached hereto.

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     01/31/2025

                *CLERK OF COURT*
                                                        OR

_____                    /s/ Matthew A. Trejo
*Signature of Clerk or Deputy Clerk*                    _____
                                                          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Defendant
            Line Financial, PBC            , who issues or requests this subpoena, are:

Morgan E. Pietz; 6700 S. Centinela Ave., 2nd Floor, Culver City, CA 90230; morgan@pstrials.com; (310) 424-5557
Matthew A. Trejo; 6700 S. Centinela Ave., 2nd Floor, Culver City, CA 90230; matt@pstrials.com; (310) 424-5557

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 2)

Civil Action No. 2:23-cv-05492-MWC-AS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Morgan E. Pietz (SBN 260629)
  morgan@pstrials.com
Matthew A. Trejo (SBN 320464)
  matt@pstrials.com
PIETZ & SHAHRIARI, LLP
6700 S. Centinela Avenue, 2nd Floor
Culver City, CA 90230
Telephone:   (310) 424-5557
Facsimile:   (310) 597-4626

Attorneys for Defendant
*LINE FINANCIAL PBC*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUGUST IMAGE, LLC, a New York Limited Liability Company,<br><br>        Plaintiff,<br><br>v.<br><br>LINE FINANCIAL PBC, a Delaware Corporation; and DOES 1-10,<br><br>        Defendant(s). | Case No. 2:23-cv-05492-MWC-AS<br><br>Assigned to: Hon. Michelle Williams Court, United States District Judge<br><br>Referred to: Hon. Alka Sagar, United States Magistrate Judge<br><br>Action Filed:           07/10/2023<br>Final Pretrial Conf.:  02/07/2025<br>Trial Date:              02/24/2025<br><br>**EXHIBIT A TO SUBPOENA** |

## **DEFINITIONS**

1.    "<u>YOU</u>" and "<u>YOUR</u>" means the person to whom the subpoena is directed.

2.    "<u>AUGUST</u>" means or refers to AUGUST IMAGE, LLC, and also includes any other name by which this party has been known and includes its present and former officers, executives, partners, directors, trustees, employees, attorneys, agents, representatives, and all other persons acting or purporting to act on behalf of this corporation, as well as its parent corporations, subsidiaries, affiliates, divisions, predecessors, and successors in interest.

3.    "<u>PROPOUNDING PARTY</u>," "<u>LINE FINANCIAL</u>" and "<u>DEFENDANT</u>" means or refers to the defendant LINE FINANCIAL PBC, and also includes any other name by which this party has been known and includes its present and former officers, executives, partners, directors, trustees, employees, attorneys, agents, representatives, and all other persons acting or purporting to act on behalf of this corporation, as well as its parent corporations, subsidiaries, affiliates, divisions, predecessors, and successors in interest.

4.    "<u>PERSON</u>" includes a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, public entity, public enterprise and/or public fund.

5.    "<u>IDENTIFY</u>" (1) when used in reference to an individual (i.e., a natural person), means stating that person's full name as well as his or her last known address, home and business telephone numbers, email address, and present occupation or business affiliation; (2) when used in reference to a person other than a natural person, means that entity or other organization's full name, a description of the type of entity or organization (that is, whether it is a corporation, partnership, etc.), and the entity's last known address, telephone number, and principal place of business; (3) when used in reference to DOCUMENTS or COMMUNICATIONS means specify them by Bates number, or, if Bates numbers are not available, to

describe the nature and location of each such item with reasonable particularity, by providing information such as date, sender, receiver, people copied, subject line, and location where it is located, such as to allow PROPOUNDING PARTY to reasonably locate it; and (4) when used in reference to some other thing, means to provide all facts, evidence, information, and data necessary to understand YOUR response, as may be further indicated by the text of the request itself.

6. "DOCUMENTS" or "WRITINGS" have the meanings set forth in Federal Rule of Evidence 1001(a) and also means the original or exact copies of any written, printed, typed, recorded, or other graphic matter of any kind or nature, and all mechanical and electrical recordings and any transcripts thereof, draft, final, original, reproduced, signed or unsigned, regardless of whether approved, signed, sent, received, redrafted, or executed, computer data files, electronically stored information ("ESI") in the possession, custody, and/or control of Plaintiff or Plaintiffs agents and counsel or may through reasonable efforts be obtained of Plaintiffs agents and counsel, or known by Plaintiff to exist; it shall also mean all copies of documents by whatever means made, including intermediate or working copies. "DOCUMENT(S)" includes all attachments and enclosures thereto including, but not limited to any correspondence, notes (whether handwritten or computerized), agreements, lists, memoranda, minutes, records, instruments, publications, reports, books, pamphlets, summaries, drafts, calendars, communications, telegrams, facsimiles, emails, manuals, guidelines, rules, instructions, electronic tapes, discs or other recordings, computer programs, hard drives, discs, printouts, data cards, computer files, back-up tapes, hard disks, litigation data bases, and other data compilations from which information can be obtained. Any copies of "DOCUMENTS" bearing notations or marks not found on the original shall be deemed to be different documents and shall also be produced.

