Morgan E. Pietz (SBN 260629)
  morgan@pstrials.com
Matthew A. Trejo (SBN 320464)
  matt@pstrials.com
PIETZ & SHAHRIARI, LLP
6700 S. Centinela Avenue, 2nd Floor
Culver City, CA 90230
Telephone:   (310) 424-5557
Facsimile:   (310) 597-4626

Attorneys for Defendant
*LINE FINANCIAL PBC*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUGUST IMAGE, LLC, a New York Limited Liability Company,<br><br>      Plaintiff,<br><br>v.<br><br>LINE FINANCIAL PBC, a Delaware Corporation; and DOES 1-10,<br><br>      Defendant(s). | Case No. 2:23-cv-05492-MWC-AS<br><br>Assigned to: Honorable Michelle Williams Court, United States District Judge<br><br>Referred to: Honorable Alka Sagar, United States Magistrate Judge<br><br>Action Filed:   07/10/2023<br>Trial Date:     02/24/2025<br><br>**DEFENDANT LINE PBC'S OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION** |

# DEFENDANT LINE PBC'S OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION

Defendant Line Financial PBC ("Defendant" or "Line") hereby submits its Opposition to Plaintiff August Image, LLC's ("Plaintiff" or "August") ex parte application.

**(a)  Introduction & Summary**

After having conducted two Final Pre-Trial Conference Hearings at which the parties extensively argued their various positions on trial issues, the Court entered its Final Pre-Trial Conference Order ("FPTCO") on February 20, 2025.  *See* ECF No. 143.  Subsequently, August filed an ex parte application requesting that the Court modify the FPTCO.  However, August has failed to meet the stringent standard of showing that it will suffer manifest injustice if the FPTCO is not modified. Therefore, August's ex parte application should be denied.

**(b)  Legal Standard and Argument**

The pretrial order may be modified "only to prevent manifest injustice," Fed. R. Civ. P. 16(e), a "stringent" standard the party moving to modify the order must meet, Fed. R. Civ. P. 16(e) advisory committee's note to 1983 amendment.  The question then is whether August has met the stringent standard of showing it would suffer "manifest injustice" if the FPTCO is allowed to stand.  The answer clearly is no.

Here, August's primary complaint is that the FPTCO does not conform to the Court's summary judgment order and order on reconsideration.  Even if that were true, which it is not, it is of no significance, because a summary judgment order that does not dispose of the entire action is not final, and the full record developed at trial supersedes the summary judgment record.  *Matter of York*, 78 F.4th 1074, 1084 (9th Cir. 2023) ("As *Ortiz* explained, a determination that the record at summary judgment reveals a 'genuine dispute as to a material fact' is, by its nature, interlocutory, 562 U.S. at 188, 131 S.Ct. 884 (simplified), and the resulting denial of

summary judgment thereafter 'retains its interlocutory character as simply a step along the route to final judgment,' id. at 184, 131 S.Ct. 884. When that summary judgment denial is followed by a trial on the merits, however, 'the full record developed in court supersedes the record existing at the time of the summary-judgment motion.' Id.")  Therefore, August has not met the stringent standard to show it will suffer manifest injustice simply because the Court's FPTCO encompasses the rule that the full record developed at trial supersedes the summary judgment record.

August has known Line's position on the effect of the Court's ruling on summary judgment and reconsideration, namely, that it is not final and the summary judgment record is superseded by the trial record.  With that information, August made the strategic choice to remove the photographers from the parties' joint witness list. *See* ECF 138.  August argues that it will suffer prejudice because it knowingly chose to remove the photographers from its witness list and will not be able to call them.  August has known that Line intends to explore all factual issues relating to the Court's legal determinations in its summary judgment order and order on reconsideration, including standing and ownership of a valid copyright.  Yet, August made the strategic choice to eliminate the photographers from their witness list and now they are upset about it.  Unfortunately, that does not meet the standard of manifest injustice.

August also requests that, if this Court does not modify the FPTCO, this Court should permit August to offer the declarations from the photographers at trial. However, the photographers' declarations are hearsay for which no exception applies.  August should not be permitted to offer improper hearsay evidence simply because it is not happy with its strategic decision to remove the photographers from its witness list.  And Line should not be deprived of its right to cross-examine the photographers, including about the contents of their declarations.

///

**(c)  Conclusion**

For the foregoing reasons, Line PBC respectfully requests that the Court deny August's ex parte application.

| | |
|---|---|
| Respectfully submitted, | PIETZ & SHAHRIARI, LLP |
| DATED: February 21, 2025 | BY:  /s/ Matthew A. Trejo<br>Morgan E. Pietz<br>Matthew A. Trejo<br><br>*Attorneys for Defendant LINE FINANCIAL PBC* |

DEFENDANT LINE PBC'S OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION