Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Benjamin F. Tookey (SBN 330508)
btookey@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUGUST IMAGE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>LINE FINANCIAL, PBC, et al.,<br><br>Defendants. | Case No. 2:23-cv-05492-MWC-AS<br>*Hon. Michelle W. Court Presiding*<br><br>**PLAINTIFF'S EX PARTE APPLICATION FOR LEAVE TO AMEND PLAINTIFF'S WITNESS LIST**<br><br>Trial: Feb. 25, 2025<br>Time: 1:30 p.m.<br>Courtroom: 6A |

TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT Plaintiff August Image, LLC will and hereby does apply to this Court ex parte seeking leave to amend its witness list.

This application is brought on the grounds that August would be irreparably prejudiced if disallowed from amending its witness list, August is without fault in creating this situation (if anyone is at fault, it is August's counsel for assuming that findings made at summary judgment as a matter of law were no longer triable issues), and Line is not prejudiced.

Counsel for August and counsel for Line met and conferred regarding this ex parte application on February 24, 2025. Line opposes this application.

Respectfully Submitted,

Dated: February 24, 2025          DONIGER / BURROUGHS

By: /s/ *Stephen M. Doniger*
Stephen M. Doniger, Esq.
Benjamin F. Tookey, Esq.
*Attorneys for Plaintiff*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On December 17, 2024, this Court issued its "Order . . . granting in part and denying in part Plaintiff's motion for partial summary judgment." Dkt. 91 at 22. In addition to finding Line liable for infringement of 3 of the Subject Photographs, that Order held in relevant part:

> Line PBC provides no evidence to rebut the presumption or otherwise prove that the copyrights in the remaining Subject Photographs are invalid. Accordingly, as discussed in Section IV, A, ***the Court finds that August has proven ownership as to all of the Subject Photographs except AU1955890, AU1387317, AU1955961, and AU179089***.

*Id.* (emphasis added).

On January 10, August submitted its initial witness list, which included all Photographers of the Subject Photographs other than Shayan Asgharnia and Martin Schoeller (Subject Photographs on which Line had been found liable in the above-referenced Summary Judgment Order). Dkt. 96.

On February 10, 2025, the Court granted in part August's Motion for reconsideration, finding that August also had standing, as the owner of duly registered copyrights, as to Subject Photographs AU1955890, AU1387317, AU1955961, and AU179089. Dkt. 131 at 3-4.

Following the Court's determination that "August has proven ownership **as to all of the Subject Photographs**," August removed the Photographers from its Witness List and specifically advised the Court and opposing counsel at the February 14, 2025 further Final Pre-Trial Conference that it had done so. *See* Dkt. 138 (filed on February 13, 2025).

On February 20, 2025, though, the Court issued a final pretrial conference order that identified "[w]hether plaintiff has proven by a preponderance of the evidence that plaintiff is the owner of a valid copyright" as a "Remaining Triable Issue" in Section

1 | 10 (page 8).

2 On February 24, 2025, in ruling on August's ex parte application to conform the Final Pretrial Conference Order to the Court's Summary Judgment and Reconsideration Orders (Dkts. 91 and 131), the Court stated for the first time that it denied summary judgment and thus denied August's ex parte application to correct the Final Pretrial Conference Order.

August now seeks leave to amend its witness list to re-list at least a few Photographers who August reasonably believes it may be able to call at trial at this point. About half of the Photographers are beyond this Court's subpoena power, and August does not have the ability to compel *any* of the Photographers to appear at trial. However, it is attempting to coordinate the voluntary appearances of a few.

Permitting August to re-add a few photographers to its witness list would create no undue surprise or prejudice to Line. Indeed, each was on August's witness list (*see* Dkt. 96), that witness list is incorporated in the Court's final pretrial conference order (Dkt. 143, Section 13 at 9), they (and their areas of testimony) are on Line's witness list (*see* Dkt. 138), and August removed them only 11 days ago following its assumption, expressed to Line and this Court, that there would be no need for their testimony on ownership because it had been established as a matter of law at summary judgment.

**II. ARGUMENT**

Extraordinary relief is warranted where the movant's cause will be irreparably prejudiced without that relief and the movant is without fault in creating the crisis that requires the requested relief. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492-93 (C.D. Cal. 1995). The relief August requests is warranted here.