7. "COMMUNICATIONS" means all correspondence, inquiries, discussions, conferences, conversations, negotiations, agreements, meetings, notes,

EXHIBIT A TO SUBPOENA

emails, telegrams, telexes, facsimiles, social media posts or comments, other forms of communicating or transmitting information, including, but not limited to, oral, digital, and written communications and includes DOCUMENTS (as defined above) exchanged in relation to such communications.

8.     "RELATES TO", "RELATING TO" and "RELATED TO" means concerning, describing, discussing, evidencing, reflecting, compromising, illustrating, containing, embodying, constituting, analyzing, stating, identifying, referring to, commenting on, connected with, substantiating, establishing, memorializing, proving, disproving, contradicting, mentioning, regarding, reflecting, dealing with, in any way pertaining to, or supporting, directly or indirectly.

9.     "COMPLAINT" means the operative complaint filed by AUGUST against PROPOUNDING PARTY in the above-captioned matter.

10.     "SUBJECT PHOTOGRAPHS" means YOUR purportedly copyrighted photographs that AUGUST is alleging that the PROPOUNDING PARTY infringed, as per AUGUST'S COMPLAINT.

11.     "OTHER PHOTOGRAPHS" means and refers to any photograph or image other than the Subject Photographs.

12.     "YOUR PHOTOGRAPHS" means and refers to the SUBJECT PHOTOGRAPHS and the OTHER PHOTOGRAPHS, collectively.

13.     "AGENCY AGREEMENT(S)" shall mean and include the fully executed agreement between YOU and AUGUST, which purports to make AUGUST YOUR exclusive worldwide agent with respect to YOUR photographs.

14.     "ACCUSED POSTS" means and refers to the images on Line Financial's websites that allegedly infringe on AUGUST and/or YOUR copyrights in the SUBJECT PHOTOGRAPHS, including, but not limited to, the ACCUSED POSTS identified on Exhibit 1 to the COMPLAINT.

15.     "IMAGERIGHTS" means and refers to IMAGERIGHTS INTERNATIONAL, INC., and also includes any other name by which

IMAGERIGHTS has been known and includes its present and former officers, executives, partners, directors, trustees, employees, attorneys, agents, representatives, and all other persons acting or purporting to act on behalf of this corporation, as well as its parent corporations, subsidiaries, affiliates, divisions, predecessors, and successors in interest.

16.    "CERTIFICATE OF REGISTRATION" means and refers to the Certificate issued under seal of the Copyright Office in accordance with title 17, United States Code, when a copyright is registered with the Copyright Office.

## DOCUMENT REQUESTS

**REQUEST FOR PRODUCTION NO. 1:**

A copy of the CERTIFICATE OF REGISTRATION for each of the SUBJECT PHOTOGRAPHS.

**REQUEST FOR PRODUCTION NO. 2:**

For each of the SUBJECT PHOTOGRAPHS, please produce the exact "deposit copy" that was submitted to the Library of Congress as part of your application to register the copyright for that design with the United States Copyright Office, in its original native format.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS and COMMUNICATIONS that RELATE TO YOUR registration of the SUBJECT PHOTOGRAPHS with the United States Copyright Office, including copies of the applications and any correspondence with the Copyright Office.

**REQUEST FOR PRODUCTION NO. 4:**

For each of the SUBJECT PHOTOGRAPHS, all DOCUMENTS and COMMUNICATIONS that RELATE TO the creation of that photograph or image, including all the different versions that have ever existed, all prior or subsequent drafts (such as versions which were contemplated but not used), original images or