Now that this Court has clarified (without prejudice) that ownership of a valid copyright is still a jury question, it would be fundamentally unfair to prevent August from even attempting to secure testimony from any of the Photographers on that point because it removed those Photographers in reasonable reliance on this Court's prior

Orders. Indeed, August submits that it was reasonable for it to interpret the finding in this Court's summary judgment Order "that August has proven ownership as to all of the Subject Photographs" as meaning the issue was no longer for the jury since "partial summary judgment is [] a pretrial adjudication that certain issues shall be deemed established for the trial of the case . . . and likewise serves the purpose of speeding up litigation by eliminating before trial matters wherein there is no genuine issue of fact." *Lahoti v. VeriCheck, Inc.*, 586 F.3d 1190, 1202 n.9 (9th Cir. 2009).

To be clear, August does not control the Photographers, and it cannot accept subpoenas for them or even require them to appear for deposition or trial. It never could—which is precisely why it *had to* object to Line's attempt to depose those photographers by serving deposition notices for them (via email) on August during discovery. It is also why August sought to establish its ownership of valid copyrights at summary judgment (as it believed, until February 24, it had done)—to avoid the problems it could otherwise face trying to get those Photographers to trial to testify about matters for which there could be no reasonable dispute (i.e., that they took and hold the underlying copyright in their photographs).

At this point, August does not know which Photographers, if any, it will be able to convince to voluntarily appear at trial.

But it should not be deprived of the opportunity to attempt to secure the appearance of at least some of those witnesses merely because it removed them from its witness list only 11 days ago *after* the February 7 Final Pretrial Conference out of a good faith, but apparently mistaken, belief that they would not be needed at trial in light of the Court's Summary Judgment and Reconsideration Orders narrowing the triable issues in this case. This is especially so given that (1) they were on August's initial disclosures throughout discovery, (2) they were on August's witness list at the time of the initial Final Pretrial Conference, and (3) they are on Line's witness list to testify regarding the creation and ownership of the Subject Photographs—exactly the same topics for which August would offer their testimony.

August should not be deprived of a reasonable opportunity to present relevant evidence in support of its case because of an apparent mistake. If there was neglect in removing the witnesses from its exhibit list, it was certainly excusable neglect under the circumstances. Courts consider at least four factors in determining whether neglect is excusable: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. B*ranch Banking & Trust Co. v. DMSI, LLC*, 871 F.3d 751, 764–65 (9th Cir. 2017). As set forth above, each of these factors justifies granting August relief and confirming that it may call at trial any witness on its prior timely-filed witness list. Indeed, that is exactly what the court very recently did in *Lyons v. Betts*, 2024 WL 4503599, at *6 (D. Alaska Oct. 16, 2024).[1]

### III.   CONCLUSION

For the foregoing reasons, August respectfully requests that this Court grant this application and grant August leave to either file an amended witness list or call at trial any witnesses on its initial witness list incorporated in the Court's final pretrial conference order.

Dated: February 24, 2025

Respectfully Submitted,

DONIGER / BURROUGHS

By: /s/ *Stephen M. Doniger*
Stephen M. Doniger, Esq.
Benjamin F. Tookey, Esq.
*Attorneys for Plaintiff*

---

[1] "While Defendant failed to abide by the second scheduling order and failed to file any final witness list in October 2023, according to the most recent order, Defendant can call any witnesses he has listed so long as they were also previously disclosed as potential witnesses in a timely filed prior witness list, including Defendant's initial witness list filed February 8, 2023." *Id.*

## **L.R. 11-6.2. Certificate of Compliance**

Counsel for Plaintiff certifies that Plaintiff's brief complies with the type-volume limitation of L.R. 11-6.1. This certification is made relying on the word count of the word-processing system used to prepare the document. Plaintiff's counsel further certifies that Plaintiff's brief contains fewer than 7,000 words and complies with the word limit of L.R. 11-6.

Dated: February 24, 2025      By:   */s/ Benjamin F. Tookey*
                                    Benjamin F. Tookey, Esq.
                                    DONIGER / BURROUGHS
                                    *Attorneys for Plaintiff*