drawings, copies of draft Adobe Illustrator files, the same image file with different names, and emails transferring different versions from one PERSON to another.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS and COMMUNICATIONS that RELATE TO any PERSON providing creative or other feedback as to any draft version of the SUBJECT PHOTOGRAPHS.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS and COMMUNICATIONS that RELATE TO YOUR purported ownership of the SUBJECT PHOTOGRAPHS, including any work-for-hire agreements, assignments, licenses, purchase agreements, or related emails.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS and COMMUNICATIONS that RELATE TO any agreements entered into by YOU with ALL PERSON(S) who actually designed or created and/or assisted with the design or creation of the SUBJECT PHOTOGRAPHS, including copies of any such agreements.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS and COMMUNICATIONS that RELATE TO any payments made by YOU to all PERSON(S) that actually designed or created and/or assisted with the design or creation of the SUBJECT PHOTOGRAPHS.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS sufficient to IDENTIFY all of YOUR employees, subcontractors and agents who were involved in creating the SUBJECT PHOTOGRAPHS.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS and COMMUNICATIONS RELATED TO the date when the SUBJECT PHOTOGRAPHS were first created.

///

///

EXHIBIT A TO SUBPOENA

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS and COMMUNICATIONS RELATED TO when and how the SUBJECT PHOTOGRAPHS were first published, including copies of the method of first publication (*i.e.*, print, digital, internet, etc.)

**REQUEST FOR PRODUCTION NO. 12:**

For each of the SUBJECT PHOTOGRAPHS, all of YOUR purchase orders, purchase contracts, receiving invoices, and any other purchase or commission documentation.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS and COMMUNICATIONS that RELATE TO YOUR licensing of the SUBJECT PHOTOGRAPHS to third parties, including, but not limited to, all license or sub-license agreements, invoices, sales receipts, sales summaries or financial records.

**REQUEST FOR PRODUCTION NO. 14:**

Sufficient DOCUMENTS to show your gross profits from licensing the SUBJECT PHOTOGRAPHS to third parties for three (3) years prior to the filing of the COMPLAINT to present.

**REQUEST FOR PRODUCTION NO. 15:**

Sufficient DOCUMENTS to identify the date on which YOUR sale or licensing of the SUBJECT PHOTOGRAPHS commenced.

**REQUEST FOR PRODUCTION NO. 16:**

Sufficient DOCUMENTS to identify the date on which YOUR sales or licensing of the SUBJECT PHOTOGRAPHS ceased.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS and COMMUNICATIONS between YOU and AUGUST RELATED TO the AGENCY AGREEMENT, the SUBJECT PHOTOGRAPHS, ACCUSED POSTS and/or this lawsuit.

EXHIBIT A TO SUBPOENA

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS and COMMUNICATIONS that RELATE TO YOUR advertising, promotion, and marketing of YOUR PHOTOGRAPHS for three (3) years prior to the filing of the COMPLAINT to present, including all catalogs, advertisements, price sheets, flyers, and brochures depicting or referring to the SUBJECT PHOTOGRAPHS.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS, COMMUNICATIONS, electronically stored information and/or other writings or data RELATING TO any and all agreements pursuant to which IMAGERIGHTS monitored and/or identified purported infringement of YOUR PHOTOGRAPHS and all payments made in connection with such agreements.

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS, COMMUNICATIONS, electronically stored information and/or other writings or data RELATING TO rights involving the SUBJECT PHOTOGRAPHS, including, but not limited to, DOCUMENTS RELATING TO copyrights, ownership rights, licensing rights, assignment rights, exclusivity rights and rights to pursue claims to initiate litigation involving the SUBJECT PHOTOGRAPHS.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS, COMMUNICATIONS, electronically stored information and/or other writings or data RELATING TO the rights, terms and implementation of the "Recovery Service Agreement" between IMAGERIGHTS, on the one hand, and AUGUST and/or the YOU, on the other hand, pursuant to which IMAGERIGHTS is appointed as an agent or an "exclusive agent" to identify potentially unauthorized uses of the SUBJECT PHOTOGRAPHS.

///

///

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS, COMMUNICATIONS, electronically stored information and/or other writings or data RELATING TO the identity(ies) of and last known contact information for any person, business, company, corporation, limited liability company, partnership or any other individual or entity holding any rights RELATING TO the SUBJECT PHOTOGRAPHS.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS, COMMUNICATIONS, electronically stored information and/or other writings or data RELATING TO IMAGERIGHTS monitoring and identification of purported infringement of YOUR PHOTOGRAPHS, including when such monitoring and/or identification began and the means by which IMAGERIGHTS conducted such monitoring and/or identification, and all payments made or received in connection with such work.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS, COMMUNICATIONS, electronically stored information and/or other writings or data RELATING TO YOU and/or AUGUST uploading the images of YOUR PHOTOGRAPHS to IMAGERIGHTS.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS, COMMUNICATIONS, electronically stored information and/or other writings or data RELATING TO YOUR discovery of any instances of copyright infringement by anyone of the SUBJECT PHOTOGRAPHS.

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS and COMMUNICATIONS between you and AUGUST RELATING TO the SUBJECT PHOTOGRAPHS.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS and COMMUNICATIONS RELATING TO how you first became aware of DEFENDANT'S alleged infringement of the SUBJECT PHOTOGRAPHS.

**REQUEST FOR PRODUCTION NO. 28:**

All DOCUMENTS and COMMUNICATIONS RELATED TO the termination of the AGENCY AGREEMENT.

**REQUEST FOR PRODUCTION NO. 29:**

All DOCUMENTS and COMMUNICATIONS RELATING TO any agreements YOU had with any third-parties concerning YOUR PHOTOGRAPHS.

**REQUEST FOR PRODUCTION NO. 30:**

All DOCUMENTS and COMMUNICATIONS RELATING TO YOU holding back any of YOUR PHOTOGRAPHS under the AGENCY AGREEMENT.

**REQUEST FOR PRODUCTION NO. 31:**

All DOCUMENTS and COMMUNICATIONS RELATING TO any efforts YOU made to obtain permission from any third-party to use any of the SUBJECT PHOTOGRAPHS.

**REQUEST FOR PRODUCTION NO. 32:**

All DOCUMENTS and COMMUNICATIONS RELATING TO any restrictions or limitations on AUGUST'S use of the SUBJECT PHOTOGRAPHS.

**REQUEST FOR PRODUCTION NO. 33:**

All DOCUMENTS and COMMUNICATIONS RELATING TO any payments made to YOU by AUGUST under the AGENCY AGREEMENTS.

**REQUEST FOR PRODUCTION NO. 34:**

All DOCUMENTS and COMMUNICATIONS RELATING TO YOU excluding images from the AGENCY AGREEMENTS.

**REQUEST FOR PRODUCTION NO. 35:**

All DOCUMENTS and COMMUNICATIONS RELATING TO any PERSON who commissioned YOU to take the SUBJECT PHOTOGRAPHS.

**REQUEST FOR PRODUCTION NO. 36:**

All DOCUMENTS and COMMUNICATIONS RELATING TO the display of the subject photographs in any media (both print and online) by any PERSON,

1  including by any PERSON who commissioned YOU to take the SUBJECT
2  PHOTOGRAPHS.

3

4  Dated: January 31, 2025            PIETZ & SHAHRIARI, LLP

5

6                                     By:  /s/ Matthew A. Trejo
7                                          Morgan E. Pietz
                                           Matthew A. Trejo
8                                          *Attorney for Defendant*
                                           *Line Financial PBC*
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| Attorney or Party without Attorney:<br>PIETZ & SHAHRIARI, LLP<br>6700 S. Centinela Ave., 2nd Fl.<br>Culver City, CA 90230<br>Telephone No: 310-424-5557<br><br>Attorney for: Plaintiff | Ref. No. or File No.: | For Court Use Only |
|---|---|---|

| Insert name of Court, and Judicial District and Branch Court: |
|---|
| UNITED STATES DISTRICT COURT |
| Plaintiff: AUGUST IMAGE, LLC |
| Defendant: LINE FINANCIAL, PBC, et al |

| **PROOF OF SERVICE**<br>. | Hearing Date:<br>Tue, Feb. 25, 2025 | Time:<br>9:00AM | Dept/Div: | Case Number:<br>2:23-CV-05492-MWC-AS |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the .; SUBPOENA TO APPEAR AND TESTIFY AT A HEARING OR TRIAL IN A CIVIL ACTION; EXHIBIT A TO SUBPOENA

*3. a. Party served:*          BRIAN BOWEN SMITH

*4. Address where the party was served:*          5910 Fairview Pl.,
AGOURA HILLS, CA 91301

*5. I served the party:*
  a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Thu., Feb. 06, 2025 (2) at: 8:08PM
*6. The "Notice to the Person Served" (on the Summons) was completed as follows:*
  a. as an individual defendant

*7. Person Who Served Papers:*                                        Recoverable Cost Per CCP 1033.5(a)(4)(B)
  a. S. D KESHISHIAN                        d.  *The Fee for Service was:*     $268.85
  **b. GALAXY PROCESS SERVERS**         e.  I am: (3) registered California process server
    501 W. GLENOAKS BLVD # 808, Registration # 2015109813          *(i)*   Owner
    Glendale, CA 91202                                                      *(ii)*   *Registration No.:*     2015109813
  c. (818) 242-0000                                                        *(iii)*   *County:*             Los Angeles
                                                                           *(iv)*   *Expiration Date:*     Fri, Nov. 21, 2025

*8. I declare under penalty of perjury under the laws of the State of California and under the laws of the United States Of America that the foregoing is true and correct.*
    Date:  Fri, Feb. 07, 2025

Judicial Council Form POS-010          PROOF OF SERVICE          (S. D KESHISHIAN)
Rule 2.150.(a)&(b) Rev January 1, 2007                    .                              pietz.152368

| Attorney or Party without Attorney: | | For Court Use Only |
|---|---|---|
| PIETZ & SHAHRIARI, LLP<br>6700 S. Centinela Ave., 2nd Fl.<br>Culver City, CA  90230 | | |
| Telephone No: 310-424-5557 | Ref. No or File No.: | |
| Attorney for: Plaintiff | | |

Insert name of Court, and Judicial District and Branch Court:
UNITED STATES DISTRICT COURT

Plaintiff: AUGUST IMAGE, LLC
Defendant: LINE FINANCIAL, PBC,  et al

| AFFIDAVIT OF REASONABLE DILIGENCE | Hearing Date:<br>Tue, Feb. 25, 2025 | Time:<br>9:00am | Dept/Div: | Case Number:<br>2:23-CV-05492-MWC-AS |
|---|---|---|---|---|

1. I, S. D  KESHISHIAN, and any employee or independent contractors retained by GALAXY PROCESS SERVERS  are and were on the dates mentioned herein over the age of eighteen years and not a party to this action.  Personal service was attempted on Defendant BRIAN BOWEN SMITH as follows:

2. *Documents:*     .; SUBPOENA TO APPEAR AND TESTIFY AT A HEARING OR TRIAL IN A CIVIL ACTION; EXHIBIT A TO SUBPOENA.

| Day | Date | Time | Location | R e s u l t s |
|---|---|---|---|---|
| Thu | 02/06/25 | 6:45pm | Home | PER JOHN DOE W,M,20'S,BROWN, BROWN, 5'9,160 SUBJECT NOT IN AT THIS TIME. HE SHOULD BE BACK WITHIN AN HOUR Attempt made by: S. D KESHISHIAN. Attempt at: 5910 Fairview Pl.,   AGOURA HILLS, CA 91301. |
| Thu | 02/06/25 | 8:08pm | Home | Personal Service on:   BRIAN BOWEN SMITH Home - 5910 Fairview Pl., AGOURA HILLS, CA 91301  by Serving: party in item 3.a..  Served by: S. D KESHISHIAN |

3. *Person Executing*
   a. S. D  KESHISHIAN
   **b. GALAXY PROCESS SERVERS**
      501 W. GLENOAKS BLVD # 808, Registration # 2015109813
      Glendale, CA  91202
   c. (818) 242-0000

Recoverable Costs Per CCP 1033.5(a)(4)(B)
**d. The Fee** *for service was:* $214.95
e. *I am:*     (3)  registered California process server
   *(i)*     Owner
   *(ii)   Registration No.:*          2015109813
   *(iii)  County:*                       Los Angeles
   *(iv)  Expiration Date:*          Fri, Nov. 21, 2025

4. *I declare under penalty of perjury under the laws of the State of California and under the laws of the United States Of America that the foregoing is true and correct.*
   Date: Fri, Feb. 07, 2025

_____
**(S. D  KESHISHIAN)**

pietz.152368

**AFFIDAVIT OF REASONABLE DILIGENCE**

# EXHIBIT C

EXHIBIT C

Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Benjamin F. Tookey (SBN 330508)
btookey@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

*Attorneys for Non-Party*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| August Image, LLC, | Case No. 2:23-cv-05492-MWC-AS |
| | *Hon. Michelle W. Court Presiding* |
| Plaintiff, | |
| | **NON-PARTY BRIAN BOWEN** |
| v. | **SMITH'S OBJECTIONS TO** |
| | **DEFENDANT'S SUBPOENA** |
| Line Financial, PBC, et al., | |
| | |
| Defendants. | |

PROPOUNDING PARTY:     LINE FINANCIAL, PBC

RESPONDING PARTY:      BRIAN BOWEN SMITH

SET:                   ONE

**TO PROPOUNDING PARTY AND ITS COUNSEL OF RECORD:**

Pursuant to Fed. R. Civ. P. 45, non-party Brian Bowen Smith hereby objects to Defendant's subpoena.

1.      "Rule 45 sets forth two types of subpoenas: pretrial discovery subpoenas and trial subpoenas." *Madrigal v. Allstate Indem. Co.*, 2015 WL 12750443, at *2 (C.D. Cal. Nov. 12, 2015). Rule 45 precludes the use of demands for production of documents at trial, and the use of subpoenas for discovery after the close of discovery, subject to narrow exceptions. *See Integra Lifescienes I, Ltd. v. Merck KgaA*, 190 F.R.D. 556, 561–62 (S.D. Cal. 1999) ("Case law establishes

that subpoenas under Rule 45 are discovery, and must be utilized within the time period permitted for discovery in a case."); *nSight, Inc. v. PeopleSoft, Inc.*, 2006 WL 988807, at *1, *3 (N.D. Cal. April 13, 2006). The narrow exceptions allow the use of a trial subpoena to either secure an original document, copies of which were obtained during discovery, where there is an objection regarding authenticity of the document for admission at trial (*Integra Lifesciences I*, 190 F.R.D. at 562); or to produce a document for the purpose of memory refreshment (*Mortgage Info. Servs, Inc. v. Kitchens*, 210 F.R.D. 562, 567 (W.D.N.C. 2002)). *See also Sepulveda v. City of Whittier*, 2022 WL 20804352, at *3 (C.D. Cal. Feb. 16, 2022) ("California federal courts permit the use of a trial subpoena under Rule 45 to obtain originals of documents that were disclosed previously during discovery or to refresh memory at trial . . . . Outside these narrow circumstances requests for production of documents and things under Rule 45 constitute pre-trial discovery and must be served within the designated discovery period."). Defendant's demands for production of documents are plainly for discovery purposes and do not come within any of the narrow exceptions noted above. They "seek[] the production of entire categories of documents rather than itemizing specific documents necessary for use as exhibits at trial." *Kitchens*, 210 F.R.D. at 567. Defendant clearly seeks "to circumvent the requirements of a court-mandated discovery deadline" that has long since passed. *Id*. at 566–67. Each of Defendant's requests are vague, ambiguous, overbroad, unduly burdensome, disproportionate to the needs of the case, seek information that may be protected by the attorney-client privilege and/or work-product doctrine, seek information that is not in Smith's possession, are not relevant to the remaining claims or defenses asserted in this case as narrowed, and any remote probative value would be substantially outweighed by the jury confusion and time wasting that would result. *See, e.g.*, *Inland Empire Foods, Inc. v. Zateca Foods, LLC*, 2010 WL 11519370, at *3 (C.D. Cal. Apr. 27, 2010). Defendant could have asked for these documents, or deposed Smith, during

discovery, but it did not, and its attempt to gather evidence to rehash issues already decided on summary judgment (Dkt. 91, 131), after the close of discovery, is not a permissible use of a trial subpoena. *See, e.g.*, *Sedlik v. Von Drachenberg*, 2024 WL 244357, at *1 (C.D. Cal. Jan. 10, 2024); *Rice v. U.S.*, 164 F.R.D. 556, 557-59 (subpoenas for particular records, issued to non-parties after close of discovery, quashed as improper attempt to engage in discovery after discovery cutoff); *Ghandi v. Police Dept. of City of Detroit,* 747 F.2d 338, 354-355 (6th Cir. 1984) (affirming decision to quash subpoena issued on the eve of trial seeking documents available during discovery); *nSight*, 2006 WL 988807 at *4; *Muench Photography, Inc. v. Pearson Educ., Inc.*, 2013 WL 12316020, at *2 (N.D. Cal. Aug. 29, 2013); *Dennison v. Ryan*, 2022 WL 3134450, at *2 (D. Ariz. Aug. 5, 2022).

  2. Defendant has not shown exceptional circumstances or good cause to pursue discovery from Smith at this juncture in this case. *See* Fed. R. Civ. P. 16(b); *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992). Defendant cannot show it exercised diligence in not seeking discovery from Smith earlier in this case. Defendant's attempt to engage in discovery during trial is improper. *Rice*, 164 F.R.D. at 557; *Integra Lifesciences I*, 190 F.R.D. at 559–60.

Dated: February 19, 2025    DONIGER / BURROUGHS

        By: */s/ Benjamin F. Tookey*
          Stephen M. Doniger, Esq.
          Benjamin F. Tookey, Esq.
          DONIGER / BURROUGHS
          *Attorneys for Non-Party*